ORIGINAL

Fee Paid
5
NP

RAYMOND L. WHEELER (CA SBN 52886)
Email: RWheeler@mofo.com
TERESA N. BURLISON (CA SBN 230854)
Email: TBurlison@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

LINDA E. SHOSTAK (CA SBN 64599)
Email: LShostak@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS CORPORATION, BJOERN FISCHER, and HOLGER LIEBEL

ADR

Filed
JUN 13 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BONNIE J. SCHMIDT,<br>Plaintiff,<br>v.<br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,<br>Defendant. | Case No. C 08 02950 RS<br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441** |

Defendants Siemens Medical Solutions USA, Inc. ("Siemens Medical Solutions") and Siemens Corporation ("Siemens Corp.") (collectively referred to herein as "Defendants") hereby file this Notice of Removal as follows:

1. On August 9, 2007, Plaintiff Bonnie J. Schmidt ("Plaintiff") filed an action against Siemens Medical Solutions, Siemens Corp., Siemens AG, Bjoern Fischer and Holger Liebel in the Superior Court of California, County of Santa Clara, Case No. 1-07-CV-091780. A copy of the state court complaint is attached hereto as Exhibit A. At the time of this action's initial filing, party diversity did not exist. This action alleges causes of action for Wrongful Termination in Violation of Public Policy, Employment Discrimination, Retaliation, and Breach of Implied Contract. *See* Exhibit A, ¶¶ 38-65.

2. Defendants were served with the above-referenced state court action on August 23, 2007.

3. On February 11, 2008, Plaintiff filed a Request for Dismissal as to Siemens AG and Siemens AG was dismissed from the state court action on that date.

4. On June 3, 2008, Plaintiff filed Requests for Dismissal as to Holger Liebel and Bjoern Fischer and these individual defendants were dismissed from the state court action on that date. Upon dismissal of these individual defendants, complete party diversity developed.

5. This Court has jurisdiction of this matter under the provisions of 28 U.S.C. § 1332. At the time Plaintiff filed the state-court action, she was domiciled in the State of California and, to date, she continues to be domiciled in this State. *See* Exh. A, ¶ 2. Defendant Siemens Medical Solutions is incorporated in the State of Delaware and its principal place of business is located in Malvern, Pennsylvania. Defendant Siemens Corp. is incorporated in the State of Delaware and its principal place of business is located in New York City, New York. None of Defendants are domiciled in the State of California, and none were domiciled in this State at the time the state court action commenced. In discovery taken over the course of this matter, Plaintiff has produced a damage model that indicates the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. With respect to removal, venue is proper in this district because the removed action was pending in a state court situated in this district. Moreover, Defendants'

Notice of Removal is timely under 28 U.S.C. § 1446 (b) because it is filed within thirty (30) days of Plaintiff's June 3, 2008 dismissal of the individual defendants and within one (1) year of this action's commencement on August 9, 2007.

6. Thus, this case may be removed to this Court pursuant to 28 U.S.C. § 1441.

7. Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

8. All pleadings filed in this action are attached hereto as Exhibit B.

Dated: June 12, 2008

RAYMOND L. WHEELER
TERESA N. BURLISON
LINDA E. SHOSTAK
MORRISON & FOERSTER LLP

By: /s/ Raymond L. Wheeler
Raymond L. Wheeler

Attorneys for Defendants
SIEMENS MEDICAL SOLUTIONS USA, INC. and SIEMENS CORPORATION

THE DAVIS LAW FIRM, APC
TIMOTHY C. DAVIS (SBN 60936)
tdavis@sfdavislaw.com
DAMIEN P. LILLIS (SBN 191258)
dlillis@sfdavislaw.com
625 Market Street, 12th Floor
San Francisco, California 94105
Telephone: (415) 278-1400
Facsimile: (415) 278-1401

Attorneys for Plaintiff
BONNIE J. SCHMIDT

FILED Santa Clara County
08/09/07 3:42pm
Kiri Torre
Chief Executive Officer
By: cfujihara DTSCIV010122
R#200700078598
CK $320.00
TL $320.00
Case: 1-07-CV-091780

UCS C. FUJIHARA

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 107CV091780

**COMPLAINT FOR DAMAGES**

1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
2. EMPLOYMENT DISCRIMINATION
3. RETALIATION
4. BREACH OF IMPLIED CONTRACT

**JURY TRIAL DEMANDED**

Plaintiff Bonnie Schmidt ("Plaintiff") alleges as follows for her Complaint for Damages:

**JURISDICTION AND VENUE**

1. Venue is proper in this Court because one or more of the Defendants reside in Santa Clara County ("County"), many of the acts complained of occurred in this County, and the obligations in dispute were incurred and to be performed in this County.

ORIGINAL

The Davis Law Firm, A Professional Law Corporation, 625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

**PARTIES**

2. Plaintiff Bonnie Schmidt is an individual who resides in the State of California and who was employed by Defendants in their Mountain View office from July 1, 2001 until her wrongful termination on October 31, 2006. Plaintiff is a member of a protected class and was perceived by Defendants to be a member of a protected class. Prior to her employment at Defendants' Mountain View office, Plaintiff had been employed by Defendants since September 1988 at offices in Florida, Connecticut, Santa Clara, California, New Jersey and North Carolina.

3. Defendant Siemens Medical Solutions USA, Inc. is a Delaware corporation with an office in Mountain View, California, and which employs more than five employees. On information and belief, Plaintiff alleges that Siemens Medical Solutions USA, Inc. is owned and controlled by Defendant Siemens Corporation, a New York corporation with more than five employees.

4. Defendant Siemens AG is a German public stock corporation with headquarters in Munich and Berlin, Germany, and which employs more than 460,000 employees worldwide. On information and belief, Plaintiff alleges that Siemens Corporation is owned and controlled by Defendant Siemens AG.

5. Defendant Bjoern Fischer is an individual residing in California, is a citizen of California, and during the relevant time frame was a supervisor and/or managing agent of Defendants.

6. Defendant Holger Liebel, during all times relevant to the complaint, was an individual residing in California, a citizen of California, and a supervisor and/or managing agent of Defendants. The corporate defendants, along with Fischer and Liebel, are referred to jointly as "Siemens" or "Defendants."

7. Plaintiff does not know the true names and capacities, whether individual, partners or corporate, or otherwise, of the Defendants sued as DOES 1 through 20, inclusive, and for that reason said Defendants are sued herein under such fictitious names, and Plaintiff prays leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes and thereupon alleges that DOES 1 through 20 are responsible, individually and collectively, for the injuries to Plaintiff alleged herein.

8. On information and belief, Plaintiff alleges that, except as otherwise stated herein, at

all times herein mentioned, each DOE Defendant participated in the doing of the acts herein alleged to have been done by the named Defendants, and furthermore, the DOE Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of the other Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

9. Plaintiff is informed and believes and thereupon alleges that except as otherwise stated herein, at all times herein mentioned, the acts and omissions of the various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximity causing the injuries and damages as herein alleged.

10. Plaintiff is informed and believes and thereupon alleges that except as otherwise stated herein, at all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. In September 1988 Plaintiff joined Defendants' Siemens Information Systems ("SIS") in Boca Raton, Florida, as Assistant Controller. She was hired by Dieter Diehn, the Chief Financial Officer and Executive Vice President of SIS and reported to Winfred Sirringhaus, the SIS Controller. Plaintiff was responsible for managing the on-going financial activities of SIS including, but not limited to, financial accounting, monthly reporting, payroll, tax matters, accounts receivable and payable, inventory valuation, and audit management. Speaking, understanding and/or reading German were not required for Plaintiff's Assistant Controller position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

12. In January 1990, Plaintiff received an overall performance evaluation of "Above Average" (the second highest designation) for her work as Assistant Controller at SIS. SIS rewarded Plaintiff with a monetary bonus in November 1991 for her outstanding performance.

13. In December 1991, Plaintiff was invited by Dieter Diehn, who was now Rolm Company's EVP and CFO, to join Rolm Company ("Rolm"), a joint venture between IBM and Seimens with offices in Norwalk, Connecticut, with Plaintiff working as a member of the finance team. In June 1992, Plaintiff assumed the responsibilities of Director of Accounting at Rolm, and was responsible for

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

managing the on-going financial activities of Rolm including financial accounting, monthly reporting, payroll, tax matters, accounts receivable and payable, inventory valuation, and audit management. Speaking, understanding and/or reading German were not required for Plaintiff's Director of Accounting position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

14. During 1993 and 1994, Rolm Company changed its name to Siemens Rolm and Plaintiff began reporting to Siemens Rolm's VP and Controller. Also during this same period, Plaintiff received bonuses totaling $25,000 for successfully consolidating the accounting functions at Siemens Rolm with Defendants' existing accounting processes, and for merging Siemens Rolm's manufacturing and sales financial systems.

15. In June 1996, Plaintiff was named the Director of Audit at Siemens Rolm and reported to a German male named "Hans," who was the Vice President of Audit for Siemens Telecommunications Group. In this role Plaintiff was responsible for auditing company processes, internal financial controls, and working with management to improve internal financial controls and processes. Speaking, understanding and/or reading German were not required for Plaintiff's VP of Audit position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

16. At the suggestion of management, Plaintiff applied for and ultimately accepted a position as Vice President and Controller for Siemens Medical Solutions, Inc. ("SMS") in Iselin, New Jersey in June 1998. SMS was allegedly one of the most monetarily successful Siemens companies at the time, and Plaintiff reasonably considered the Vice President title and corresponding salary increase as a significant promotion. In this position Plaintiff was responsible for financial activities within all SMS divisions including internal control compliance, consolidated monthly financial reporting, coordinating annual budgets, foreign currency hedging, and audit management. Speaking, understanding and/or reading German were not required for Plaintiff's VP & Controller position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

17. In February 1999, Plaintiff received an overall performance evaluation of "6" (out of 7) for her work as VP and Controller at SMS. Reinhard Benditte, SMS' EVP and CFO, conducted the

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

evaluation.

18. At the suggestion of Gerald Wright, who was the CFO of Siemens Corporation, Plaintiff applied for and ultimately accepted a position as VP and CFO for Siemens Power Transmission and Distribution USA ("SPTD") in Raleigh, North Carolina in August 1999. Plaintiff was responsible for financial activities within SPTD associated with sales and service functions, research and development projects, customer contracts, target agreements with other Siemens divisions, including annual budgeting, financial forecasting and results reporting, risk management, structuring business transactions so as to comply with IRS and German tax requirements, interactions with and reports for the SPTD Board of Directors, and management of financial support activities such as payroll, payables and purchasing. Speaking, understanding and/or reading German were not required for Plaintiff's VP & CFO position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

19. In November 1999, just three months after joining SPTD, Plaintiff's salary was increased by fifteen point five percent (15.5%) to $170,000. (Despite the increase, on information and belief, it appears that Plaintiff's salary was below the midrange salary for comparable VP and Controller positions within Defendants' companies, this despite consistently positive performance evaluations during her 11 years of employment with Defendants.)

20. In November 2000, Plaintiff's salary was increased by 7.5 percent.

21. In July 2001, Plaintiff joined the Ultrasound division of SMS in Mountain View, California, as Vice President of Financial Integration, and reported to Roland Jaksch, Vice President and CFO. She considered her new position a lateral, rather than vertical, move in Defendants' corporate structure, and her salary remained the same as when she was with SPTD. Her duties included integrating Ultrasound's financial processes into SMS and managing the ongoing business activities of financial budgeting, planning, reporting and auditing for Ultrasound's U.S. operations. Speaking, understanding and/or reading German were not required for Plaintiff's VP Integration position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

22. After three months at Ultrasound, Plaintiff's salary was increased by 4.5 percent.

23. In May 2002, Karl Blaim, a 30-something German male, replaced Roland Jaksch as

The Davis Law Firm, A Professional Law Corporation, 625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

Ultrasound's CFO.

24. In July 2002, Plaintiff was named the Vice President-Finance and Controller of Ultrasound. She replaced Tom Morris, who Plaintiff believes had been fired by Karl Blaim. Plaintiff's duties were wide-ranging and included monthly accounting and reports, annual budgeting, financial management of numerous departments, audit management, preparing financial statement, merging financial processes between divisions within SMS, and Sarbanes-Oxley compliance. She was also told that she would soon take over worldwide reporting and forecasting responsibilities from Ann Custin, who would be transferring to another SMS division. Plaintiff wanted to assume Ms. Custin's responsibilities because the Ultrasound division was one of the few, if only, Siemens divisions to be headquartered outside of Germany and had direct interaction with Siemens management at the highest levels. Plaintiff believed assuming these responsibilities as VP-Finance and Controller was going to be a key move upward in her career with Defendants. Speaking, understanding and/or reading German were not required for Plaintiff's VP & Controller position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

25. In about August 2003, Plaintiff was embarrassed and shocked to learn that the responsibilities held by Ann Custin were not to be given to Plaintiff but were instead going to Holger Liebel, a 30-something male German national, who was to transfer from Germany to the Mountain View office. Plaintiff complained about the situation to Barbara Grote, Ultrasound's Vice President of Human Resources, and Karl Blaim, but was offered no explanation or solution.

26. In July 2004, Plaintiff took short-term disability leave after being diagnosed with breast cancer. Plaintiff informed Liebel and Karl Blaim, among others, of her disability, among others. Plaintiff returned to work part-time in November 2004, and full-time in January 2005.

27. In May 2005, just a few months after returning from disability leave, Plaintiff received written notice from Defendants that her job title was being change to Director-Finance, that her salary was being reduced by nine point one percent (9.1 %), that her car allowance of $1200 per month was being taken away, that her short-term incentive compensation plan opportunity was being reduced to 20% (from 35%), that her long-term incentive compensation plan was being eliminated, and that she would receive no future stock option and/or stock appreciation awards. Despite the job title change, her

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

job responsibilities were not changed.

28. When Plaintiff complained to Blaim about the changes to her job title and compensation, he told Plaintiff that the changes to Plaintiff's status were the result of SMS allegedly reevaluating all management positions and their corresponding compensation levels. However, on information and belief, during this process Holger Liebel's title was changed from VP to Senior Director (rather than changed to "Director" like Plaintiff), his salary increased, and his incentive compensation plans remained unchanged and he continued to receive stock option grants and/or stock appreciation rights. In response to Plaintiff's complaints about this, Liebel noted that while he understood the changes had a negative impact on Plaintiff (and Defendants' other American employees), his American title was not as important as his title in the "German system," which apparently was unchanged. In other words, Liebel still had Vice President status in Germany, while Plaintiff no longer did. Plaintiff was stunned, angry and upset by the apparent disparate treatment she received as compared to Liebel, a 30-something German male. Plaintiff was demoralized and suffered anxiety, sleeplessness and embarrassment about her job to this day.

29. In December 2005, Plaintiff received a performance evaluation by Karl Blaim, Ultrasound's Vice President and CFO. Plaintiff was rated a "4" (out of 5) in 3 out of 4 achievement categories, yet strangely received an overall achievement rating of only "3." Plaintiff rated a "3" in 5 capability categories and received an overall capabilities rating of "3." Plaintiff was also credited with being "instrumental in reorganization of Finance organization . . ."

30. Around March 2006, Bjoern Fischer, a male German national, replaced Karl Blaim as Ultrasound's CFO.

31. On May 19, 2006, Fischer orally told Plaintiff that her Director position would be eliminated effective October 31, 2006. Fischer explained that there was a need for managerial change at Ultrasound due to general business conditions and challenges. He suggested that she: (1) take a severance package; (2) apply for a Performance Controller ("PC") position within Ultrasound; or (3) apply for another position within Siemens. Fischer also said that he hoped Plaintiff would continue working until October 31, which Plaintiff interpreted to mean Fischer did not intend to consider her for the PC or any other open position with Siemens.

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

32. Plaintiff told Fischer that taking a position in an office other than Mountain View was not a viable option because she needed to stay in the area to continue ongoing cancer treatment (the need for which was known by Defendants).

33. Plaintiff was told by Ozlem Bulut, SMS's Human Resource Manager, that Plaintiff would be considered for all open finance-related positions within SMS. At the time, the open finance positions included the PC position, at least two R&D Engineering financial positions, and a Sales finance position. Bulut also told Plaintiff to notify Fischer of her desire to be considered for the PC position, which Plaintiff immediately did. Several weeks later, on June 7, 2006, Plaintiff was interviewed for, she believed, all open finance positions, in accordance with Bulut's promise that Defendants would consider her for all such open positions. Those interviewing Plaintiff included Fischer, Bulut, Liebel (who admitted he was evaluating candidates for all the open positions, including the PC, R&D and Sales positions) and Klaus Hambuchen, the CEO of the SMS Ultrasound Division. During the interview, Liebel told Plaintiff that she could "definitely handle the [PC] job" because Plaintiff had previously carried out at least 75% of the PC job responsibilities.

34. On June 15, 2006, Fischer told Plaintiff that the Ultrasound PC position was going to Stephan Mueller, a 30-something German national male. When Plaintiff complained to Fischer and asked why Mueller was chosen instead of her, Fischer offered only that Mueller had experience in Germany doing PC job duties and that the decision was "nothing personal." Later that day, Bulut told Plaintiff that Liebel, not Fischer, had made the decision to hire Mueller. On information and belief, Plaintiff alleges that the interview process was a sham because, among other things, none of the interviewers took notes, few were qualified to interview her and none posed questions (or any questions at all for that matter) about Plaintiff's abilities. Plaintiff further alleges, on information and belief, that Liebel or others in Defendants' German headquarters made the decision to hire Mueller before Plaintiff was interviewed.

35. Liebel, who knew that Plaintiff had ongoing cancer treatments and recently had taken disability leave due to cancer, did not deny that he hired Mueller instead of Plaintiff, but paternalistically and disingenuously attempted to temper his response to Plaintiff by stating that she should not want the PC position because Ultrasound was going through terrible times and it would not

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

be a good place to work in the future. Liebel stated if anyone knew he was describing Ultrasound in such negative terms, he would be fired.

36. The two R&D Engineering positions were filled by two 30-something men who, by all objective criteria, were far less experienced and able than Plaintiff. Plaintiff believed she had interviewed for the positions because Defendants had told her they were considering her for all open positions, but Plaintiff was shocked to hear Fischer state that he allegedly did not even consider her for the R&D Engineering positions because she had not applied online (which never had been a requirement during Plaintiff's entire career and which no one suggested, instructed or asked her to do). When Plaintiff informed Fischer of Defendants' promise that they were considering Plaintiff for all open financial positions, Fischer feigned ignorance of Defendants' promise. The Sales finance position, like the PC position, was filled by a younger German male.

37. On October 20, 2006, Plaintiff received written notice verifying that her position with Defendants was being eliminated effective October 31, 2006. Plaintiff's last day working for Defendants was October 31, 2006.

**FIRST CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Against The Corporate Defendants)**

38. Plaintiff hereby incorporates paragraphs 1 through 37 as though fully set forth herein.

39. It is the public policy of the State of California to prohibit employees from termination of their employment if such termination violates the Fair Employment and Housing Act ("FEHA"). Termination based on her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer is a violation of FEHA.

40. Plaintiff was discriminated against and harassed by her employer, Defendants, based upon her sex, gender, age, national origin or ancestry and/or medical condition, as alleged above, and her termination from Defendants was based on her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer.

41. It is the public policy of the State of California to prohibit employees from termination of their employment if such termination is motivated by the employee's complaints about an employer's unfair labor practices and violations of the Labor Code, as alleged above. Termination

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

based on an employee's protected activity in complaining about an employer's unfair labor practices and violations of the Labor Code is a violation of public policy.

42. Plaintiff is informed and believes she was terminated based on her inquiries, questions and complaints about her demotion from VP to Director, reduction in compensation, the under-40-year-old men (and German men) receiving the available finance-related positions (including but not limited to the vice president and director-level jobs with Defendants, the PC and Sales finance positions and R&D Engineering positions), about not being considered and/or selected for open position with Defendants because of her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer, and because of her complaints about other unlawful conduct of Defendants, as alleged above.

43. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

44. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in a conscious disregard for Plaintiff's rights. Because the acts taken towards Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

**SECOND CAUSE OF ACTION**
**EMPLOYMENT DISCRIMINATION**
**(CAL. GOV. CODE §§ 12940 ET SEQ.)**
**(Against The Corporate Defendants)**

45. Plaintiff hereby incorporates paragraphs 1 through 44 as though fully set forth herein.

46. At all times herein mentioned, California Government Code §§ 12940 et seq., was in full force and effect and was binding upon Defendants. Said sections require Defendants to refrain from discriminating against an employee on the basis of sex, gender, age, national origin or ancestry,

The Davis Law Firm. A Professional Law Corporation. 625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

medical condition, and/or a record or history of cancer, among other things. Within the time provided by law, Plaintiff made complaints to the California Department of Fair Employment and Housing (DFEH), and right-to-sue notices were issued.

47. Throughout her employment with Defendants, Plaintiff has been subjected to continuous discriminatory treatment on the basis of her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer. Plaintiff alleges that similarly-situated males under the age of 40, persons of Germanic nationality and/or cancer-free individual employees were not subjected to the same treatment.

48. Defendants violated California Government Code § 12940 by discriminating against Plaintiff based on her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer. Specifically, Plaintiff was subjected to disparate treatment by Defendants when Defendants: demoted from VP to Director and had her compensation reduced; replaced Plaintiff in her work responsibilities by less experienced, younger men (German men as well); denied Plaintiff opportunities for employment due to prior medical treatments, cancer, and a record or history of cancer; denied Plaintiff opportunities for employment due to her being a female over the age of 40; terminated Plaintiff from employment, as described above; and retaliated against Plaintiff for complaining about the unlawful conduct Plaintiff experienced.

49. Plaintiff is informed, believes, and thereon alleges that Defendants' actions were entirely or partially based on Plaintiff's sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer.

50. California Government Code § 12940 requires an employer to take all reasonable steps necessary to prevent discrimination from occurring.

51. Plaintiff is informed and believes that Defendants: (a) had an ineffective policy regarding discrimination; (b) had no effective procedure for addressing or investigating complaints of discrimination; (c) failed to effectively implement any procedure it may have had for investigating complaints of discrimination; (d) did not adequately investigate Plaintiff's complaints; and (e) failed to appropriately train its employees concerning discrimination. Defendants knew or should have known about the discriminating conduct toward Plaintiff, an American woman in her 50's, and were remiss in

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

failing to take immediate and appropriate corrective action. Defendants are also strictly liable for the conduct of its supervisors.

52. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

53. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in a conscious disregard for Plaintiff's rights. Because the acts taken towards Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

**THIRD CAUSE OF ACTION**
**RETALIATION**
**(CAL. GOV. CODE §§ 12940 ET SEQ.)**
**(Against All Defendants and Does 1-20)**

54. Plaintiff hereby incorporates paragraphs 1 through 53 as though fully set forth herein.

55. At all times herein mentioned, California Government Code §§ 12940 et seq., was in full force and effect and was binding upon Defendants. Said sections require Defendants to refrain from retaliating against an employee for complaining about unlawful discrimination and unlawful labor practices, among other things. Within the time provided by law, Plaintiff made complaints to the California Department of Fair Employment and Housing (DFEH), and right-to-sue notices were issued.

56. After Plaintiff disclosed that she had previously been treated for cancer and required continuing treatment and had a history and record of cancer, she engaged in protected activity in taking leave to treat cancer and in continuing her treatments and monitoring for cancer, and in complaining about the treatment she experienced as alleged above, including but not limited to her belief that non-German women over the age of 40 were unfairly denied access to promotions and certain job titles, as alleged above. Defendants unlawfully retaliated against Plaintiff in the manner described above.

57. Plaintiff experienced adverse employment actions in the form of Defendants' decisions to reduce Plaintiff's compensation and demote her from VP to Director, terminate Plaintiff's employment without cause, deny her employment opportunities, deny her stock options and other monetary benefits, and cause public humiliation, as alleged above.

58. Plaintiff is informed, believes, and thereon alleges that in addition to the practices enumerated in this cause of action, Defendants have engaged in other retaliatory practices that are not fully known by Plaintiff.

59. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damages in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

60. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in a conscious disregard for Plaintiff's rights. Because the acts taken towards Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

**FOURTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against The Corporate Defendants)**

61. Plaintiff incorporates by reference Paragraphs 1 through 60, inclusive, as though set forth here in full.

62. Plaintiff and Defendants and DOES 1-20 entered into an employment contract on or about 1988 and during the lengthy term of Plaintiff's employment. The contract was oral, written and implied-in-fact. The basic terms of the agreement provided that Plaintiff's employment would be secure for as long as her performance was satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and fringe benefits.

63. Plaintiff undertook and continued employment and duly performed all of the

The Davis Law Firm. A Professional Law Corporation. 625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

conditions of the employment agreement to be performed by her until prevented by Defendants from further performance. Plaintiff had, at all times, been ready, willing and able to perform all of the conditions of the agreement to be performed by her.

64. On or about October 20, 2006, Defendants and DOES 1-20 breached the oral, written and implied-in-fact employment agreement by discharging Plaintiff without good cause, in violation of the law as alleged above, and despite her continued satisfactory performance.

65. Plaintiff suffered damages legally caused by the breach of contract in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

a. That Plaintiff recover judgment against Defendants in an amount to be determined at trial as general, special, actual, compensatory and/or nominal damages;

b. That Plaintiff recover judgment against Defendants for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants;

c. That Plaintiff recover judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorneys' fees as provided by the FEHA and Labor Code;

d. That Plaintiff recover prejudgment and post-judgment interest; and

e. That Plaintiff have such other relief as this Court deems just and appropriate.

Dated: August 9, 2007

THE DAVIS LAW FIRM

By: [signature]
TIMOTHY C. DAVIS
Attorneys for Plaintiff Bonnie Schmidt

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury.

Dated: August 9, 2007

THE DAVIS LAW FIRM

By: [signature]
TIMOTHY C. DAVIS
Attorneys for Plaintiff Bonnie Schmidt

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

THE DAVIS LAW FIRM, APC
TIMOTHY C. DAVIS (SBN 60936)
tdavis@sfdavislaw.com
DAMIEN P. LILLIS (SBN 191258)
dlillis@sfdavislaw.com
OLIVER E. BENN (SBN 244618)
obenn@sfdavislaw.com
625 Market Street, 12th Floor
San Francisco, California 94105
Telephone: (415) 278-1400
Facsimile: (415) 278-1401

Attorneys for Plaintiff
BONNIE J. SCHMIDT

FILED Santa Clara Co
09/11/07 8:19am
Kiri Torre
Chief Executive Offic
By: roser DTSCIV01013
R#200700089598
CK $40.00
TL $40.00
Case: 1-07-CV-091780

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 107CV091780

**EX PARTE APPLICATION FOR ORDER APPOINTING APS INTERNATIONAL, LTD. AS SPECIAL PROCESS SERVER**

CALENDARED
MORRISON & FOERSTER
DEC 20 2007
FOR DATE(S)____
BY mjp

Plaintiff Bonnie Schmidt requests an order appointing APS International, Ltd. as special process server for the purposes of effectuating service upon Defendant Siemens AG in Germany.

Siemens AG is a German public stock corporation based in Munich, Germany. Germany is a party to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters. (20 U.S.T. 361; 658 U.N.T.S. 163.) Plaintiff intends to serve Siemens AG in Germany in accordance with the Hague Convention and German law. No Defendant has yet appeared in this action.

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

ORIGINAL

The German government requires that for service upon a German defendant based on an action originating outside of Germany, the foreign court presiding over the case (i.e. here the Santa Clara Superior Court) must issue an order appointing a special process server to effectuate service within Germany. *See* Declaration of Oliver E. Benn. Plaintiff wishes to retain the services of APS International, Ltd. as special process server for this purpose.

Accordingly, Plaintiff respectfully requests that the Court issue an order appointing APS International, Ltd. as special process server to effectuate service upon Defendant Siemens AG in Germany.

Dated: September 6, 2007

THE DAVIS LAW FIRM

By: [signature]
Oliver E. Benn
Attorneys for Plaintiff Bonnie Schmidt

The Davis Law Firm
A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

THE DAVIS LAW FIRM, APC
TIMOTHY C. DAVIS (SBN 60936)
tdavis@sfdavislaw.com
DAMIEN P. LILLIS (SBN 191258)
dlillis@sfdavislaw.com
OLIVER E. BENN (SBN 244618)
obenn@sfdavislaw.com
625 Market Street, 12th Floor
San Francisco, California 94105
Telephone: (415) 278-1400
Facsimile: (415) 278-1401

Attorneys for Plaintiff
BONNIE J. SCHMIDT

FILED
2007 SEP 11 AM 8:20
KIRI TORRE, CEO
SUPERIOR COURT OF CA.
CO. OF SANTA CLARA
BY ___ Rose Rojas ___ DEPUTY

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 107CV091780

**DECLARATION OF OLIVER E. BENN IN SUPPORT OF EX PARTE APPLICATION FOR ORDER APPOINTING APS INTERNATIONAL, LTD. AS SPECIAL PROCESS SERVER**

CALENDARED
MORRISON & FOERSTER
DEC 20 2007
FOR DATE(S) ______
BY ______

I, Oliver E. Benn, declare:

1. I am an attorney at law, duly licensed to practice law before all courts of the State of California. I am an attorney with The Davis Law Firm, counsel of record for Plaintiff Bonnie J. Schmidt ("Plaintiff") in this action. The matters stated herein are known to me of my own personal knowledge, unless stated otherwise, and I am competent to offer this testimony.

2. Siemens AG is a German public stock corporation, headquartered in Munich, Germany. I have been unable to effectuate service upon Defendant Siemens AG in this matter, in as much as it

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

ORIGINAL

appears to have no registered agent for service of process on file with California Secretary of State.

3. APS International, Ltd. has informed my office that, based on its experience serving entities in Germany, a court order is necessary, appointing a special process server, in order to serve Siemens AG in conformity with the Hague Convention and German law. I have attached as Exhibit 'A' a letter from the Bavarian Ministry of Justice to APS International, Ltd., outlining the requirements of the German authorities.

4. APS International, Ltd. has represented itself as being competent and having experience serving defendants in Germany with service of process. APS International, Ltd. states that it has over 30 years of international service of process experience. I have attached as Exhibit 'B' a description of APS's services and credentials as found on their website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed this 7th day of September, 2007 at San Francisco, California.

Oliver E. Benn

The Davis Law Firm
A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

Bayer. Staatsministerium der Justiz

Gz. 9341 A 5 - Ia - 1260/89
(bei Antwort bitte angeben)

München, 18. August 1989
Prielmayerstraße 7, Justizpalast
Briefanschrift: Postfach, 8000 München 35
Fernsprecher: Sammel Nr. (089) 5 59 71 (Vermittlung)
Durchwahl Nr. 55 97 NSt. 643
Fernschreiber: 5 23 674
Fernkopierer: 55 97 23 22
Postgirokonto München 2048-808

Bayer. Staatsministerium der Justiz · Postfach · 8000 München 35

Frau
Joni Abel
Attorneys Process Services, International
100 West Franklin Avenue

Minneapolis, Minnesota 55404/USA

Rechtshilfeverkehr zwischen der Bundesrepublik Deutschland und den USA in Zivilsachen

Zu Ihrem Schreiben vom 23. Juli 1989

Sehr geehrte Frau Abel !

Ich danke Ihnen für Ihr freundliches Schreiben vom 23. Juli 1989.

Zu den von Ihnen gestellten Fragen darf ich Ihnen folgendes mitteilen:

Erklärung über Strafsachen

Nach einer Entscheidung des Oberlandesgerichts München vom 9. Mai 1989 ist das Haager Zustellungsübereinkommen vom 15. November 1965 auch dann anzuwenden, wenn mit der zuzustellenden Klage Ansprüche auf punitive damages geltend gemacht werden. Das Bayerische Staatsministerium der Justiz läßt nunmehr grundsätzlich auch Zustellungsanträge erledigen, wenn in dem amerikanischen Verfahren, in dem um Zustellung ersucht wird, solche Ansprüche verfolgt werden. Unberührt hiervon bleibt die Ablehnung der Rechtshilfeleistung aus besonderen Gründen, wenn solche im Einzelfall vorliegen. Die Ablehnung kann auch wegen der geltend gemachten Ansprüche in Betracht kommen.

Verfügung zur Ernennung eines Klagezustellers

Wird nachgewiesen, daß durch eine gerichtliche Verfügung eine Person oder ein Unternehmen zur Zustellung einer Klageschift und/oder anderer Schriftstücke bestellt wurde, so wird diese Person oder dieses Unternehmen im Sinne des Artikel 3 Absatz 1 des Haager Zustellungsübereinkommens als befugt angesehen, an die zuständige Zentrale Behörde in der Bundesrepublik Deutschland einen Zustellungsantrag zu richten. Die deutschen Zentralen Behörden anerkennen ausnahmsweise die Antragsberechtigung der Bestellten im Hinblick auf das Prozeßrecht der einzelnen Bundesstaaten der USA.

Beweisaufnahme vor einem Prozeß

Die Erledigung eines amerikanischen Rechtshilfeersuchens wird nicht dadurch gehindert, daß sich das amerikanische Verfahren erst im Stadium des "Pre-Trial-Discovery"-Verfahrens befindet. Aufgrund des von der Bundesrepublik Deutschland erklärten Vorbehalts zu Artikel 23 des Haager Beweisaufnahmeübereinkommens vom 18. März 1970 und dem deutschen Ausführungsgesetz vom 22. Dezember 1977 werden jedoch in diesem Stadium des Verfahrens - wie auch im weiteren Verfahrensablauf - bis auf weiteres Rechtshilfeersuchen nicht erledigt, wenn und soweit die Vorlage oder die Herausgabe von Dokumenten erbeten wird. Ob demnächst gesetzliche Bestimmungen in Kraft treten werden, die es erlauben, auch solche Ersuchen voll oder teilweise zu erledigen, läßt sich zur Zeit noch nicht absehen.

Gesetzliche Zustellungsmethoden

Die Art der Zustellung richtet sich nach dem Zustellungsantrag. Ein Zustellungsantrag wird stets durch Gerichtsbeamte erledigt. Eine Zustellung gemäß Artikel 5 Absatz 1 des Haager Zustellungsübereinkommens vom 15. November 1965 ist nur zulässig, wenn das zuzustellende Schriftstück in deutscher Sprache abgefaßt ist oder wenn einem fremdsprachigen Schriftstück eine Übersetzung in die deutsche Sprache beigefügt ist. Sind Schriftstücke als Übersetzung deklariert, so sind auch diejenigen Schriftstücke beizufügen, die übersetzt wurden.

Wird um Übergabe der Schriftstücke an den Adressaten selbst oder an den gesetzlichen Vertreter des Adressaten (z.B. Geschäftsführer, Prokuristen) ersucht (bei amerikanischen Ersuchen ist dies häufig der Fall), so wird diese Bitte aufgrund der deutschen gesetzlichen Bestimmungen nicht als Bitte um Zustellung in einer besonderen Form (Artikel 5 Absatz 1 Buchstabe b des Haager Zustellungsübereinkommens) verstanden; es handelt sich um einen Fall nach Buchstabe a des Artikel 5 Absatz 1 des Übereinkommens.

Ich hoffe, daß ich Ihnen damit Nützliches auf Ihre Fragen antworten konnte. Es würde mich freuen, wenn wir weiter in gutem Kontakt blieben. Gelegenheit für den freundlich angebotenen Gegenbesuch in Minneapolis wird sich für mich, so fürchte ich, in nächster Zeit nicht ergeben.

Mit freundlichen Grüßen
I.A.

Dr. Markwardt
Ministerialrat

Bavarian Ministry of Justice

Munich, August 18, 1989
Prielmayerstrasse 7, Justizpalast

Mailing Address:    Postfach, 8000 Muenchen (Munich) 35
Telephone:          Main Number (089) 5 59 71 (receptionist)
                    Direct Dial No. 55 97 643
Teletype:           5 23 674
Telecopier:         55 97 23 22
Postal Financial Account   2048-808

Reference No. 9431 A 5 - 1a - 1260/89
(please remit with correspondence)

Bavarian Ministry of Justice - Postfach - 8000 Muenchen 35

Ms.
Joni Abel
Attorneys Process Services,
International
100 West Franklin Avenue

Minneapolis, Minnesota  55404/USA

Judicial Assistance between the Federal Republic of Germany
and the USA in civil matters.

Pursuant to your letter of July 23, 1989.


Dear Ms. Abel:

Thank you for your cordial letter of July 23, 1989.

In response to your questions, may I report the following to
you:


Declaration of Damages

After a decision of the Oberlandgericht Muenchen (Higher

Regional Court of Munich) on May 9, 1989, the Hague Treaty of

November 15, 1965, is to be applied as well when a claim of

punitive damages is asserted in the complaint for service.

The Bavarian Ministry of Justice now generally allows

Requests for Service to be carried out when such damages are

asserted in the American action for service.  This does not

interfere with the ability to refuse judicial assistance for specific reasons which are apparent in individual instances. Further, refusal can be considered on the basis of asserted claims.

Order to Appoint a Process Server

It is established that if a person or an entity is appointed by court order to serve a complaint and/or documents, then in accordance with the essence of Article 1 of the Hague Service Treaty, this person or entity will be recognized as authorized to forward a Request for Service to the appropriate Central Authority in the Federal Republic of Germany. In consideration of the civil code of individual U.S. states, the German Central Authorities specially recognize the authority of those appointed to make requests.

Taking of Evidence before the Trial

Completion of an American Request for Judicial Assistance will not be hindered on the grounds that the American action is found in the realm of actions for "Pre-trial Discovery". On the basis of the Federal Republic of Germany's declarations to Article 23 of the Hague Evidence Treaty of March 18, 1970, and to the German regulatory statute of December 22, 1987, such requests for Judicial Assistance in this realm of actions- such as with suspended proceedings pending additional information- have not been carried out up to this point if and when document discovery has been

requested. It is not apparent at this time whether or not a decision will take force to allow this or to complete such Request completely or in part.

Authorized Methods of Service

The method of service follows the Request for Service. A request for service is regularly carried out by court officials. Service in accordance with Article 5, paragraph 1 of the Hague Service Treaty of November 15, 1965, is only acceptable if the documents for service are drafted in the German language or if a German translation is attached to the foreign language document. If the document is translated, the documents which rendered the translation are to be attached.

If personal delivery of the documents to the addressee or to a legal representative (for example, a Business Director or an Authorized Signatory) is sought (which is quite often the case with American requests), the request is not seen as a special request (Article 5, paragraph 1, letter b of the Hague Service Treaty); rather, it falls under letter a of Article 5 paragraph 1 of the Treaty.

I hope to have provided some useful answers to your questions. I would be pleased if we would remain in good contact. An opportunity for a visit to Minneapolis will unfortunately not be immediately available.

Sincerely,

In absentium


Dr. Markwardt

Ministerial Advisor



September 6, 2007 : 5:49 PM CDT : Minneapolis, Minnesota

## International Service of Process

***So, you want to sue a defendant in a foreign country?***

***APS: the gateway to the world for the U.S. legal community.***

Don't trust your international service of process request to your local service company! With over 30 years of international experience, APS is highly qualified to handle your legal documents abroad. The U. S. Department of Justice recently recognized APS' exceptional abilities by giving us the highest technical score for corporate capabilities, business design, and experience. We have personal relationships with many foreign authorities and we are constantly monitoring changes in procedures and requirements.

APS routinely assists attorneys with worldwide service of process requests under the
Hague Service Convention
Inter-American Convention
Foreign Sovereign Immunities Act
Letters Rogatory
Private Process Server.

If you are not certain which method you should use, email or call us and one of our experienced attorneys or paralegals will assist you. We can also email or fax you current information regarding the *service requirements for any country in the world.*

APS can translate your documents into or from almost any foreign language.

APS can assist you in responding to any ***Motions to Quash or Dismiss*** the case for improper service. We have the research, experience and supporting documentation necessary for you to respond to the allegations of foreign defendants. APS attorneys and paralegals have assisted clients in filing affidavits and responses to Motions in hundreds of cases and we have been successful in prevailing on virtually all of those Motions.

Don't take chances or guess when it comes to your international service of process request. Call APS: the "go to" people for international service of process. Known by the company we keep.

1-800-328-7171 (x709) or 952-831-7776 (x709)
Fax: 1-800-538-5299 email: intl@civilactiongroup.com

## Formal Methods of Service of Process

**Hague Service Convention**
The Hague Service Convention encompasses about 94 nations and other political units. APS is recognized by member nations as an authority to transmit requests for service abroad. Service is usually completed within 12 to 16 weeks. However, APS does NOT guarantee the performance of foreign governmental officials.

**Inter-American Convention on Letters Rogatory**
The Inter-American Convention and Additional Protocol encompass twelve member countries. APS will process your request for service through the U.S. Department of Justice. Service is usually completed in 6 to 12 months. However, due to the bureaucracy of foreign governments, it is not uncommon for this period to exceed 12 months.

**Letters Rogatory**
A Letters Rogatory (Letter of Request) encompasses all countries with which the United States has diplomatic relations. This method is used in countries not party to the above conventions. Service is usually completed in 6 to 12 months. However, due to the bureaucracy of foreign governments, it is not uncommon for this period to exceed 12 months.

**Foreign Sovereign Immunities Act**
This method is used when serving process upon a foreign state or instrumentality of a foreign state. Service is effected in compliance with federal statute and is applicable in both state and federal courts. This is the exclusive method of service and must be followed in painstaking detail or service fails. The FSIA allows for various methods of service. Therefore, the time-frame to complete service will depend on the country as well as the methods employed.

## Informal Methods of Service of Process

A private process server may only be used in countries where laws do not prohibit this method. Service is usually completed in four to six weeks and can be expedited for additional fees.

*Caveat:* Always approach informal methods with CAUTION! Many courts in the United States feel that an international agreement such as one of the above conventions constitutes an exclusive method of service.

Therefore, these U.S. Courts may not recognize service by personal delivery in countries that are parties to any of the above conventions. FURTHERMORE, informal methods of service may not comply with the notice requirements of the foreign country. Therefore, informal service could render a U.S. judgment unenforceable within the borders of that country.

APS always recommends compliance with international service conventions or, if not applicable, compliance with rules/laws of the foreign country where service is to be effected.

FAQS
ORDER ONLINE

All Rights Reserved. 2000-2006 Civil Action Group. Contact cag@civilactiongroup.com with questions or comments about this web site.

FILED

2007 SEP 11 A 8:48

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 107CV091780

**~~[PROPOSED]~~ ORDER APPOINTING APS INTERNATIONAL, LTD. AS SPECIAL PROCESS SERVER**

Plaintiff Bonnie Schmidt has applied for an order appointing APS International, Ltd. as special process server for the purposes of effectuating service upon Defendant Siemens AG in Germany. Good cause has been shown based upon the requirements of the Hague Convention and the government of the Federal Republic of Germany for service upon a corporation located within Germany.

Accordingly, the Court approves Plaintiff's application and orders the appointment of APS International, Ltd., including its designated agents, as special process server to effectuate service upon Defendant Siemens AG in Germany in a manner reasonably calculated to give notice and in conformity with all applicable laws.

**IT IS SO ORDERED**

DATED: September 11, 2007

JUDGE OF THE SUPERIOR COURT
KEVIN E. McKENNEY

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN 60936)
DAMIEN P. LILLIS (SBN 191258)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-278-1400 FAX NO. (Optional): 415-278-1411
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

FOR COURT USE ONLY

CALENDARED
MORRISON & FOERSTER
SEP 14 2007
FOR DATE(S) 9/24, 10/2 +10/12
BY mpo

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., a Delaware corporation; Siemens Corporation, a New York corporation; Siemens AG, a German public stock corporation; Bjoern Fischer, an individual; Holger Liebel, an individual; and Does 1-20,

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 107CV091780

TO (insert name of party being served): SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corp.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August, 23 2007

Damien P. Lillis
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER— MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [ ] A copy of the summons and of the complaint.
2. [X] Other: (specify): Summons, Complaint, Civil Lawsuit Notice, Civil Coversheet, ADR Information Sheet

**(To be completed by recipient):**

Date this form is signed: September 12, 2007

Teresa N. Burlison of Morrison & Foerster LLP
Attorneys for Siemens Medical Solutions USA
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

Teresa N. Burlison
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure, §§ 415.30, 417.10

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN 60936)
DAMIEN P. LILLIS (SBN 191258)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-278-1400 FAX NO. (Optional): 415-278-1411
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

FOR COURT USE ONLY

CALENDARED
MORRISON & FOERSTER
SEP 14 2007
FOR DATE(S) 9/24, 10/2 & 10/12
BY mjb

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., a Delaware corporation; Siemens Corporation, a New York corporation; Siemens AG, a German public stock corporation; Bjoern Fischer, an individual; Holger Liebel, an individual; and Does 1-20.

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 107CV091780

TO (*insert name of party being served*): SEIMANS CORPORATION, a New York corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August,23 2007

Damien P. Lillis
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (*to be completed by sender before mailing*):

1. [ ] A copy of the summons and of the complaint.
2. [X] Other: (*specify*): Summons, Complaint, Civil Lawsuit Notice, Civil Coversheet, ADR Information Sheet

***(To be completed by recipient):***

Date this form is signed: September 12, 2007

Teresa N. Burlison of Morrison & Foerster LLP
Attorneys for Siemens Corporation
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN 60936)
DAMIEN P. LILLIS (SBN 191258)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-278-1400 FAX NO. (Optional): 415-278-1411
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

FOR COURT USE ONLY

CALENDARED
MORRISON & FOERSTER
SEP 14 2007
FOR DATE(S) 9/24, 10/2
BY myp H10/12

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., a Delaware corporation; Siemens Corporation, a New York corporation; Siemens AG, a German public stock corporation; Bjoern Fischer, an individual; Holger Liebel, an individual, and Does 1-20

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL

CASE NUMBER: 107CV 091780

TO (insert name of party being served): BJOERN FISCHER

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 23, 2007

Damien P. Lillis
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [ ] A copy of the summons and of the complaint.
2. [X] Other: (specify): Summons, Complaint, Civil Lawsuit Notice, Civil Coversheet, ADR Information Sheet

(To be completed by recipient):

Date this form is signed: September 12, 2007

Teresa N. Burlison of Morrison & Foerster LLP
Attorneys for Bjoern Fischer
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

Teresa N. Burlison
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Legal Solutions Plus

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN 60936)
DAMIEN P. LILLIS (SBN 191258)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-278-1400 FAX NO. (Optional): 415-278-1411
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

FOR COURT USE ONLY

CALENDARED
MORRISON & FOERSTER
SEP 14 2007
FOR DATE(S) 9/24, 10/2
BY MMB + 6/12

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., a Delaware corporation; Siemens Corporation, a New York corporation; Siemens AG, a German public stock corporation; Bjoern Fischer, an individual; Holger Liebel, an individual; and Does 1-20,

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 107CV091780

TO (insert name of party being served): HOLGER LIEBEL

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 23, 2007

Damien P. Lillis
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [ ] A copy of the summons and of the complaint.
2. [X] Other: (specify): Summons, Complaint, Civil Lawsuit Notice, Civil Coversheet, ADR Information Sheet

(To be completed by recipient):

Date this form is signed: September 12, 2007

Teresa N. Burlison of Morrison & Foerster LLP
Attorneys for Holger Liebel
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

Teresa N. Burlison
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure, §§ 415.30, 417.10

(ENDORSED) FILED

2007 OCT 12 PM 5:05

CHIEF EXEC. OFFICER/CLERK SUPERIOR COURT OF CA COUNTY OF SANTA CLARA BY L. QUACH-MARCELLANA DEPUTY

RAYMOND L. WHEELER (BAR NO. 52886)
Email: RWheeler@mofo.com
TERESA N. BURLISON (BAR NO. 230854)
Email: TBurlison@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

Attorneys for Defendants
SIEMENS MEDICAL SOLUTIONS USA, INC.,
SIEMENS CORPORATION, BJOERN FISCHER,
and HOLGER LIEBEL

TIMOTHY C. DAVIS (BAR NO. 60936)
DAMIEN P. LILLIS (BAR NO. 191258)
THE DAVIS LAW FIRM, APC
625 Market Street, 12th Floor
San Francisco, CA 94105
Telephone: 415.278.1400
Facsimile: 415.278.1401

Attorneys for Plaintiff
BONNIE J. SCHMIDT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

FILED BY FAX

| | |
|---|---|
| BONNIE J. SCHMIDT,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 1-07-CV-091780<br><br>UNLIMITED JURISDICTION<br><br>**STIPULATION REGARDING EXTENSION OF TIME FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>Date Action Filed: August 9, 2007<br>Trial Date: None Set |

Defendants Siemens Medical Solutions USA, Inc., Siemens Corporation, Bjoern Fischer, and Holger Liebel ("Defendants") and Plaintiff Bonnie J. Schmidt, through their respective counsel, stipulate pursuant to California Rule of Court 3.110(d) to a 15 day extension of time for Defendants to respond to the Complaint. With the extension of time, Defendants' responses to the Complaint are due on or before October 29, 2007.

Dated: October 11, 2007

RAYMOND L. WHEELER
TERESA N. BURLISON
MORRISON & FOERSTER LLP

By: Raymond L. Wheeler

Attorneys for Defendants

SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS CORPORATION, BJOERN FISCHER, and HOLGER LIEBEL

Dated: October 11, 2007

TIMOTHY C. DAVIS
DAMIEN P. LILLIS
THE DAVIS LAW FIRM, APC

By: ______________________

Attorneys for Plaintiff

BONNIE J. SCHMIDT

(ENDORSED) FILED
CHIEF EXEC. OFFICER/CLERK SUPERIOR COURT OF CA COUNTY OF SANTA CLARA
BY C. QUACH-MARCELLANA DEPUTY

# PROOF OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California 94304-1018. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on the date hereof, I served a copy of:

**STIPULATION REGARDING EXTENSION OF TIME FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S COMPLAINT**

☐ **BY FACSIMILE [Code Civ. Proc sec. 1013(e)]** by sending a true copy from Morrison & Foerster LLP's facsimile transmission telephone number 650.494.0792 to the fax number(s) set forth below, or as stated on the attached service list. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile transmissions, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be transmitted by facsimile on the same date that it (they) is (are) placed at Morrison & Foerster LLP for transmission.

☒ **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☐ **BY OVERNIGHT DELIVERY [Code Civ. Proc sec. 1013(d)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by UPS, at 755 Page Mill Road, Palo Alto, California 94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

☐ **BY PERSONAL SERVICE [Code Civ. Proc sec. 1011]** by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with Morrison & Foerster LLP's practice for the collection and processing of documents for hand delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be taken from Morrison & Foerster LLP's mailroom and hand delivered to the document's addressee (or left with an employee or person in charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom.

☐ **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the email address(s) set forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6.

The Davis Law Firm, APC
Timothy C. Davis, Esq.
Damien P. Lillis, Esq.
625 Market Street, 12th Floor
San Francisco, CA 94105
Phone: (415) 278-1400
Fax: (415) 278-1401

______ Fax
__X__ U.S. Mail
______ Overnight
______ Personal

Attorneys for Plaintiff
Bonnie J. Schmidt

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Palo Alto, California, this 12th day of October, 2007.

Elizabeth Joy Crandall-Whittom
(typed)

Elizabeth Joy Crandall-Whittom
(signature)

RAYMOND L. WHEELER (BAR NO. 52886)
Email: RWheeler@mofo.com
TERESA N. BURLISON (BAR NO. 230854)
Email: TBurlison@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

Attorneys for Defendants
SIEMENS MEDICAL SOLUTIONS USA, INC.,
SIEMENS CORPORATION, BJOERN FISCHER,
and HOLGER LIEBEL

ENDORSED FILED
OCT 23 07
KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

FILED BY FAX

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 1-07-CV-091780

UNLIMITED JURISDICTION

**ANSWER OF DEFENDANTS SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS CORPORATION, BJOERN FISCHER AND HOLGER LIEBEL TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Date Action Filed: August 9, 2007
Trial Date: None Set

CALENDARED
MORRISON & FOERSTER
DEC 0 3 2007
FOR DATE(S)________
BY aAC

Defendants Siemens Medical Solutions USA, Inc. ("Siemens Med"), Siemens Corporation ("Siemens Corp.") , Bjoern Fischer ("Fischer") and Holger Liebel ("Liebel") (collectively referred to as "Defendants") hereby answer the allegations of the unverified Complaint ("Complaint"), filed on behalf of Plaintiff Bonnie J. Schmidt ("Plaintiff"), as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d), the Defendants hereby generally deny each and every material allegation in Plaintiff's Complaint and specifically deny that they have damaged Plaintiff in any amount or manner whatsoever.

**AFFIRMATIVE DEFENSES**

The Defendants assert the following separate and affirmative defenses to the Complaint.

**First Affirmative Defense**

As a separate and independent affirmative defense to each and every cause of action, the Defendants allege that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

As a separate and independent affirmative action to each and every cause of action, the Defendants allege that to the extent Plaintiff has failed to satisfy statutory prerequisites to suit or failed to exhaust her administrative remedies, those causes of action are barred.

**Third Affirmative Defense**

As a separate and independent affirmative defense to each and every cause of action, the Defendants allege that, to the extent Plaintiff has suffered the damages alleged in her Complaint, such damages were not caused by the Defendants, but by the acts or omissions of Plaintiff herself or others.

**Fourth Affirmative Defense**

As a separate and independent affirmative defense to each and every cause of action, the Defendants allege that Plaintiff's claims are barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

**Fifth Affirmative Defense**

As a separate and independent affirmative defense to each and every cause of action, the Defendants allege that to the extent that Plaintiff's claims are based on conduct occurring outside the applicable period of limitation, those claims are barred by the applicable statute of limitation, including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340, and 343, and California Government Code sections 12960 and 12965.

**Sixth Affirmative Defense**

As a separate and independent affirmative defense to each and every cause of action, the Defendants allege that Plaintiff has had and continues to have the ability and opportunity to mitigate the damages alleged in her Complaint and that such damages have been mitigated or, if they have not been mitigated, Plaintiff has failed and refused to mitigate such damages.

**Seventh Affirmative Defense**

As a separate and independent affirmative defense to each and every cause of action, the Defendants allege that actions alleged in the Complaint were at all times reasonable, privileged, and justified.

**Eighth Affirmative Defense**

As a separate and independent affirmative defense to each and every purported claim for injuries of emotional distress, and any and all disabilities or injuries incurred in the examination, treatment or care of such injuries, the Defendants allege that if the injuries occurred (which the Defendants deny), they arose out of and were sustained during the course and scope of, and proximately caused by, Plaintiff's employment. Therefore, this Court is without jurisdiction, and the Workers Compensation Appeals Board has exclusive jurisdiction over Plaintiff's claims for such injuries.

**Ninth Affirmative Defense**

As a separate and independent affirmative defense to each and every cause of action, the Defendants allege that they performed any and all contractual, statutory and other duties to Plaintiff, if any, and Plaintiff is therefore estopped to assert any cause of action against the Defendants.

**Tenth Affirmative Defense**

As a separate and independent affirmative defense to each and every cause of action, the Defendants allege that Plaintiff's Complaint and each cause of action alleged therein fails to state facts sufficient to entitle Plaintiff to recover any attorneys' fees.

**Eleventh Affirmative Defense**

As a separate and independent affirmative defense to each and every cause of action, the Defendants allege that all of their alleged actions in regard to Plaintiff were conducted in good faith and without fraud, oppression, or malice for Plaintiff and her rights, thereby precluding any and all claims for special, punitive, and exemplary damages.

**Twelfth Affirmative Defense**

As a separate and independent affirmative defense to each and every cause of action, the Defendants allege that the Complaint and each cause of action alleged therein is barred by the 1954 Treaty of Friendship, Commerce and Navigation between Germany and the United States.

**Thirteenth Affirmative Defense**

As a separate and independent affirmative defense to Plaintiff's First, Second, and Third Causes of Action, the Defendants allege that any recovery by Plaintiff should be barred or reduced because they exercised reasonable care to prevent and promptly correct any discrimination, harassment or retaliation, and Plaintiff unreasonably failed to take advantage of any opportunities provided by Defendants to correct or prevent the alleged discrimination, harassment or retaliation.

**Fourteenth Affirmative Defense**

As a separate and independent affirmative defense to Plaintiff's First, Second, and Third Causes of Action, the Defendants allege that their purported actions with regard to Plaintiff were not based on Plaintiff's sex, gender, age, national origin or ancestry, medical condition, and/or record or history of cancer, or her alleged complaint(s) regarding discrimination, harassment, or retaliation, but were based on one or more legitimate, nondiscriminatory, and non-retaliatory reasons.

**Fifteenth Affirmative Defense**

As a separate and independent affirmative defense to Plaintiff's First, Second, and Third, Causes of Action, the Defendants allege that Plaintiff's causes of action are barred by Plaintiff's

failure to timely exhaust administrative remedies pursuant to California Government Code Section 12900 *et seq.* to the extent that such claims are based on events, incidents, acts or omissions that occurred more than one year prior to Plaintiff filing any charge with the California Department of Fair Employment and Housing.

**Sixteenth Affirmative Defense**

As a separate and independent affirmative defense to Plaintiff's First, Second, and Third Causes of Action, the Defendants allege that Plaintiff's causes of action are barred to the extent that they assert illegal conduct and/or employers or perpetrators not alleged in a charge filed with the California Department of Fair Employment and Housing ("DFEH") because Plaintiff has failed to exhaust her administrative remedies.

**Seventeenth Affirmative Defense**

As a separate and independent affirmative defense to Plaintiff's Fourth Cause of Action, Defendants Siemens Med. and Siemens Corp. allege that Plaintiff is barred from recovering any damages or other relief by reason of the lack of consideration that defeats the effectiveness of the alleged contracts, if any.

**Eighteenth Affirmative Defense**

As a separate and independent affirmative defense, Fischer and Liebel allege that Plaintiff's claims against them are barred by the managerial privilege to the extent that they were acting as a manager or agent of Siemens Med. or Siemens Corp.

**Nineteenth Affirmative Defense**

As a separate and independent affirmative defense to Plaintiff's Third Cause of Action, Fischer and Liebel allege that Plaintiff's retaliation cause of action against them is barred on the basis that they cannot be held personally liable for such a claim.

**PRAYER FOR JUDGMENT**

Answering Plaintiff's prayer for judgment, the Defendants deny that Plaintiff is entitled to any of the relief which she requests, or to any relief in any amount of any kind whatsoever.

The Defendants have not yet completed discovery or study of all facts and circumstances of the subject matter of Plaintiff's claims, and accordingly, reserve the right to amend, modify, revise, or supplement this Answer, and to plead such further defenses and take such further actions as they may deem proper and necessary in their defense upon the completion of such study and discovery.

WHEREFORE, the Defendants pray:

1. That Plaintiff take nothing from her Complaint, and that the Complaint be dismissed in its entirety with prejudice;
2. That Defendants have judgment for their costs and attorneys' fees; and,
3. That Defendants have such other and additional relief as this Court may deem proper.

Dated: October 22 2007

RAYMOND L. WHEELER
TERESA N. BURLISON
MORRISON & FOERSTER LLP

By: [signature]
Raymond L. Wheeler

Attorneys for Defendants

SIEMENS MEDICAL SOLUTIONS USA, INC.,
SIEMENS CORPORATION,
BJOERN FISCHER, and HOLGER LIEBEL

# PROOF OF SERVICE

ENDORSED FILED OCT 23 07 KIRI TORRE CHIEF EXEC. OFFICER/CLERK SUPERIOR COURT OF CA COUNTY OF SANTA CLARA DEPUTY

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California 94304-1018. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on the date hereof, I served a copy of:

**ANSWER OF DEFENDANTS SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS CORPORATION, BJOERN FISCHER AND HOLGER LIEBEL TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐ **BY FACSIMILE [Code Civ. Proc sec. 1013(e)]** by sending a true copy from Morrison & Foerster LLP's facsimile transmission telephone number 650.494.0792 to the fax number(s) set forth below, or as stated on the attached service list. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile transmissions, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be transmitted by facsimile on the same date that it (they) is (are) placed at Morrison & Foerster LLP for transmission.

☒ **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☐ **BY OVERNIGHT DELIVERY [Code Civ. Proc sec. 1013(d)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by UPS, at 755 Page Mill Road, Palo Alto, California 94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

☐ **BY PERSONAL SERVICE [Code Civ. Proc sec. 1011]** by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with Morrison & Foerster LLP's practice for the collection and processing of documents for hand delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be taken from Morrison & Foerster LLP's mailroom and hand delivered to the document's addressee (or left with an employee or person in charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom.

☐ **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the email address(s) set forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6.

| | |
|---|---|
| The Davis Law Firm, APC | ______ Fax |
| Timothy C. Davis, Esq. | __X__ U.S. Mail |
| Damien P. Lillis, Esq. | ______ Overnight |
| 625 Market Street, 12th Floor | ______ Personal |
| San Francisco, CA 94105 | |
| Phone: (415) 278-1400 | Attorneys for Plaintiff |
| Fax: (415) 278-1401 | Bonnie J. Schmidt |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Palo Alto, California, this 22nd day of October, 2007.

Elizabeth Joy Crandall-Whittom (typed)

Elizabeth Joy Crandall-Whittom (signature)

THE DAVIS LAW FIRM, APC
TIMOTHY C. DAVIS (SBN 60936)
tdavis@sfdavislaw.com
DAMIEN P. LILLIS (SBN 191258)
dlillis@sfdavislaw.com
OLIVER E. BENN (SBN 244618)
obenn@sfdavislaw.com
625 Market Street, 12th Floor
San Francisco, California 94105
Telephone: (415) 278-1400
Facsimile: (415) 278-1401

Attorneys for Plaintiff
BONNIE J. SCHMIDT

Sent To Docket

The Davis Law Firm
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

ORIGINAL

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 107CV091780

**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE DEFENDANT SIEMENS AG, A GERMAN PUBLIC STOCK CORPORATION**

Date: November 5, 2007
Time: 9:00 a.m.
Dept.: 16
Judge: Hon. Kevin E. McKenney

Plaintiff Bonnie Schmidt respectfully requests an extension of 120 days to serve Defendant Siemens AG in conformity with the Hague Convention.

Ordinarily, a complaint must be served on all named defendants within 60 days after filing the complaint. (Calif. R. Court 3.110(b).) However, the court may in its discretion grant a longer period of time for service of process upon a showing that the plaintiff has exercised due diligence and is not causing unnecessary delay. (Gov. Code § 68616(a).)

In this case, Bonnie Schmidt alleges various employment-related causes of action arising from

certain discriminatory and retaliatory acts by her employers, including the placement of a younger, German male from Germany in a job role at Siemens Medical Solutions USA, Inc. ("SMS") for which she was better qualified. Schmidt alleges that SMS is a wholly owned subsidiary of Siemens, Inc., a New York corporation, which in turn is a wholly owned subsidiary of Siemens AG.

Siemens AG is a German public stock corporation based in Munich. Germany is a party to the Hague Convention. (20 U.S.T. 361; 658 U.N.T.S. 163.) Plaintiff must serve Siemens AG in Germany in accordance with the Hague Convention and German law, because the domestic Siemens corporations have refused to accept service on their parent's behalf. (*See* Declaration of Oliver E. Benn at ¶ 3.)

Plaintiff served the summons and complaint on Siemens, Inc. and SMS, and propounded initial discovery requests upon them on October 1 and October 12, 2007, respectively, including form interrogatories (both general and specifically for employment law), and requests for production of documents. (*See* Benn Decl. at ¶ 6.) Plaintiff requests that the Court grant an extension of time to serve Siemens AG for 120 days to allow the domestic subsidiaries time to produce initial discovery. Serving Siemens AG in Germany in conformity with the Hague Convention will be costly and inevitably will consume a substantial amount of time and resources. Plaintiff does not know which entity within the chain of authority made the employment decisions at issue, including the decision to terminate and replace Plaintiff. For this reason, Plaintiff would like the opportunity to take the responsible step of first reviewing the documents and discovery responses produced by the U.S.-based Siemens entities during initial discovery before making the decision – which will be expensive for both sides – of whether to serve Siemens AG.

The complaint was filed August 9, 2007. 120 days from the date that proof of service should be filed is Tuesday, February 5, 2008. Accordingly, Plaintiff respectfully requests that the Court grants her application extending the time to serve Siemens AG until Tuesday, February 5, 2008.

Dated: November 2, 2007

THE DAVIS LAW FIRM

By: [signature]
Oliver E. Benn
Attorneys for Plaintiff Bonnie Schmidt

The Davis Law Firm
A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

of service with the Court, no later than February 5, 2008.

**IT IS SO ORDERED**

DATED: NOV 5, 2007

JUDGE OF THE SUPERIOR COURT
**MARY JO LEVINGER**

2

Case No. 107CV091780

[PROPOSED] EXTENSION BY 120 DAYS OF TIME TO SERVE SIEMENS AG AND FILE PROOF OF SERVICE

THE DAVIS LAW FIRM, APC
TIMOTHY C. DAVIS (SBN 60936)
tdavis@sfdavislaw.com
DAMIEN P. LILLIS (SBN 191258)
dlillis@sfdavislaw.com
OLIVER E. BENN (SBN 244618)
obenn@sfdavislaw.com
625 Market Street, 12th Floor
San Francisco, California 94105
Telephone: (415) 278-1400
Facsimile: (415) 278-1401

Attorneys for Plaintiff
BONNIE J. SCHMIDT

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 107CV091780

**DECLARATION OF OLIVER E. BENN IN SUPPORT OF EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE SIEMENS AG AND FILE PROOF OF SERVICE**

I, Oliver E. Benn, declare:

1. I am an attorney at law, duly licensed to practice law before all courts of the State of California. I am an attorney with The Davis Law Firm, counsel of record for Plaintiff Bonnie J. Schmidt ("Plaintiff") in this action. The matters stated herein are known to me of my own personal knowledge, unless stated otherwise, and I am competent to offer this testimony.

2. Plaintiff filed her complaint on August 9, 2007. A true and correct copy of the Complaint is attached hereto as Exhibit 'A.'

The Davis Law Firm
A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

3. Defendant Siemens AG is a German public stock corporation, headquartered in Munich, Germany. I have been unable to effectuate service upon Defendant Siemens AG in this matter, in as much as it appears to have no registered agent for service of process on file with California Secretary of State, and neither Siemens Corp. nor Siemens Medical Solutions, USA, will accept service on their parent corporation's behalf.

4. However, Plaintiff is prepared to serve Siemens AG in Germany. In fact, in anticipation of doing so, Plaintiff applied for, and this Court appointed, APS International, Ltd. as a special process server, in order to serve Siemens AG in conformity with the Hague Convention and German law. *See* Order Appointing APS International, Ltd. As Special Process Server, a true and correct copy of which is attached hereto as Exhibit 'B.'

5. However, Plaintiff anticipates that serving Siemens AG in Germany will cost a substantial amount of money. Every page of the summons, complaint and order appointing a process server must be translated into German, three court certified copies of the original documents must be made, and then the process server must effectuate service within Germany. Even excluding attorneys fees, it will likely cost up to $2,000 just to serve Siemens AG in conformity with the Hague convention.

6. Therefore, Plaintiff is attempting to conduct this litigation in a sensible manner. It has already served Siemens Medical Solutions, USA, Inc. and Siemens Corp., the domestic subsidiaries of Siemens AG, as well as several individual defendants. (*See* Notices and Acknowledgments of Receipt of Summons and Complaint, true and correct copies of which are attached hereto as Exhibit 'C.') Additionally, Plaintiff has served initial discovery requests on both domestic subsidiaries. (*See* Proofs of Service, true and correct copies of which are attached hereto as Exhibit 'D.') At this point, Plaintiff does not know which entity within the chain of authority made the employment decisions at issue. For this reason, Plaintiff would like the opportunity to take the responsible step of first reviewing the documents produced during initial discovery before making the decision – which will be expensive for both sides – of whether to serve Siemens AG or dismiss it.

7. Plaintiff anticipates that an extension of 120 days will just provide sufficient time for production and review of the requested discovery, after taking into consideration objections that may be raised to discovery and the time necessary to resolve them.

The Davis Law Firm. A Professional Law Corporation. 625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed this 2nd day of November, 2007 at San Francisco, California.

Oliver E. Benn

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

{00015503}00014160
3
DECLARATION OF OLIVER E. BENN IN SUPPORT OF EX PARTE APPLICATION

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| BONNIE J. SCHMIDT,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 107CV091780<br><br>**[PROPOSED] EXTENSION OF TIME BY 120 DAYS FOR PLAINTIFF BONNIE J. SCHMIDT TO SERVE DEFENDANT SIEMENS AG AND FILE PROOF OF SERVICE** |

Plaintiff Bonnie Schmidt has applied for an extension of 120 days to the time within which to serve the summons and complaint on Defendant Siemens AG, a German public stock corporation and file proof of service.

Satisfied that Schmidt has exercised due diligence in her conduct, the Court hereby grants Plaintiff's application. Plaintiff filed her complaint on August 9, 2007. Extending the standard 60-day period for filing proof of service by a further 120 days results in a deadline of February 5, 2008. Accordingly, Plaintiff shall serve on Defendant Siemens AG the summons and complaint, and file proof

of service with the Court, no later than February 5, 2008.

**IT IS SO ORDERED**

DATED: ______________________

______________________________
JUDGE OF THE SUPERIOR COURT

2

Case No. 107CV091780

[PROPOSED] EXTENSION BY 120 DAYS OF TIME TO SERVE SIEMENS AG AND FILE PROOF OF SERVICE

THE DAVIS LAW FIRM, APC
TIMOTHY C. DAVIS (SBN 60936)
tdavis@sfdavislaw.com
DAMIEN P. LILLIS (SBN 191258)
dlillis@sfdavislaw.com
OLIVER E. BENN (SBN 244618)
obenn@sfdavislaw.com
625 Market Street, 12th Floor
San Francisco, California 94105
Telephone: (415) 278-1400
Facsimile: (415) 278-1401

Attorneys for Plaintiff
BONNIE J. SCHMIDT

The Davis Law Firm. A Professional Law Corporation. 625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| BONNIE J. SCHMIDT,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 107CV091780<br><br>**DECLARATION OF OLIVER E. BENN AFFIRMING COMPLIANCE WITH EX PARTE NOTICE REQUIREMENTS** |

I, Oliver E. Benn, declare:

1. I am an attorney at law, duly licensed to practice law before all courts of the State of California. I am an attorney with The Davis Law Firm, counsel of record for Plaintiff Bonnie J. Schmidt ("Plaintiff") in this action. The matters stated herein are known to me of my own personal knowledge, unless stated otherwise, and I am competent to offer this testimony.

2. I spoke on the telephone with Teresa N. Burlison, attorney for all Defendants that have appeared in this case (i.e. all Defendants except Siemens AG), on Thursday November 1 and Friday

November 2. I informed counsel that I would be appearing on November 5 in front of this Department to apply for an extension of time to serve Defendant Siemens AG and file proof of service.

3. I understand that the domestic Siemens corporations will be opposing the motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed this 2nd day of November, 2007 at San Francisco, California.

Oliver E. Benn

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

THE DAVIS LAW FIRM, APC
TIMOTHY C. DAVIS (SBN 60936)
tdavis@sfdavislaw.com
DAMIEN P. LILLIS (SBN 191258)
dlillis@sfdavislaw.com
625 Market Street, 12th Floor
San Francisco, California 94105
Telephone: (415) 278-1400
Facsimile: (415) 278-1401

Attorneys for Plaintiff
BONNIE J. SCHMIDT

ENDORSED
FILED
2007 AUG -9 P 3:41

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 107CV091780

**COMPLAINT FOR DAMAGES**

1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
2. EMPLOYMENT DISCRIMINATION
3. RETALIATION
4. BREACH OF IMPLIED CONTRACT

**JURY TRIAL DEMANDED**

Plaintiff Bonnie Schmidt ("Plaintiff") alleges as follows for her Complaint for Damages:

**JURISDICTION AND VENUE**

1. Venue is proper in this Court because one or more of the Defendants reside in Santa Clara County ("County"), many of the acts complained of occurred in this County, and the obligations in dispute were incurred and to be performed in this County.

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

**PARTIES**

2. Plaintiff Bonnie Schmidt is an individual who resides in the State of California and who was employed by Defendants in their Mountain View office from July 1, 2001 until her wrongful termination on October 31, 2006. Plaintiff is a member of a protected class and was perceived by Defendants to be a member of a protected class. Prior to her employment at Defendants' Mountain View office, Plaintiff had been employed by Defendants since September 1988 at offices in Florida, Connecticut, Santa Clara, California, New Jersey and North Carolina.

3. Defendant Siemens Medical Solutions USA, Inc. is a Delaware corporation with an office in Mountain View, California, and which employs more than five employees. On information and belief, Plaintiff alleges that Siemens Medical Solutions USA, Inc. is owned and controlled by Defendant Siemens Corporation, a New York corporation with more than five employees.

4. Defendant Siemens AG is a German public stock corporation with headquarters in Munich and Berlin, Germany, and which employs more than 460,000 employees worldwide. On information and belief, Plaintiff alleges that Siemens Corporation is owned and controlled by Defendant Siemens AG.

5. Defendant Bjoern Fischer is an individual residing in California, is a citizen of California, and during the relevant time frame was a supervisor and/or managing agent of Defendants.

6. Defendant Holger Liebel, during all times relevant to the complaint, was an individual residing in California, a citizen of California, and a supervisor and/or managing agent of Defendants. The corporate defendants, along with Fischer and Liebel, are referred to jointly as "Siemens" or "Defendants."

7. Plaintiff does not know the true names and capacities, whether individual, partners or corporate, or otherwise, of the Defendants sued as DOES 1 through 20, inclusive, and for that reason said Defendants are sued herein under such fictitious names, and Plaintiff prays leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes and thereupon alleges that DOES 1 through 20 are responsible, individually and collectively, for the injuries to Plaintiff alleged herein.

8. On information and belief, Plaintiff alleges that, except as otherwise stated herein, at

all times herein mentioned, each DOE Defendant participated in the doing of the acts herein alleged to have been done by the named Defendants, and furthermore, the DOE Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of the other Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

9. Plaintiff is informed and believes and thereupon alleges that except as otherwise stated herein, at all times herein mentioned, the acts and omissions of the various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximity causing the injuries and damages as herein alleged.

10. Plaintiff is informed and believes and thereupon alleges that except as otherwise stated herein, at all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. In September 1988 Plaintiff joined Defendants' Siemens Information Systems ("SIS") in Boca Raton, Florida, as Assistant Controller. She was hired by Dieter Diehn, the Chief Financial Officer and Executive Vice President of SIS and reported to Winfred Sirringhaus, the SIS Controller. Plaintiff was responsible for managing the on-going financial activities of SIS including, but not limited to, financial accounting, monthly reporting, payroll, tax matters, accounts receivable and payable, inventory valuation, and audit management. Speaking, understanding and/or reading German were not required for Plaintiff's Assistant Controller position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

12. In January 1990, Plaintiff received an overall performance evaluation of "Above Average" (the second highest designation) for her work as Assistant Controller at SIS. SIS rewarded Plaintiff with a monetary bonus in November 1991 for her outstanding performance.

13. In December 1991, Plaintiff was invited by Dieter Diehn, who was now Rolm Company's EVP and CFO, to join Rolm Company ("Rolm"), a joint venture between IBM and Seimens with offices in Norwalk, Connecticut, with Plaintiff working as a member of the finance team. In June 1992, Plaintiff assumed the responsibilities of Director of Accounting at Rolm, and was responsible for

The Davis Law Firm. A Professional Law Corporation. 625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

managing the on-going financial activities of Rolm including financial accounting, monthly reporting, payroll, tax matters, accounts receivable and payable, inventory valuation, and audit management. Speaking, understanding and/or reading German were not required for Plaintiff's Director of Accounting position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

14. During 1993 and 1994, Rolm Company changed its name to Siemens Rolm and Plaintiff began reporting to Siemens Rolm's VP and Controller. Also during this same period, Plaintiff received bonuses totaling $25,000 for successfully consolidating the accounting functions at Siemens Rolm with Defendants' existing accounting processes, and for merging Siemens Rolm's manufacturing and sales financial systems.

15. In June 1996, Plaintiff was named the Director of Audit at Siemens Rolm and reported to a German male named "Hans," who was the Vice President of Audit for Siemens Telecommunications Group. In this role Plaintiff was responsible for auditing company processes, internal financial controls, and working with management to improve internal financial controls and processes. Speaking, understanding and/or reading German were not required for Plaintiff's VP of Audit position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

16. At the suggestion of management, Plaintiff applied for and ultimately accepted a position as Vice President and Controller for Siemens Medical Solutions, Inc. ("SMS") in Iselin, New Jersey in June 1998. SMS was allegedly one of the most monetarily successful Siemens companies at the time, and Plaintiff reasonably considered the Vice President title and corresponding salary increase as a significant promotion. In this position Plaintiff was responsible for financial activities within all SMS divisions including internal control compliance, consolidated monthly financial reporting, coordinating annual budgets, foreign currency hedging, and audit management. Speaking, understanding and/or reading German were not required for Plaintiff's VP & Controller position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

17. In February 1999, Plaintiff received an overall performance evaluation of "6" (out of 7) for her work as VP and Controller at SMS. Reinhard Benditte, SMS' EVP and CFO, conducted the

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

evaluation.

18. At the suggestion of Gerald Wright, who was the CFO of Siemens Corporation, Plaintiff applied for and ultimately accepted a position as VP and CFO for Siemens Power Transmission and Distribution USA ("SPTD") in Raleigh, North Carolina in August 1999. Plaintiff was responsible for financial activities within SPTD associated with sales and service functions, research and development projects, customer contracts, target agreements with other Siemens divisions, including annual budgeting, financial forecasting and results reporting, risk management, structuring business transactions so as to comply with IRS and German tax requirements, interactions with and reports for the SPTD Board of Directors, and management of financial support activities such as payroll, payables and purchasing. Speaking, understanding and/or reading German were not required for Plaintiff's VP & CFO position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

19. In November 1999, just three months after joining SPTD, Plaintiff's salary was increased by fifteen point five percent (15.5%) to $170,000. (Despite the increase, on information and belief, it appears that Plaintiff's salary was below the midrange salary for comparable VP and Controller positions within Defendants' companies, this despite consistently positive performance evaluations during her 11 years of employment with Defendants.)

20. In November 2000, Plaintiff's salary was increased by 7.5 percent.

21. In July 2001, Plaintiff joined the Ultrasound division of SMS in Mountain View, California, as Vice President of Financial Integration, and reported to Roland Jaksch, Vice President and CFO. She considered her new position a lateral, rather than vertical, move in Defendants' corporate structure, and her salary remained the same as when she was with SPTD. Her duties included integrating Ultrasound's financial processes into SMS and managing the ongoing business activities of financial budgeting, planning, reporting and auditing for Ultrasound's U.S. operations. Speaking, understanding and/or reading German were not required for Plaintiff's VP Integration position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

22. After three months at Ultrasound, Plaintiff's salary was increased by 4.5 percent.

23. In May 2002, Karl Blaim, a 30-something German male, replaced Roland Jaksch as

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

Ultrasound's CFO.

24. In July 2002, Plaintiff was named the Vice President-Finance and Controller of Ultrasound. She replaced Tom Morris, who Plaintiff believes had been fired by Karl Blaim. Plaintiff's duties were wide-ranging and included monthly accounting and reports, annual budgeting, financial management of numerous departments, audit management, preparing financial statement, merging financial processes between divisions within SMS, and Sarbanes-Oxley compliance. She was also told that she would soon take over worldwide reporting and forecasting responsibilities from Ann Custin, who would be transferring to another SMS division. Plaintiff wanted to assume Ms. Custin's responsibilities because the Ultrasound division was one of the few, if only, Siemens divisions to be headquartered outside of Germany and had direct interaction with Siemens management at the highest levels. Plaintiff believed assuming these responsibilities as VP-Finance and Controller was going to be a key move upward in her career with Defendants. Speaking, understanding and/or reading German were not required for Plaintiff's VP & Controller position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

25. In about August 2003, Plaintiff was embarrassed and shocked to learn that the responsibilities held by Ann Custin were not to be given to Plaintiff but were instead going to Holger Liebel, a 30-something male German national, who was to transfer from Germany to the Mountain View office. Plaintiff complained about the situation to Barbara Grote, Ultrasound's Vice President of Human Resources, and Karl Blaim, but was offered no explanation or solution.

26. In July 2004, Plaintiff took short-term disability leave after being diagnosed with breast cancer. Plaintiff informed Liebel and Karl Blaim, among others, of her disability, among others. Plaintiff returned to work part-time in November 2004, and full-time in January 2005.

27. In May 2005, just a few months after returning from disability leave, Plaintiff received written notice from Defendants that her job title was being change to Director-Finance, that her salary was being reduced by nine point one percent (9.1 %), that her car allowance of $1200 per month was being taken away, that her short-term incentive compensation plan opportunity was being reduced to 20% (from 35%), that her long-term incentive compensation plan was being eliminated, and that she would receive no future stock option and/or stock appreciation awards. Despite the job title change, her

The Davis Law Firm. A Professional Law Corporation. 625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

job responsibilities were not changed.

28. When Plaintiff complained to Blaim about the changes to her job title and compensation, he told Plaintiff that the changes to Plaintiff's status were the result of SMS allegedly reevaluating all management positions and their corresponding compensation levels. However, on information and belief, during this process Holger Liebel's title was changed from VP to Senior Director (rather than changed to "Director" like Plaintiff), his salary increased, and his incentive compensation plans remained unchanged and he continued to receive stock option grants and/or stock appreciation rights. In response to Plaintiff's complaints about this, Liebel noted that while he understood the changes had a negative impact on Plaintiff (and Defendants' other American employees), his American title was not as important as his title in the "German system," which apparently was unchanged. In other words, Liebel still had Vice President status in Germany, while Plaintiff no longer did. Plaintiff was stunned, angry and upset by the apparent disparate treatment she received as compared to Liebel, a 30-something German male. Plaintiff was demoralized and suffered anxiety, sleeplessness and embarrassment about her job to this day.

29. In December 2005, Plaintiff received a performance evaluation by Karl Blaim, Ultrasound's Vice President and CFO. Plaintiff was rated a "4" (out of 5) in 3 out of 4 achievement categories, yet strangely received an overall achievement rating of only "3." Plaintiff rated a "3" in 5 capability categories and received an overall capabilities rating of "3." Plaintiff was also credited with being "instrumental in reorganization of Finance organization . . ."

30. Around March 2006, Bjoern Fischer, a male German national, replaced Karl Blaim as Ultrasound's CFO.

31. On May 19, 2006, Fischer orally told Plaintiff that her Director position would be eliminated effective October 31, 2006. Fischer explained that there was a need for managerial change at Ultrasound due to general business conditions and challenges. He suggested that she: (1) take a severance package; (2) apply for a Performance Controller ("PC") position within Ultrasound; or (3) apply for another position within Siemens. Fischer also said that he hoped Plaintiff would continue working until October 31, which Plaintiff interpreted to mean Fischer did not intend to consider her for the PC or any other open position with Siemens.

The Davis Law Firm, A Professional Law Corporation, 625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

32. Plaintiff told Fischer that taking a position in an office other than Mountain View was not a viable option because she needed to stay in the area to continue ongoing cancer treatment (the need for which was known by Defendants).

33. Plaintiff was told by Ozlem Bulut, SMS's Human Resource Manager, that Plaintiff would be considered for all open finance-related positions within SMS. At the time, the open finance positions included the PC position, at least two R&D Engineering financial positions, and a Sales finance position. Bulut also told Plaintiff to notify Fischer of her desire to be considered for the PC position, which Plaintiff immediately did. Several weeks later, on June 7, 2006, Plaintiff was interviewed for, she believed, all open finance positions, in accordance with Bulut's promise that Defendants would consider her for all such open positions. Those interviewing Plaintiff included Fischer, Bulut, Liebel (who admitted he was evaluating candidates for all the open positions, including the PC, R&D and Sales positions) and Klaus Hambuchen, the CEO of the SMS Ultrasound Division. During the interview, Liebel told Plaintiff that she could "definitely handle the [PC] job" because Plaintiff had previously carried out at least 75% of the PC job responsibilities.

34. On June 15, 2006, Fischer told Plaintiff that the Ultrasound PC position was going to Stephan Mueller, a 30-something German national male. When Plaintiff complained to Fischer and asked why Mueller was chosen instead of her, Fischer offered only that Mueller had experience in Germany doing PC job duties and that the decision was "nothing personal." Later that day, Bulut told Plaintiff that Liebel, not Fischer, had made the decision to hire Mueller. On information and belief, Plaintiff alleges that the interview process was a sham because, among other things, none of the interviewers took notes, few were qualified to interview her and none posed questions (or any questions at all for that matter) about Plaintiff's abilities. Plaintiff further alleges, on information and belief, that Liebel or others in Defendants' German headquarters made the decision to hire Mueller before Plaintiff was interviewed.

35. Liebel, who knew that Plaintiff had ongoing cancer treatments and recently had taken disability leave due to cancer, did not deny that he hired Mueller instead of Plaintiff, but paternalistically and disingenuously attempted to temper his response to Plaintiff by stating that she should not want the PC position because Ultrasound was going through terrible times and it would not

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

be a good place to work in the future. Liebel stated if anyone knew he was describing Ultrasound in such negative terms, he would be fired.

36. The two R&D Engineering positions were filled by two 30-something men who, by all objective criteria, were far less experienced and able than Plaintiff. Plaintiff believed she had interviewed for the positions because Defendants had told her they were considering her for all open positions, but Plaintiff was shocked to hear Fischer state that he allegedly did not even consider her for the R&D Engineering positions because she had not applied online (which never had been a requirement during Plaintiff's entire career and which no one suggested, instructed or asked her to do). When Plaintiff informed Fischer of Defendants' promise that they were considering Plaintiff for all open financial positions, Fischer feigned ignorance of Defendants' promise. The Sales finance position, like the PC position, was filled by a younger German male.

37. On October 20, 2006, Plaintiff received written notice verifying that her position with Defendants was being eliminated effective October 31, 2006. Plaintiff's last day working for Defendants was October 31, 2006.

**FIRST CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Against The Corporate Defendants)**

38. Plaintiff hereby incorporates paragraphs 1 through 37 as though fully set forth herein.

39. It is the public policy of the State of California to prohibit employees from termination of their employment if such termination violates the Fair Employment and Housing Act ("FEHA"). Termination based on her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer is a violation of FEHA.

40. Plaintiff was discriminated against and harassed by her employer, Defendants, based upon her sex, gender, age, national origin or ancestry and/or medical condition, as alleged above, and her termination from Defendants was based on her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer.

41. It is the public policy of the State of California to prohibit employees from termination of their employment if such termination is motivated by the employee's complaints about an employer's unfair labor practices and violations of the Labor Code, as alleged above. Termination

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

based on an employee's protected activity in complaining about an employer's unfair labor practices and violations of the Labor Code is a violation of public policy.

42. Plaintiff is informed and believes she was terminated based on her inquiries, questions and complaints about her demotion from VP to Director, reduction in compensation, the under-40-year-old men (and German men) receiving the available finance-related positions (including but not limited to the vice president and director-level jobs with Defendants, the PC and Sales finance positions and R&D Engineering positions), about not being considered and/or selected for open position with Defendants because of her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer, and because of her complaints about other unlawful conduct of Defendants, as alleged above.

43. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

44. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in a conscious disregard for Plaintiff's rights. Because the acts taken towards Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

**SECOND CAUSE OF ACTION**
**EMPLOYMENT DISCRIMINATION**
**(CAL. GOV. CODE §§ 12940 ET SEQ.)**
**(Against The Corporate Defendants)**

45. Plaintiff hereby incorporates paragraphs 1 through 44 as though fully set forth herein.

46. At all times herein mentioned, California Government Code §§ 12940 et seq., was in full force and effect and was binding upon Defendants. Said sections require Defendants to refrain from discriminating against an employee on the basis of sex, gender, age, national origin or ancestry,

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

medical condition, and/or a record or history of cancer, among other things. Within the time provided by law, Plaintiff made complaints to the California Department of Fair Employment and Housing (DFEH), and right-to-sue notices were issued.

47. Throughout her employment with Defendants, Plaintiff has been subjected to continuous discriminatory treatment on the basis of her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer. Plaintiff alleges that similarly-situated males under the age of 40, persons of Germanic nationality and/or cancer-free individual employees were not subjected to the same treatment.

48. Defendants violated California Government Code § 12940 by discriminating against Plaintiff based on her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer. Specifically, Plaintiff was subjected to disparate treatment by Defendants when Defendants: demoted from VP to Director and had her compensation reduced; replaced Plaintiff in her work responsibilities by less experienced, younger men (German men as well); denied Plaintiff opportunities for employment due to prior medical treatments, cancer, and a record or history of cancer; denied Plaintiff opportunities for employment due to her being a female over the age of 40; terminated Plaintiff from employment, as described above; and retaliated against Plaintiff for complaining about the unlawful conduct Plaintiff experienced.

49. Plaintiff is informed, believes, and thereon alleges that Defendants' actions were entirely or partially based on Plaintiff's sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer.

50. California Government Code § 12940 requires an employer to take all reasonable steps necessary to prevent discrimination from occurring.

51. Plaintiff is informed and believes that Defendants: (a) had an ineffective policy regarding discrimination; (b) had no effective procedure for addressing or investigating complaints of discrimination; (c) failed to effectively implement any procedure it may have had for investigating complaints of discrimination; (d) did not adequately investigate Plaintiff's complaints; and (e) failed to appropriately train its employees concerning discrimination. Defendants knew or should have known about the discriminating conduct toward Plaintiff, an American woman in her 50's, and were remiss in

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

failing to take immediate and appropriate corrective action. Defendants are also strictly liable for the conduct of its supervisors.

52. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

53. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in a conscious disregard for Plaintiff's rights. Because the acts taken towards Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

**THIRD CAUSE OF ACTION**
**RETALIATION**
**(CAL. GOV. CODE §§ 12940 ET SEQ.)**
**(Against All Defendants and Does 1-20)**

54. Plaintiff hereby incorporates paragraphs 1 through 53 as though fully set forth herein.

55. At all times herein mentioned, California Government Code §§ 12940 et seq., was in full force and effect and was binding upon Defendants. Said sections require Defendants to refrain from retaliating against an employee for complaining about unlawful discrimination and unlawful labor practices, among other things. Within the time provided by law, Plaintiff made complaints to the California Department of Fair Employment and Housing (DFEH), and right-to-sue notices were issued.

56. After Plaintiff disclosed that she had previously been treated for cancer and required continuing treatment and had a history and record of cancer, she engaged in protected activity in taking leave to treat cancer and in continuing her treatments and monitoring for cancer, and in complaining about the treatment she experienced as alleged above, including but not limited to her belief that non-German women over the age of 40 were unfairly denied access to promotions and certain job titles, as alleged above. Defendants unlawfully retaliated against Plaintiff in the manner described above.

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

57. Plaintiff experienced adverse employment actions in the form of Defendants' decisions to reduce Plaintiff's compensation and demote her from VP to Director, terminate Plaintiff's employment without cause, deny her employment opportunities, deny her stock options and other monetary benefits, and cause public humiliation, as alleged above.

58. Plaintiff is informed, believes, and thereon alleges that in addition to the practices enumerated in this cause of action, Defendants have engaged in other retaliatory practices that are not fully known by Plaintiff.

59. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damages in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

60. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in a conscious disregard for Plaintiff's rights. Because the acts taken towards Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

**FOURTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against The Corporate Defendants)**

61. Plaintiff incorporates by reference Paragraphs 1 through 60, inclusive, as though set forth here in full.

62. Plaintiff and Defendants and DOES 1-20 entered into an employment contract on or about 1988 and during the lengthy term of Plaintiff's employment. The contract was oral, written and implied-in-fact. The basic terms of the agreement provided that Plaintiff's employment would be secure for as long as her performance was satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and fringe benefits.

63. Plaintiff undertook and continued employment and duly performed all of the

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

The Davis Law Firm
A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

conditions of the employment agreement to be performed by her until prevented by Defendants from further performance. Plaintiff had, at all times, been ready, willing and able to perform all of the conditions of the agreement to be performed by her.

64. On or about October 20, 2006, Defendants and DOES 1-20 breached the oral, written and implied-in-fact employment agreement by discharging Plaintiff without good cause, in violation of the law as alleged above, and despite her continued satisfactory performance.

65. Plaintiff suffered damages legally caused by the breach of contract in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

a. That Plaintiff recover judgment against Defendants in an amount to be determined at trial as general, special, actual, compensatory and/or nominal damages;

b. That Plaintiff recover judgment against Defendants for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants;

c. That Plaintiff recover judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorneys' fees as provided by the FEHA and Labor Code;

d. That Plaintiff recover prejudgment and post-judgment interest; and

e. That Plaintiff have such other relief as this Court deems just and appropriate.

Dated: August 9, 2007

THE DAVIS LAW FIRM

By: ______________________
TIMOTHY C. DAVIS
Attorneys for Plaintiff Bonnie Schmidt

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury.

Dated: August 9, 2007

THE DAVIS LAW FIRM

By: ______________________
TIMOTHY C. DAVIS
Attorneys for Plaintiff Bonnie Schmidt

FILE COPY

FILED

2007 SEP 11 A 8:48

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 107CV091780

**~~[PROPOSED]~~ ORDER APPOINTING APS INTERNATIONAL, LTD. AS SPECIAL PROCESS SERVER**

Plaintiff Bonnie Schmidt has applied for an order appointing APS International, Ltd. as special process server for the purposes of effectuating service upon Defendant Siemens AG in Germany. Goo cause has been shown based upon the requirements of the Hague Convention and the government of th Federal Republic of Germany for service upon a corporation located within Germany.

Accordingly, the Court approves Plaintiff's application and orders the appointment of APS International, Ltd., including its designated agents, as special process server to effectuate service upon Defendant Siemens AG in Germany in a manner reasonably calculated to give notice and in conformit with all applicable laws.

**IT IS SO ORDERED**

DATED: September 11, 2007

JUDGE OF THE SUPERIOR COURT
KEVIN E. McKENNEY

ENDORSED

2007 SEP 11 A 8:48

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 107CV091780

**[PROPOSED] ORDER APPOINTING APS INTERNATIONAL, LTD. AS SPECIAL PROCESS SERVER**

Plaintiff Bonnie Schmidt has applied for an order appointing APS International, Ltd. as special process server for the purposes of effectuating service upon Defendant Siemens AG in Germany. Good cause has been shown based upon the requirements of the Hague Convention and the government of the Federal Republic of Germany for service upon a corporation located within Germany.

Accordingly, the Court approves Plaintiff's application and orders the appointment of APS International, Ltd., including its designated agents, as special process server to effectuate service upon Defendant Siemens AG in Germany in a manner reasonably calculated to give notice and in conformity with all applicable laws.

**IT IS SO ORDERED**

DATED: 9.11.07

KEVIN E. McKENNEY

JUDGE OF THE SUPERIOR COURT

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN [illegible]936)
DAMIEN P. LILLIS (SBN 191258)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-278-1400 FAX NO. (Optional): 415-278-1411
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

FOR COURT USE ONLY

ENDORSED
2007 SEP 17 P 1:36
[illegible] SUPERIOR COURT COUNTY OF [illegible], CALIFORNIA
BY [illegible] DEPUTY
A. FLORES

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., a Delaware corporation; Siemens Corporation, a New York corporation; Siemens AG, a German public stock corporation; Bjoern Fischer, an individual; Holger Liebel, an individual; and Does 1-20,

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 107CV091780

TO (insert name of party being served): HOLGER LIEBEL

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 23, 2007

Damien P. Lillis
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [ ] A copy of the summons and of the complaint.
2. [X] Other: *(specify)*: Summons, Complaint, Civil Lawsuit Notice, Civil Coversheet, ADR Information Sheet

*(To be completed by recipient)*:

Date this form is signed: September 12, 2007

Teresa N. Burlison of Morrison & Foerster LLP
Attorneys for Holger Liebel
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure, §§ 415.30, 417.10

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN 60936)
DAMIEN P. LILLIS (SBN 191258)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-278-1400 FAX NO. (Optional): 415-278-1411
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

FOR COURT USE ONLY

ENDORSED
2007 SEP 17 P 1:35
[illegible] SUPERIOR COURT, COUNTY OF [illegible], CALIFORNIA
BY [illegible] A. FLORESCA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., a Delaware corporation; Siemens Corporation, a New York corporation; Siemens AG, a German public stock corporation; Bjoern Fischer, an individual; Holger Liebel, an individual, and Does 1-20

# NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL

CASE NUMBER: 107CV 091780

TO (insert name of party being served): BJOERN FISCHER

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 23, 2007

Damien P. Lillis
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [ ] A copy of the summons and of the complaint.
2. [X] Other: (specify): Summons, Complaint, Civil Lawsuit Notice, Civil Coversheet, ADR Information Sheet

(To be completed by recipient):

Date this form is signed: September 12, 2007

Teresa N. Burlison of Morrison & Foerster LLP
Attorneys for Bjoern Fischer
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature: Teresa N. Burlison]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1
Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]
NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL
Legal Solutions Plus
Code of Civil Procedure, §§ 415.30, 417.10

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN 60936)
DAMIEN P. LILLIS (SBN 191258)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-278-1400 FAX NO. (Optional): 415-278-1411
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

FOR COURT USE ONLY

ENDORSED
2007 SEP 17 P 1:35
A. FLORESCA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., a Delaware corporation; Siemens Corporation, a New York corporation; Siemens AG, a German public stock corporation; Bjoern Fischer, an individual; Holger Liebel, an individual; and Does 1-20,

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 107CV091780

TO (*insert name of party being served*): SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corp.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August, 23 2007

Damien P. Lillis
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF SENDER— MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (*to be completed by sender before mailing*):

1. [ ] A copy of the summons and of the complaint.
2. [x] Other: (*specify*): Summons, Complaint, Civil Lawsuit Notice, Civil Coversheet, ADR Information Sheet

(*To be completed by recipient*):

Date this form is signed: September 12, 2007

Teresa N. Burlison of Morrison & Foerster LLP
Attorneys for Siemens Medical Solutions USA
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

Teresa N. Burlison
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Legal Solutions Plus

Code of Civil Procedure, §§ 415.30, 417.10

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN 00936)
DAMIEN P. LILLIS (SBN 191258)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-278-1400 FAX NO. (Optional): 415-278-1411
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

FOR COURT USE ONLY

ENDORSED

2007 SEP 17 P 1:35

A. FLORESCA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., a Delaware corporation; Siemens Corporation, a New York corporation; Siemens AG, a German public stock corporation; Bjoern Fischer, an individual; Holger Liebel, an individual; and Does 1-20,

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 107CV091780

TO (insert name of party being served): HOLGER LIEBEL

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 23, 2007

Damien P. Lillis
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [ ] A copy of the summons and of the complaint.
2. [X] Other: (specify): Summons, Complaint, Civil Lawsuit Notice, Civil Coversheet, ADR Information Sheet

(To be completed by recipient):
Date this form is signed: September 12, 2007

Teresa N. Burlison of Morrison & Foerster LLP
Attorneys for Holger Liebel
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

Legal Solutions Plus
Code of Civil Procedure, §§ 415.30, 417.10

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN 60936)
DAMIEN P. LILLIS (SBN 191258)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-278-1400 FAX NO. (Optional): 415-278-1411
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

FOR COURT USE ONLY

ENDORSED
2007 SEP 17 P 1:35
A. FLORESCA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., a Delaware corporation; Siemens Corporation, a New York corporation; Siemens AG, a German public stock corporation; Bjoern Fischer, an individual; Holger Liebel, an individual, and Does 1-20

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 107CV 091780

TO *(insert name of party being served)*: BJOERN FISCHER

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 23, 2007

Damien P. Lillis
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [ ] A copy of the summons and of the complaint.
2. [X] Other: *(specify)*: Summons, Complaint, Civil Lawsuit Notice, Civil Coversheet, ADR Information Sheet

*(To be completed by recipient)*:

Date this form is signed: September 12, 2007

Teresa N. Burlison of Morrison & Foerster LLP
Attorneys for Bjoern Fischer
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

Teresa N. Burlison
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Legal Solutions Plus

Code of Civil Procedure, §§ 415.30, 417.10

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN 60936)
DAMIEN P. LILLIS (SBN 191258)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-278-1400 FAX NO. (Optional): 415-278-1411
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

FOR COURT USE ONLY

ENDORSED
2007 SEP 17 P 1:35
A. FLORES

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., a Delaware corporation; Siemens Corporation, a New York corporation; Siemens AG, a German public stock corporation; Bjoern Fischer, an individual; Holger Liebel, an individual; and Does 1-20,

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 107CV091780

TO *(insert name of party being served)*: SEIMANS CORPORATION, a New York corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August,23 2007

Damien P. Lillis
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [ ] A copy of the summons and of the complaint.
2. [X] Other: *(specify)*: Summons, Complaint, Civil Lawsuit Notice, Civil Coversheet, ADR Information Sheet

***(To be completed by recipient)*:**

Date this form is signed: September 12, 2007

Teresa N. Burlison of Morrison & Foerster LLP
Attorneys for Siemens Corporation
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Legal Solutions Plus

Code of Civil Procedure, §§ 415.30, 417.10

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN 00936)
DAMIEN P. LILLIS (SBN 191258)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-278-1400 FAX NO. (Optional): 415-278-1411
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

FOR COURT USE ONLY

ENDORSED
2007 SEP 17 P 1:35
A. FLORESCA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., a Delaware corporation; Siemens Corporation, a New York corporation; Siemens AG, a German public stock corporation; Bjoern Fischer, an individual; Holger Liebel, an individual; and Does 1-20.

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 107CV091780

TO *(insert name of party being served)*: SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corp.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August, 23 2007

Damien P. Lillis
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [ ] A copy of the summons and of the complaint.
2. [X] Other: *(specify)*: Summons, Complaint, Civil Lawsuit Notice, Civil Coversheet, ADR Information Sheet

*(To be completed by recipient)*:

Date this form is signed: September 12, 2007

Teresa N. Burlison of Morrison & Foerster LLP
Attorneys for Siemens Medical Solutions USA
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Legal Solutions Plus

Code of Civil Procedure, §§ 415.30, 417.10

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN 60936)
DAMIEN P. LILLIS (SBN 191258)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-278-1400 FAX NO. (Optional): 415-278-1411
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

FOR COURT USE ONLY

ENDORSED
2007 SEP 17 P 1:36
A. FLORESCA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., a Delaware corporation; Siemens Corporation, a New York corporation; Siemens AG, a German public stock corporation; Bjoern Fischer, an individual; Holger Liebel, an individual; and Does 1-20,

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 107CV091780

TO (insert name of party being served): SEIMANS CORPORATION, a New York corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August,23 2007

Damien P. Lillis
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [ ] A copy of the summons and of the complaint.
2. [x] Other: (specify): Summons, Complaint, Civil Lawsuit Notice, Civil Coversheet, ADR Information Sheet

(To be completed by recipient):

Date this form is signed: September 12, 2007

Teresa N. Burlison of Morrison & Foerster LLP
Attorneys for Siemens Corporation
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

FILE COPY

MORRISON | FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO, LOS ANGELES, PALO ALTO, SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, ORANGE COUNTY, DENVER, SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING, SHANGHAI, HONG KONG, SINGAPORE, BRUSSELS

September 12, 2007

Writer's Direct Contact
650.813.5834
TBurlison@mofo.com

By Electronic and U.S. Mail

Damien P. Lillis, Esq.
The Davis Law Firm, APC
625 Market Street, 12th Floor
San Francisco, CA 94105
dlillis@sfdavislaw.com

Re: *Bonnie Schmidt v. Siemens Medical Solutions USA, Inc., et al.*

Dear Mr. Lillis:

Enclosed please find executed Acknowledgement of Receipt forms for the following parties:

* Siemens Medical Solutions USA, Inc.
* Siemens Corporation
* Holger Liebel
* Bjoern Fischer

Feel free to contact me if you have any questions or concerns.

Very truly yours,

Teresa N. Burlison

Teresa N. Burlison

Enclosures

cc: Raymond L. Wheeler, Esq.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN 60936)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-278-1400 FAX NO.: 415-278-1411
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

AUG 2 7 2007
[illegible]son & Foerster LLP
Palo Alto

CM-010

FOR COURT USE ONLY

ENDORSED FILED
2007 AUG 29 P 3:39
[illegible]

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME: BONNIE SCHMIDT v. SIEMENS MEDICAL SOLUTIONS USA; SIEMENS CORPORATION; SIEMENS AG; B. FISCHER; H. LIEBEL

## CIVIL CASE COVER SHEET

[x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 107CV091780

JUDGE:

DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive

4. Number of causes of action *(specify)*: Four

5. This case [ ] is [x] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 9, 2007
TIMOTHY C. DAVIS (SBN 60936)
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**

Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**

Asbestos (04)
- Asbestos Property Damage
- Asbestos Personal Injury/ Wrongful Death

Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
- Medical Malpractice- Physicians & Surgeons
- Other Professional Health Care Malpractice

Other PI/PD/WD (23)
- Premises Liability (e.g., slip and fall)
- Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
- Intentional Infliction of Emotional Distress
- Negligent Infliction of Emotional Distress
- Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**

Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
- Legal Malpractice
- Other Professional Malpractice *(not medical or legal)*

Other Non-PI/PD/WD Tort (35)

**Employment**

Wrongful Termination (36)
Other Employment (15)

**Contract**

Breach of Contract/Warranty (06)
- Breach of Rental/Lease
  - Contract *(not unlawful detainer or wrongful eviction)*
- Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
- Negligent Breach of Contract/ Warranty
- Other Breach of Contract/Warranty

Collections (e.g., money owed, open book accounts) (09)
- Collection Case-Seller Plaintiff
- Other Promissory Note/Collections Case

Insurance Coverage *(not provisionally complex)* (18)
- Auto Subrogation
- Other Coverage

Other Contract (37)
- Contractual Fraud
- Other Contract Dispute

**Real Property**

Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
- Writ of Possession of Real Property
- Mortgage Foreclosure
- Quiet Title
- Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**

Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**

Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
- Writ-Administrative Mandamus
- Writ-Mandamus on Limited Court Case Matter
- Writ-Other Limited Court Case Review

Other Judicial Review (39)
- Review of Health Officer Order
- Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**

Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**

Enforcement of Judgment (20)
- Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**

RICO (27)
Other Complaint *(not specified above)* (42)
- Declaratory Relief Only
- Injunctive Relief Only *(non-harassment)*
- Mechanics Lien
- Other Commercial Complaint Case *(non-tort/non-complex)*
- Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**

Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
- Civil Harassment
- Workplace Violence
- Elder/Dependent Adult Abuse
- Election Contest
- Petition for Name Change
- Petition for Relief from Late Claim
- Other Civil Petition

American Legal Net, I
www.USCourtForms.

CALENDARED MORRISON & FOERSTER

# SUMMONS
## (CITACION JUDICIAL)

SEP 0 5 2007
FOR DATE(S)
BY

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED FILED

2007 AUG -9 P 3:41

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

BONNIE J. SCHMIDT

RECEIVED
AUG 2 7 2007
Morrison & Foerster LLP
Palo Alto

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SANTA CLARA COUNTY SUPERIOR COURT
191 North First Street
San Jose, CA 95113

CASE NUMBER: *(Número del Caso):* 107CV091780

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
TIMOTHY C. DAVIS (SBN 60936) 415-278-1410 415-278-1411
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105

DATE: *(Fecha)* AUG - 9 2007 Kiri Torre Clerk, by *(Secretario)* G. Fujihara, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

RECEIVED

AUG 2 7 2007

Morrison & Foerster LLP
Palo Alto

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: 107CV091780

**READ THIS ENTIRE FORM**

PLAINTIFFS (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

DEFENDANTS (The person(s) being sued): **You must do each of the following to protect your rights:**

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

Warning: **If you do not do these three things, you may automatically lose this case.**

RULES AND FORMS: You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

CASE MANAGEMENT CONFERENCE (CMC): You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

*Your Case Management Judge is:* Kevin McKenney *Department:* 16

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)
*Date:* 1-15-08 *Time:* 2:15pm in Department 16

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)
*Date:* ________ *Time:* ________ in Department ________

ALTERNATIVE DISPUTE RESOLUTION (ADR): If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

WARNING: Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

RECEIVED
AUG 27 2007
Morrison & Foerster LLP
Palo Alto

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.
- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

- **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.
- Mediation may be appropriate when:
  - The parties want a non-adversary procedure
  - The parties have a continuing business or personal relationship
  - Communication problems are interfering with a resolution
  - There is an emotional element involved
  - The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

< **Arbitration** is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:

< The action is for personal injury, property damage, or breach of contract
< Only monetary damages are sought
< Witness testimony, under oath, is desired
< An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< **Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:

< The parties are far apart in their view of the law or value of the case
< The case involves a technical issue in which the evaluator has expertise
< Case planning assistance would be helpful and would save legal fees and costs
< The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

***What kind of disputes can be resolved by ADR?***

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

***Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?***

*Contact:*

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

| Attorney Or Party Without Attorney (Name and Address): TIMOTHY C. DAVIS, ESQ. (6( THE DAVIS LAW FIRM 625 Market Street, 12th floor San Francisco, CA 94105 | Telephone: (415) 278 | FOR COURT USE ONLY |
|---|---|---|
| Attorneys for: BONNIE J. SCHMIDT | Ref. No. Or File No. W2485452 | |
| Insert name of court, judicial district and branch court, if any: SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SANTA CLARA | | |
| Plaintiff: BONNIE J. SCHMIDT | | |
| Defendant: SIEMENS MEDICAL SOLUTIONS USA, INC., et al. | | |

| **PROOF OF SERVICE** | Date: | Time: | Dept/Div: | Case Number: 107CV091780 |
|---|---|---|---|---|

I, B. Anderson, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: - FORM INTERROGATORIES - GENERAL TO SIEMENS MEDICAL SOLUTIONS USA, INC.
- FORM INTERROGATORIES - EMPLOYMENT LAW TO SIEMENS MEDICAL SOLUTIONS USA, INC.
- PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO DEFENDANT SIEMENS MEDICAL SOLUTIONS USA, INC. (SET ONE)

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Defendant : SIEMENS MEDICAL SOLUTIONS USA, INC.

By Serving : MARGARE WILSON, Authorized Agent of CT Corporation System, Agent for Service of Process

Address : 818 West 7th Street , Los Angeles, CA 90017

Date & Time : Friday, October 12, 2007 @ 2:45 p.m.

Witness fees were : Not applicable.

Person serving:
B. Anderson
Wheels of Justice, Inc.
657 Mission Street, Suite 502
San Francisco, California 94105
Phone: (415) 546-6000

a. Fee for service:
d. Registered California Process Server
(1) Employee or independent contractor
(2) Registration No.: 3991
(3) County: Los Angeles
(4) Expires:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 12, 2007

Signature: ____________________
B. Anderson

Printed on recycled paper

COPY

...nt To Docket 11/5/07

RAYMOND L. WHEELER (BAR NO. 52886)
Email: RWheeler@mofo.com
TERESA N. BURLISON (BAR NO. 230854)
Email: TBurlison@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

Attorneys for Defendants
SIEMENS MEDICAL SOLUTIONS USA, INC.,
SIEMENS CORPORATION, BJOERN FISCHER,
and HOLGER LIEBEL

ENDORSED FILED

07 NOV -5 PM 4:22

CHIEF EXEC... /CLERK
SUPERIOR ... OF CA.
COUNTY ... CLARA
BY ... DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 1-07-CV-091780

UNLIMITED JURISDICTION

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO EXTEND TIME FOR SERVING NAMED DEFENDANT SIEMENS AG**

Date: November 5, 2007
Time: 9:00 A.M.
Dept: 16
Hon. Kevin E. McKenney

Date Action Filed: August 9, 2007
Trial Date: None Set

Defendants Siemens Medical Solutions USA, Inc. ("Siemens Medical"), Siemens Corporation ("Siemens Corp."), Bjoern Fischer ("Fischer"), and Holger Liebel ("Liebel") (collectively referred to as "Defendants") submit this Opposition to Plaintiff Bonnie Schmidt's ("Plaintiff's") *ex parte* application to extend time for serving named-defendant Siemens AG.

## I. BACKGROUND

This is an employment-related case. On August 9, 2007, Plaintiff filed a Complaint for Damages against named defendants Siemens Medical, Siemens Corp., Siemens AG, and individuals Fischer and Liebel. To date, each of the named defendants has been served except Siemens AG, which is a German corporation and the attenuated parent company of the served Siemens entities.

Plaintiff's 60-day deadline for serving all named defendants expired on October 8, 2007. In the meantime, Plaintiff has propounded extensive written discovery onto Defendants Siemens Medical and Siemens Corp.

## II. ARGUMENT

### A. Plaintiff's opportunity to apply for an extension is long expired.

With her *ex parte* application, Plaintiff seeks to extend a deadline that expired ***nearly a month ago*** and thus effectively attempts to prolong something that no longer exists. The 60-day timeframe in which Plaintiff was required to serve all named defendants, including Siemens AG, lapsed on October 8, 2007. *See* California Rule of Court ("CRC") 3.110(b) (providing the complaint must be served on all named defendants within 60 days after the filing of the complaint). On this same date, Plaintiff's opportunity to seek any extension of the time for service also expired. Rule of Court 3.110(e) clearly provides, "[a]n application for a court order extending the time to serve a pleading ***must be filed before the [60-day] time for service has elapsed.***" CRC 3.110(e) (emphasis added). Plaintiff's latter-day effort to resurrect the time for service after such time already has ended therefore is in direct contravention of a rule of court and, on this basis alone, should be denied.[1]

### B. Plaintiff will not be prejudiced or irreparably harmed.

Insofar that Plaintiff might argue she will suffer prejudice or irreparable harm if denied the chance to serve Siemens AG, this argument is without merit. First, CRC 3.110 is dispositive on the issue of when an application for extension of time to serve a complaint must be made, and this rule

[1] Since serving the other named defendants, Plaintiff consciously has been litigating this matter and recently propounded extensive written discovery on Siemens Medical and Siemens Corp. Such activity belies any claim Plaintiff may assert that she failed to move for an extension within the requisite 60-day period due to inadvertence, mistake, surprise or neglect.

does not invoke any harm analysis whatsoever. *See* CRC 3.110(e). Accordingly, there is no basis for weighing such factors in this context, particularly when Plaintiff waited nearly a month after the 60-day cut-off to bother applying for an extension.

Moreover, it cannot persuasively be said that the failure to serve Siemens AG will prejudice or irreparably harm the alleged merits of Plaintiff's claims. It is not the case where declining to extend Plaintiff's time for serving Siemens AG will bar her from having her day in court altogether. Plaintiff already has served her former employer, Siemens Medical, Siemens Medical's holding company, Siemens Corp., and several individual Siemens employees. Presumably, this defensive lineup presents her with ample opportunity to litigate her wrongful termination claims. To the extent Plaintiff disagrees, however, she should have protected her options by satisfying CRC 3.110(e)'s mandate and applying for an extension of time to serve Siemens AG within the 60-day timeframe. This is not an onerous or burdensome step (indeed, she had 60 days in which to carry it out), however it ***is*** the one prerequisite Plaintiff must have fulfilled to preserve her ability to serve Siemens AG.

### C. There is no need for Plaintiff to proceed *ex parte*.

Finally, there is absolutely no reason for Plaintiff to be proceeding with her application for an extension of time to serve Siemens AG *ex parte*. Her deadline for seeking this extension extinguished nearly a month ago on October 8, and thus there is no urgency or risk of irreparable harm that necessitates having this issue heard on an accelerated basis. Defendants are entitled to the benefit of a full briefing schedule.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's *ex parte* application to extend time for serving named-defendant Siemens AG.

Dated: November 2, 2007

RAYMOND L. WHEELER
TERESA N. BURLISON
MORRISON & FOERSTER LLP

By: /s/ Teresa N. Burlison
Teresa N. Burlison

Attorneys for Defendants

SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS CORPORATION, BJOERN FISCHER, and HOLGER LIEBEL

# PROOF OF SERVICE

ENDORSED FILED
07 NOV -5 PM 4:22
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA.
COUNTY OF SANTA CLARA
DEPUTY

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California 94304-1018. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on the date hereof, I served a copy of:

**Defendants' Opposition to Plaintiff's *Ex Parte* Application To Extend Time for Serving named defendant Siemens AG**

I personally delivered the aboved-titled document to the representatives of Plaintiff from The Davis Law Firm (address listed below) that appeared for the ex parte hearing on Monday, November 5, 2007 at the hearing, held at the Santa Clara County Superior Courthouse, 191 N. First Street, San Jose, California. At the time of service, I was at least 18 years of age. I am not a party to the above-referenced legal proceeding.

| | |
|---|---|
| The Davis Law Firm, APC<br>Timothy C. Davis, Esq.<br>Damien P. Lillis, Esq.<br>625 Market Street, 12th Floor<br>San Francisco, CA 94105<br>Phone: (415) 278-1400<br>Fax: (415) 278-1401 | Attorneys for Plaintiff<br>Bonnie J. Schmidt |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Palo Alto, California, this 5th day of November, 2007.

| | |
|---|---|
| Teresa N. Burlison | Teresa N. Burlison |
| (typed) | (signature) |

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*):
Raymond L. Wheeler (Bar No. 52886)
Teresa N. Burlison (Bar No. 230854)
Morrison & Foerster LLP
755 Page Mill Road, Palo Alto, CA 94304
TELEPHONE NO.: 650.813.5600 FAX NO. (*Optional*): 650.494.0792
E-MAIL ADDRESS (*Optional*): rwheeler@mofo.com / tburlison@mofo.com
ATTORNEY FOR (*Name*): Defendants

FOR COURT USE ONLY

(ENDORSED)
FILED
DEC 28 2007
KIRI TORRE
Chief Executive Officer
Superior Court of CA County of Santa Clara
BY J. Zenzen DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Santa Clara**
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: Bonnie J. Schmidt
DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., et al.

## CASE MANAGEMENT STATEMENT

**(Check one):** ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less)

CASE NUMBER: 1-07-CV-091780

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: January 15, 2008 Time: 2:15 pm Dept.: 16 Div.: Room:
Address of court (*if different from the address above*):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (*answer one*):
   a. ☒ This statement is submitted by party (*name*): Defendants: Siemens Medical Solutions USA, Inc., Siemens Corporation, Bjoern Fischer, and Holger Liebel
   b. ☐ This statement is submitted **jointly** by parties (*names*):
2. **Complaint and cross-complaint** (*to be answered by plaintiffs and cross-complainants only*)
   a. The complaint was filed on (*date*):
   b. ☐ The cross-complaint, if any, was filed on (*date*):
3. **Service** (*to be answered by plaintiffs and cross-complainants only*)
   a. ☐ All parties *named* in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following *parties* named in the complaint or cross-complaint
      (1) ☐ have not been served (*specify names and explain why not*):
      (2) ☐ have been served but have not appeared and have not been dismissed (*specify names*):
      (3) ☐ have had a default entered against them (*specify names*):
   c. ☐ The following additional parties may be added (*specify names, nature of involvement in case, and the date by which they may be served*):
4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint (*describe, including causes of action*):

   See Attachment 4a.

| PLAINTIFF/PETITIONER: Bonnie J. Schmidt<br>DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., et al. | CASE NUMBER:<br>1-07-CV-091780 |
|---|---|

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

This is a single-plaintiff employment lawsuit in which Bonnie Schmidt, an at-will employee terminated as part of a company-wide reduction in force, alleges causes of action for (1) Wrongful termination in violation of public policy, (2) Employment discrimination, (3) Retaliation, and (4) Breach of implied contract. Plaintiff has sued several legally separate Siemens entities - Siemens Medical Solutions USA, Siemens Corporation, and Siemens AG - however, only Siemens Medical Solutions USA was her employer during the operative timeframe of this suit. At no time has Siemens Corporation or Siemens AG been Plaintiff's employer. In her complaint, Plaintiff seeks general, special, actual, compensatory and/or nominal damages. Plaintiff also seeks punitive damages.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☒ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):* Defendant attorneys will not be available in the middle of February 2008 and from June 15 - July 31, 2008.

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 10 days

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. Fax number:

f. E-mail address:

g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**

a. Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.

b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*

c. ☐ The case has gone to an ADR process *(indicate status):*

American LegalNet, Inc. www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: Bonnie J. Schmidt | CASE NUMBER: 1-07-CV-091780 |
|---|---|
| DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., et al. | |

CM-110

10. d. The party or parties are willing to participate in *(check all that apply)*:
   (1) ☒ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☒ Neutral case evaluation
   (7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

11. **Settlement conference**
☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

12. **Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

13. **Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:
Status:

14. **Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
☐ Additional cases are described in Attachment 14a
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

15. **Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

16. **Other motions**
☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

Defendants may file a motion for summary judgment/summary adjudication. Defendants may also file discovery-related motions, as necessary.

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Bonnie J. Schmidt<br>DEFENDANT/RESPONDENT: Siemens Medical Solutions USA, Inc., et al. | CASE NUMBER:<br>1-07-CV-091780 |
|---|---|

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendants | Depositions | To be completed 30 days before trial |
| Defendants | Exchange of expert witness designations | To be completed 30 days before trial |
| Defendants | Requests for admissions of authenticity of documents and facts | To be completed 60 days before trial |

   c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**
   Previous case management orders in this case are *(check one)*: ☒ none ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: 1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 27, 2007

Teresa N. Burlison (Bar No. 230854))
(TYPE OR PRINT NAME)

▶ Teresa N. Burlison
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

American LegalNet, Inc.
www.FormsWorkflow.com

**Attachment 4a.**

**4. Description of Case**

a. Type of Case

This is a single-plaintiff employment lawsuit in which Bonnie Schmidt, an at-will employee terminated as part of a company-wide reduction in force, alleges causes of action for (1) Wrongful termination in violation of public policy, (2) Employment discrimination, (3) Retaliation, and (4) Breach of implied contract. Plaintiff has sued several legally separate Siemens entities - Siemens Medical Solutions USA, Siemens Corporation, and Siemens AG - however only Siemens Medical Solutions USA was her employer during the operative timeframe of this suit. At no time has Siemens Corporation or Siemens AG been Plaintiff's employer.

**CM-110**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TIMOTHY C. DAVIS (SBN 60936)
Elisa R. Aldecoa (SBN 210516)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE NO.: FAX NO. (Optional): 415-278-1411
E-MAIL ADDRESS (Optional): TDAVIS@SFDAVISLAW.COM
ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

*FOR COURT USE ONLY*

CALENDARED
MORRISON & FOERSTER
[illegible] 2008
FOR DATE(S)
BY CAC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: Siemans Medical Solutions USA, Inc., et al.

## CASE MANAGEMENT STATEMENT

(Check one): [x] **UNLIMITED CASE** (Amount demanded exceeds $25,000) [ ] **LIMITED CASE** (Amount demanded is $25,000 or less)

CASE NUMBER: 1-07-CV-091780

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: January 15, 2008 Time: 2:15 pm Dept.: 16 Div.: Room:
Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [x] This statement is submitted by party *(name)*: Plaintiff: Bonnie Schmidt
   b. [ ] This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: August 9th, 2007
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [x] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in [x] complaint [ ] cross-complaint *(describe, including causes of action)*:
   Cause of action for wrongful termination in violation of public policy, employment discrimination, retaliation, and breach of implied contract.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]
CASE MANAGEMENT STATEMENT
Legal Solutions Plus
Page 1 of 4
Cal. Rules of Court, rules 3.720-3.730

CM-110

| PLAINTIFF/PETITIONER: BONNIE SCHMIDT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Siemans Medical Solutions USA, Inc., et al. | 1-07-CV-091780 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
On May 18, 2006, plaintiff was told by defendants, whom she had been employed with for the past 18 years, that her director position was being eliminated. Plaintiff was then passed for the ultrasound PC position for which she was told that she was definitely qualified for. Instead, the position went to a thirty-something German male. Indeed the interview was a sham. She was then passed for two other positions, which went to two thirty-something men who were less experienced than her. Plaintiff was then unlawfully terminated. Plaintiff was terminated on the basis of her gender, age, national origin, medical condition (e.g. recorded history of cancer). Plaintiff is seeking general, special, actual, compensatory and punitive damages, as well as attorney's fees pursuant to FEHA and the Labor Code.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request [x] a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. [x] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* June 2, 2008 through June 13, 2008 and June 30, 2008 through July 11, 2008
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. [x] days *(specify number):* 10
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial [x] by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel [x] has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: BONNIE SCHMIDT | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: Siemans Medical Solutions USA, Inc., et al. | 1-07-CV-091780 |

10. d. The party or parties are willing to participate in *(check all that apply)*:
   (1) [x] Mediation
   (2) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) [ ] Binding judicial arbitration
   (5) [ ] Binding private arbitration
   (6) [ ] Neutral case evaluation
   (7) [ ] Other *(specify)*:

e. [ ] This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

11. **Settlement conference**
   [ ] The party or parties are willing to participate in an early settlement conference *(specify when)*:

12. **Insurance**
   a. [ ] Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: [ ] Yes [ ] No
   c. [ ] Coverage issues will significantly affect resolution of this case *(explain)*:

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   [ ] Bankruptcy [ ] Other *(specify)*:
   Status:

14. **Related cases, consolidation, and coordination**
   a. [ ] There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
   [ ] Additional cases are described in Attachment 14a.
   b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party)*:

15. **Bifurcation**
   [ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

16. **Other motions**
   [x] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
   Plaintiff may file dispositive motions and other related motions as necessary (e.g. discovery disputes).

CM-110

| PLAINTIFF/PETITIONER: BONNIE SCHMIDT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Siemans Medical Solutions USA, Inc., et al. | 1-07-CV-091780 |

17. **Discovery**
a. [ ] The party or parties have completed all discovery.
b. [x] The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written discovery | To be completed 60 days before trial |
| Plaintiff | Party/witness depositions | To be completed 60 days before trial |
| Plaintiff | Expert discovery | To Be completed 30 days before trial |

c. [ ] The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
a. [ ] This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. [ ] This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
[ ] The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
a. [ ] The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**
Previous case management orders in this case are *(check one)*: [ ] none [ ] attached as Attachment 21.

22. Total number of pages attached *(if any)*: ______

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 4, 2008

Elisa R. Aldecoa
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF PARTY OR ATTORNEY)

[ ] Additional signatures are attached

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

## PROOF OF SERVICE

The undersigned hereby declares that I am over the age of 18 years and not a party to or interested in the within entitled cause. I am an employee of The Davis Law Firm, APC and my business address is 625 Market Street, 12th Floor, San Francisco, California 94105. On the date stated below, I served a true copy of:

**CASE MANAGEMENT STATEMENT**

☒ By mail, by placing said document(s) in an envelope addressed as shown below. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the date stated below to the addressee stated below, following ordinary business practices.

☐ By messenger, by placing said document(s) in an envelope addressed as shown below, and dispatching a messenger from my place of business with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving a true copy thereof with the person whose name is shown or the person who was apparently in charge of that person's office or residence.

☐ By facsimile transmission to the individual and facsimile number set forth below. I caused the document(s) to be transmitted by facsimile machine to the addresses listed below at the facsimile number listed below. I am readily familiar with my firm's practice for transmissions by facsimile, to wit, transmissions are sent as soon as possible and are repeated, if necessary, until they are reported as complete and without error. In sending the above described document by facsimile, I followed my firm's ordinary business practices.

☐ By Overnight Delivery by placing said document(s) in a sealed Overnight Delivery envelope addressed as shown below and causing such envelope delivered by commercial carrier service for overnight delivery to the addresses shown below.

Raymond L. Wheeler
Teresa N. Burlison
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304

**Attorneys for Defendants**

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Francisco, California on January 4 2008.

Cortney A. Creamer

RAYMOND L. WHEELER (BAR NO. 52886)
Email: RWheeler@mofo.com
TERESA N. BURLISON (BAR NO. 230854)
Email: TBurlison@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

Attorneys for Defendants
SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS CORPORATION, BJOERN FISCHER, and HOLGER LIEBEL

ENDORSED Santa Clara
01/08/08 4:18PM
Kiri Torre
Chief Executive Offic
By: juditha DTSCIV0
R#2008000002124
CK $20.00
TL $20.00
Case: 1-07-CV-091780

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| BONNIE J. SCHMIDT,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 1-07-CV-091780<br><br>UNLIMITED JURISDICTION<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Date Action Filed: August 9, 2007<br>Trial Date: None Set |

CALENDARED
MORRISON & FOERSTER
JAN 30 2008
FOR DATE(S)______
BY RW

All parties in the above-referenced action recognize that certain information pertaining to this action is private, proprietary and/or otherwise highly confidential. Therefore the parties, through their counsel of record, hereby stipulate to the following agreement (hereinafter "Stipulated Protective Order" or "Order") regarding the protection of the confidentiality of information disclosed during discovery in connection with this action:

1. Any party may designate as "CONFIDENTIAL" any document produced for inspection and copying or any other document disclosed, served, filed or given under oath in this action (including, without limitation, answers to interrogatories, answers to requests for admission, and transcripts of depositions), or any part thereof, at the time of production, disclosure, service, copying, filing, or signing with the word "CONFIDENTIAL" or, if inadvertently produced without such legend, by promptly furnishing written notice to the receiving party that information shall be "CONFIDENTIAL" under this Protective Order.

a. In exercising the right to designate a document a CONFIDENTIAL document, the parties agree to proceed in good faith. A party shall not designate a document as CONFIDENTIAL unless it is of a private or confidential or proprietary nature deserving of such protection. Except as may be otherwise provided by this Order or by further order of the Court or further stipulation of the parties, documents designated as CONFIDENTIAL, as well as the matters contained therein, and extracts and summaries thereof containing confidential information, shall be used for no purpose other than prosecuting or defending any legal claims between the parties in the above-captioned action entitled, *Bonnie J. Schmidt v. Siemens Medical Solutions USA, Inc., et al.*, pending in the Superior Court of California, County of Santa Clara, Case No. 1-07-CV-091780.

b. Access to any CONFIDENTIAL documents, or any part thereof, as well as to the matters contained therein, shall be limited to: (i) the judiciary, its employees and its agents, including jurors; (ii) the parties and the officers, employees and agents of the parties who have a reasonable justification to view the CONFIDENTIAL material; (iii) the attorneys for the parties, their associates, assistants and agents; (iv) consultants and experts involved in the preparation of this litigation for each party; (v) court reporters, their transcribers, assistants and employees; (vi) authors, subjects, and recipients of CONFIDENTIAL documents; and (vii) potential witnesses.

c.     Individuals and entities, other than the parties, their attorneys, associates and agents, permitted access by the parties' attorneys, pursuant to paragraph 1(b.) above, to CONFIDENTIAL documents, or parts thereof, are hereby ordered not to show, convey or reproduce any such documents, or any parts thereof, or any matters contained therein, or any extracts or summaries thereof, to any individual or entity who would not otherwise have access to CONFIDENTIAL documents under the provisions of this Order.

2.     Counsel for each party shall insure that any person who makes a declaration or testifies on behalf of that party, or assists in any way in the preparation of that party's case shall have access to CONFIDENTIAL material only after being informed of the provisions of this Order and after agreeing to be bound by it.  Furthermore, counsel for the parties shall require that any person (other than counsel and counsel's staff) to whom such information is disclosed shall execute the attached Promise of Confidentiality before such disclosure is made.

3.     In the event that any party intends to submit to the Court any document which has been designated by the other party as CONFIDENTIAL, that party shall comply with the procedures set forth in California Rule of Court 2.551.  If the Court grants a motion to file the CONFIDENTIAL documents under seal, the Court shall order the documents to be sealed and the sealed documents shall be kept separately from the public file in accordance with California Rule of Court 2.551.  If the Court denies the motion to file the CONFIDENTIAL documents under seal, the Clerk will return the lodged materials to the submitting party in accordance with California Rule of Court 2.551.  Any court hearing which refers to or describes CONFIDENTIAL information subject to this Protective Order shall in the Court's discretion be *in camera*.

4.     Parties submitting purportedly CONFIDENTIAL information to the Court shall endeavor in good faith to restrict their filings or other submissions to CONFIDENTIAL information that is reasonably necessary for the Court to consider in connection with the issue or matter for which the CONFIDENTIAL information is submitted.

5.     The execution of this Order, and the entry of a protective order pursuant hereto, shall not, in itself:

a. constitute a waiver of any party's right to seek at a future time relief from the Court; or

b. preclude any party from (i) claiming that any document or matter designated hereunder is not entitled to the protections of this Protective Order, (ii) applying to the Court for an Order permitting disclosure or use of information or documents otherwise prohibited by this Protective Order, or (iii) applying for an Order modifying this Protective Order in any respect; or

c. constitute a waiver of any objection to any discovery request; or

d. be construed as an admission or agreement that any document designated as a CONFIDENTIAL document, in fact, is confidential, or contains sensitive information, or otherwise is entitled to any protective relief whatsoever; or

e. limit a party's ability to grant non parties access to its own documents and/or information, regardless of whether they are designated as CONFIDENTIAL pursuant to this Protective Order.

6. If any party holds a good faith belief that any matter designated hereunder is not entitled to the protections of this Protective Order, that party may serve on the designating party an objection to the designation within forty-five (45) days of receipt of notice of the designation. Such objection(s) may be served by facsimile and will be deemed received one day after the objection is sent via facsimile. After service of the objection, the parties shall meet and confer regarding the objection. If the parties are unable to reach agreement concerning the designation of the matter, then the party seeking a designation of CONFIDENTIAL may file and serve a motion for a protective order from the Court directing that the documents in question be designated as CONFIDENTIAL hereunder. Any such motion shall be filed and served within forty-five (45) days after service of the objection. Any such motion shall be set for the earliest possible date on the Court's law and motion calendar, and shall not be continued without the consent of all parties. If such motion is not made in such time and manner, then the documents in question shall not be deemed or treated as CONFIDENTIAL. The parties may stipulate in writing to extend the time periods to object and/or file a motion requesting a CONFIDENTIAL designation.

7.      The terms of this Protective Order are applicable to CONFIDENTIAL information submitted or produced by a non party, and such information produced by a non party in connection with this litigation is protected by the remedies and relief provided by this Protective Order.  A non party providing information to all the parties through either formal or informal discovery means shall (a) have the same right as a party to designate any such information under this Protective Order, and (b) shall have the standing to enforce the terms of this Protective Order with respect to disclosure and use of that non party's designated information.

8.      All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, including all appeals, unless otherwise agreed or ordered.  If within 30 days of the conclusion of the litigation, including all appeals, the conveying party notifies the receiving party in writing that it wants all Confidential Information to be returned or destroyed, then within 30 days of receiving the written notification, any document or thing, other than attorney work product, which contains Confidential Information of a party and all copies made thereof, including any copies provided to any other persons, shall be returned to the conveying party from whom it was obtained or destroyed.  If a party destroys, rather than returns, Confidential Information, that party shall certify in writing that such documents have been destroyed, and serve such certification on all parties within 30 days of the above written notification.  At the conclusion of this litigation, including all appeals, counsel for the parties shall maintain the confidentiality as specified in this Order of all work product materials containing Confidential Information, and shall not use Confidential Information for any other purpose.

9.      The parties retain the right to designate as "CONFIDENTIAL" those documents they disclosed, produced or received prior to entering into this Stipulated Protective Order.

Presented and agreed by:

Dated: December 19, 2007

TIMOTHY C. DAVIS
DAMIEN P. LILLIS
THE DAVIS LAW FIRM, APC

By: [signature]
Damien P. Lillis

Attorneys for Plaintiff

BONNIE J. SCHMIDT

Dated: December 19, 2007

RAYMOND L. WHEELER
TERESA N. BURLISON
MORRISON & FOERSTER LLP

By: [signature]
Teresa N. Burlison

Attorneys for Defendants

SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS CORPORATION, BJOERN FISCHER, and HOLGER LIEBEL

**ORDER**

GOOD CAUSE APPEARING, AND PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: January 6, 2008

KEVIN E. McKENNEY

Judge of the Superior Court

The court has signed the parties' confidentiality protective order. This protective order does not eliminate the need for compliance with California Rules of Court 2.550 and 2.551. The filing of documents with the court that the parties deem to be confidential is governed by Rules 2.550 and 2.551. Court records are presumptively open to the public. Provision is made in Rule 2.551(d) for the lodging of records that a party is requesting be placed under seal. Accordingly, any party desiring to file under seal documents deemed to be confidential should make a motion or an application to do so under Rule 2.551. Any such application should lodge the documents that are requested to be sealed, so that the documents may be returned if the application is denied. Lodged documents must be accompanied by redacted versions of those same documents under Rule 2.551(b)(5).

**PROMISE OF CONFIDENTIALITY**

I, ________________________________________, declare:

1. My address is ________________________________________________________

__________________________________________________________________________.

2. I have received a copy of the Protective Order Regarding Confidential Information in the action entitled *Bonnie J. Schmidt v. Siemens Medical Solutions USA, Inc., et al.*, pending in the Superior Court of California, County of Santa Clara, Case No. 1-07-CV-091780 (the "Litigation"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of the Litigation, any information designated "Confidential" which I receive or review in the Litigation.

Executed this ______ day of _______________, 200__ at ______________________, ______________________.

I declare under penalty of perjury that the foregoing is true and correct.

______________________________________________

Superior Court of California, County of Santa Clara
Civil Division, 191 North First St.
San Jose, CA  95113

RECEIVED

JAN 17 2008

MORRISON & FOERSTER LLP

TO:    Raymond L Wheeler
       Morrison & Foerster
       755 Page Mill Rd
       Palo Alto, CA 94304

RE:  B. Schmidt vs Siemens Medical Solutions Usa Inc, et al
Case Nbr:  1-07-CV-091780

NOTICE RE: SANCTIONS/DISMISSAL PURSUANT TO CRC 3.110

You are hereby ordered to appear in this Court on:

Date: 02/21/08  At: 1002AM In: Dept 5

Civil Division, 191 North First St., San Jose, CA 95113

and show cause why sanctions should not be imposed or why the above entitled
case should not be dismissed for failure to serve summons and complaint as
required by California Rules of Court 3.110.

OSC/Re: Failure to Serve Defendant Siemens Ag

Any written opposition to the dismissal must be filed at least five (5) days
prior to the above scheduled hearing date.

COMPLIANCE WITH ALL STATE AND LOCAL RULES OF COURT IS MANDATORY.

---

Parties/Attorneys of Record:

CC: Timothy C. Davis , Davis Law Firm APC
        625 Market Street, 12th Floor, San Francisco, CA 94105

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or the Voice/TDD Californa Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on 01-16-08.  KIRI TORRE, Chief Executive Officer/Clerk by Lisa Wilson, Deputy.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): TELEPHONE NO.:
Elisa R. Aldecoa (SBN 210516)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR

SAN FRANCISCO, CA 94105

ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

Insert name of court and name of judicial district and branch court, if any:
SUPERIOR COURT, County of Santa Clara

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT:

CIV-110

FOR COURT USE ONLY

FILED
2008 FEB 11 PM 3:08
KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
DEPUTY

M. Rosales

UCS

## REQUEST FOR DISMISSAL

☐ Personal Injury, Property Damage, or Wrongful Death
☐ Motor Vehicle ☐ Other
☐ Family Law
☐ Eminent Domain
☒ Other (specify): wrongful termination, discrimination, retaliation

CASE NUMBER:
107CV091780

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☐ With prejudice (2) ☒ Without prejudice
   b. (1) ☐ Complaint (2) ☐ Petition
   (3) ☐ Cross-complaint filed by (name): on (date):
   (4) ☐ Cross-complaint filed by (name): on (date):
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other (specify):* Complaint ONLY as to Defendant Semens AG.

BY FAX

Date: February 11, 2008

Elisa R. Aldecoa (SBN 210516)
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

(SIGNATURE)
Attorney or party without attorney for:
☒ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross - complainant

* If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

(SIGNATURE)
Attorney or party without attorney for:
☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross - complainant

** If a cross-complaint-or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

(To be completed by clerk)
3. ☒ Dismissal entered as requested on (date): FEB 11 2008
4. ☐ Dismissal entered on (date): as to only (name):
5. ☐ Dismissal not entered as requested for the following reasons (specify):

6. ☒ a. Attorney or party without attorney notified on (date): FEB 11 2008
   b. Attorney or party without attorney not notified. Filing party failed to provide
   ☐ a copy to conform ☐ means to return conformed copy

Date: FEB 11 2008

KIRI TORRE
Clerk, by M. Rosales, Deputy

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]

REQUEST FOR DISMISSAL

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390

FILED
2008 FEB 11 PM 3:09
CLERK
SANTA CLARA
M. Rosales

625 Market Street, 12th Street, 12th Floor, San Floor, San Francisco, CA Francisco, CA 94105 • 94105 • Telephone: (415)
The Davis Law Firm. A Professional Law Corporation

## PROOF OF SERVICE

The undersigned hereby declares that I am over the age of 18 years and not a party to or interested in the within entitled cause. I am an employee of The Davis Law Firm, APC and my business address is 625 Market Street, 12th Floor, San Francisco, California 94105. On the date stated below, I served a true copy of:

**REQUEST FOR DISMISSAL +**

☒ By mail, by placing said document(s) in an envelope addressed as shown below. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the date stated below to the addressee stated below, following ordinary business practices.

☐ By messenger, by placing said document(s) in an envelope addressed as shown below, and dispatching a messenger from my place of business with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving a true copy thereof with the person whose name is shown or the person who was apparently in charge of that person's office or residence.

☐ By facsimile transmission to the individual and facsimile number set forth below. I caused the document(s) to be transmitted by facsimile machine to the addresses listed below at the facsimile number listed below. I am readily familiar with my firm's practice for transmissions by facsimile, to wit, transmissions are sent as soon as possible and are repeated, if necessary, until they are reported as complete and without error. In sending the above described document by facsimile, I followed my firm's ordinary business practices.

☐ By Overnight Delivery by placing said document(s) in a sealed Overnight Delivery envelope addressed as shown below and causing such envelope delivered by commercial carrier service for overnight delivery to the addresses shown below.

Raymond L. Wheeler
Teresa N. Burlison
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304

**Attornevs for Defendants**

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Francisco, California on January 4 2008.

Cortney A. Creamer

SUPERIOR JRT OF CALIFORNIA, COUNTY SANTA CLARA
191 N. First Street
San Jose, CA 95113-1090

CALENDARED
MORRISON & FOERSTER
MAR - 3 2008
FOR DATE(S) 5\22
BY

RECEIVED
FEB 27 2008
Morrison & Foerster, LLP.

TO: Raymond L Wheeler
Morrison & Foerster
755 Page Mill Rd
Palo Alto, CA 94304

RE: B. Schmidt vs Siemens Medical Solutions Usa Inc, et al
Case Nbr: 1-07-CV-091780

NOTICE OF MEDIATION STATUS CONFERENCE

The above entitled case has been referred to mediation per the parties' stipulation.

Within 20 days of the stipulation to mediation, the parties shall agree on a mediator and a mediation date. Within the same 20-day period, plaintiff's counsel shall either complete and submit to the ADR Administrator the enclosed ADR Stipulation and Order form (Local Civil Rule 2(b)(2)), or shall submit the same information by letter.

The parties may use the court referral service by contacting the ADR Administrator at (408) 882-2530 or by accessing the Court web site at www.sccsuperiorcourt.org/civil/ADR. Parties may also make their own arrangements for a mediator, but must submit the name of the mediator and date of mediation within 20 days in any event.

The Mediation Status Conference for the above entitled case is:
ON: 05/22/08 AT: 1030AM IN: Dept 5
Superior Court, 191 N. 1st Street, San Jose, CA 95113

---

COPIES TO:

CC: Timothy C. Davis , Davis Law Firm APC
625 Market Street, 12th Floor, San Francisco, CA 94105

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's Office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on 02-26-08. KIRI TORRE, Chief Executive Officer/Clerk by Elizabeth Pierce, Deputy

RAYMOND L. WHEELER (BAR NO. 52886)
Email: RWheeler@mofo.com
TERESA N. BURLISON (BAR NO. 230854)
Email: TBurlison@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

LINDA E. SHOSTAK (BAR NO. 64599)
Email: LShostak@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS CORPORATION, BJOERN FISCHER, and HOLGER LIEBEL

UCS

FILED
MAR 17 2008
KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY ____________ DEPUTY
Elizabeth Pierce

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 1-07-CV-091780

UNLIMITED JURISDICTION

**JOINT STIPULATION SELECTING MEDIATION AND [~~PROPOSED~~] ORDER**

Date Action Filed: August 9, 2007
Trial Date: None Set

pa-1240858

WHEREAS, a case management conference was held on February 21, 2008, during which the Parties stipulated on the record to submit this matter to mediation.

WHEREAS, the Parties have met and conferred regarding mediators and mediation dates.

WHEREAS, the Parties want to retain a highly qualified and well-regarded neutral to mediate this matter.

WHEREAS, Defendants proposed to mediate this matter in May or June 2008, but Plaintiff's counsel has requested that mediation be delayed until early August 2008 to accommodate their trial schedule and to ensure preliminary depositions of key witnesses are completed prior to mediation.

WHEREFORE, IT IS STIPULATED AND AGREED by the Parties, through their respective counsel of record, and pursuant to Local Civil Rule of Court 2(b)(2):

1. All parties in this action have appeared and the claims in this action shall be submitted to mediation.

2. Mark S. Rudy of Rudy, Exelrod & Zieff, LLP shall serve as mediator, and the mediation session will take place on August 8, 2008.

3. The Plaintiff's deposition in this matter will commence on April 3, 2008 and continue on April 4, and the Parties will make a good faith effort to complete it no later than April 30, 2008.

4. Counsel for Defendants will cooperate in good faith with the scheduling of those depositions Plaintiff's counsel would like to take following the Plaintiff's deposition, and before mediation, and the Parties will make a good faith effort to complete such depositions no later than June 30, 2008.

5. At the May 22, 2008 mediation status conference currently docketed, the Parties will request that the Court not schedule a trial date until after this matter has been mediated on August 8, 2008, because the Parties agree that a trial date should not be set prior to mediation. At the May 22 mediation status conference, therefore, the Parties jointly will request that another mediation status conference be scheduled in ninety (90) days, consistent with the Court's calendar.

Dated: March 14, 2008

RAYMOND L. WHEELER
TERESA N. BURLISON
MORRISON & FOERSTER LLP

By: /s/ Teresa N. Burlison
Teresa N. Burlison

Attorneys for Defendants

SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS CORPORATION, BJOERN FISCHER, and HOLGER LIEBEL

Dated: March 14, 2008

TIMOTHY C. DAVIS
DAMIEN P. LILLIS
ELISA R. ALDECOA
THE DAVIS LAW FIRM, PC

By: /s/ Elisa R. Aldecoa
Elisa R. Aldecoa

Attorneys for Plaintiff

BONNIE J. SCHMIDT

PURSUANT TO STIPULATION OF THE PARTIES, IT IS HEREBY ORDERED as follows:

**[PROPOSED] ORDER**

Case Number: 1-07-CV-091780

☑ The Case Management Conference currently set for May 22, 2008, at 10:30 AM/PM in Department 5 is hereby vacated.

☐ Mediation Status Review

☐ Case Status Review re: ______________________________

☒ Trial Setting Conference

is set for August 19 2008, at 11 AM/PM in Department 5.

☐ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of the arbitrator.

☐ Trial Setting Conference following ADR Review is set for ______________, 20___, at _______AM/PM in Department ________.

IT IS SO ORDERED.

Date: March 17, 2008

Judge of the Superior Court
Mary Jo Levinger

---

☐ **CLERK'S CERTIFICATE OF PERSONAL SERVICE**

I certify that I am not a party to this cause and that a true and correct copy of this document was hand-delivered to the parties listed below at __________ (time) on ________________ (date) in the Clerk's Office, Calendar Unit of the Santa Clara County Superior Court, located at 191 N. First Street, San Jose, California.

Kiri Torre, Clerk of the Court, by ______________________________, Deputy Clerk

☐ **CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this cause and that a true and correct copy of this document was mailed first class postage prepaid in a sealed envelope addressed as shown below and the document was mailed at __________ (time) on ________________ (date) in San Jose, California.

Kiri Torre, Clerk of the Court, by ______________________________, Deputy Clerk

MORRISON FOERSTER LLP
Raymond L. Wheeler, Esq.
Teresa N. Burlison, Esq.
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

THE DAVIS LAW FIRM, APC
Timothy C. Davis, Esq.
Damien P. Lillis, Esq.
Elisa R. Aldecoa, Esq
625 Market Street, 12th Floor
San Francisco, CA 94105
Phone: (415) 278-1400
Fax: (415) 278-1401

# PROOF OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California 94304-1018. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on the date hereof, I served a copy of:

**JOINT STIPULATION SELECTING MEDIATION AND [PROPOSED] ORDER**

☐ **BY FACSIMILE [Code Civ. Proc sec. 1013(e)]** by sending a true copy from Morrison & Foerster LLP's facsimile transmission telephone number 650.494.0792 to the fax number(s) set forth below, or as stated on the attached service list. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile transmissions, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be transmitted by facsimile on the same date that it (they) is (are) placed at Morrison & Foerster LLP for transmission.

☒ **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☐ **BY OVERNIGHT DELIVERY [Code Civ. Proc sec. 1013(d)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by UPS, at 755 Page Mill Road, Palo Alto, California 94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

☐ **BY PERSONAL SERVICE [Code Civ. Proc sec. 1011]** by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with Morrison & Foerster LLP's practice for the collection and processing of documents for hand delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be taken from Morrison & Foerster LLP's mailroom and hand delivered to the document's addressee (or left with an employee or person in charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom.

☐ **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the email address(s) set forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6.

| | |
|---|---|
| The Davis Law Firm, APC | _______ Fax |
| Timothy C. Davis, Esq. | ___X___ U.S. Mail |
| Damien P. Lillis, Esq. | _______ Overnight |
| 625 Market Street, 12th Floor | _______ Personal |
| San Francisco, CA 94105 | |
| Phone: (415) 278-1400 | Attorneys for Plaintiff |
| Fax: (415) 278-1401 | Bonnie J. Schmidt |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Palo Alto, California, this 14th day of March, 2008.

| Kate Trevisan | Kate [signature] |
|---|---|
| (typed) | (signature) |

SUPERIOR ... OF CALIFORNIA, COUNTY . SANTA CLARA
191 N. First Street
San Jose, CA 95113-1090

RECEIVED
MAR 19 2008
Morrison & Foerster, LLP.

TO: Raymond L Wheeler
Morrison & Foerster
755 Page Mill Rd
Palo Alto, CA 94304

RE: B. Schmidt vs Siemens Medical Solutions Usa Inc, et al
Case Nbr: 1-07-CV-091780

**NOTICE OF TRIAL SETTING CONFERENCE**

A Trial Setting Conference has been scheduled for:

Date: 08/19/08 At: 1100AM in: Dept 5

Superior Court, 191 North First Street, San Jose, Ca., 95113

NOTE: EXCEPT UPON FURTHER ORDER OF THE COURT, RESETTING ORDERS WILL HAVE NO EFFECT UPON THE DATES FOR DISCOVERY CUTOFF, PRIOR TO THE ORIGINAL TRIAL DATE.

For further information, call the Calendar Office (408)882-2100.

---

Parties/Attorneys of Record:

CC: Timothy C. Davis , Davis Law Firm APC
625 Market Street, 12th Floor, San Francisco, CA 94105

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL. I declare under penalty of perjury that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the U.S. Mail at San Jose, CA on 03-17-08. KIRI TORRE, Chief Executive Officer/Clerk by Elizabeth Pierce, Deputy.

THE DAVIS LAW FIRM, APC
TIMOTHY C. DAVIS (SBN 60936)
tdavis@sfdavislaw.com
DAMIEN P. LILLIS (SBN 191258)
dlillis@sfdavislaw.com
ELISA R. ALDECOA (SBN 210516)
ealdecoa@sfdavislaw.com
625 Market Street, 12th Floor
San Francisco, California 94105
Telephone: (415) 278-1400
Facsimile: (415) 278-1401

Attorneys for Plaintiff
BONNIE J. SCHMIDT

625 Market Street, 12th Street, 12th Floor, San Francisco, CA Francisco, CA 94105 • 94105 • Telephone: (415)
The Davis Law Firm. A Professional Law Corporation

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 107CV091780

**PLAINTIFF BONNIE SCHMIDT'S EX PARTE APPLICATION TO HAVE THE COURT ENDORSE THE PARTIES' STIPULATION AND [PROPOSED] ORDER REGARDING FILING OF THE FIRST AMENDED COMPLAINT; DECLARATION OF ELISA R. ALDECOA IN SUPPORT THEREOF**

Date: March 28, 2008
Time: 8:30 a.m.
Dept.: 5
Judge: Hon. Mary Jo Levinger

Complaint Filed: August, 9, 2007

**NOTICE OF EX PARTE APPLICATION**

Plaintiff Bonnie Schmidt ("Schmidt" and/or "Plaintiff") hereby applies Ex Parte to have the Court Endorse the Parties' Stipulation and [Proposed] Order Regarding Filing of the First Amended Complaint pursuant to California Rules of Court 3.1200 – 3.1207 and 3.1300(b), (formerly C.R.C. 379 and 317(b), respectively). As set forth below in the accompanying Memorandum of Points and Authorities, good cause exists for the Court to Endorse the Parties' Stipulation and [Proposed] Order

regarding the following: 1) Filing of a First Amended Complaint and; 2) Deeming Defendants' Answer to the Original Complaint as its Answer to Plaintiff's First Amended Complaint.

This Ex Parte Application is based on the accompanying Memorandum of Points and Authorities, the Stipulation and [Proposed] Order Regarding Filing of the First Amended Complaint filed concurrently herewith, the Declaration of Elisa R. Aldecoa and all papers on file in this action.

Pursuant to California Rules of Court 3.1203(a), Plaintiff notified Morrison & Foerster LLP, counsel for Defendants Siemens Medical Solutions USA, Inc., Siemens Corporation, Bjoern Fischer and Holger Liebel ("Defendants") in this action, of this *Ex Parte* hearing before 10:00 a.m. on the day before the hearing, by facsimile. (See Declaration of Elisa R. Aldecoa ("Aldecoa Decl."), ¶ 4; Exhibit A.)

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Street, 12th Floor, San Floor, San Francisco, CA Francisco, CA 94105 • 94105 • Telephone: (415)

Dated: March 27, 2008

THE DAVIS LAW FIRM
A Professional Law Corporation

By: ______________________
TIMOTHY C. DAVIS
DAMIEN P. LILLIS
ELISA R. ALDECOA
Attorneys for Plaintiff BONNIE SCHMIDT

625 Market Street, 12th Street, 12th Floor, San Floor, San Francisco, CA Francisco, CA 94105 • 94105 • Telephone: (415)

The Davis Law Firm. A Professional Law Corporation

**EX PARTE APPLICATION**

Good cause exists for the Court to endorse the Parties' Stipulation and [Proposed] Order regarding the following: 1) Filing of a First Amended Complaint and; 2) Deeming Defendants' Answer to the Original Complaint as its Answer to Plaintiff's First Amended Complaint.

On August 7, 2007 Plaintiff filed a Complaint against Defendants. On October 23, 2007, the Defendants filed an Answer to the Complaint. During the Parties' meet and confer over discovery, the Plaintiff agreed to file a First Amended Complaint to allege disparate impact. In the interests of moving this matter forward, the Parties agreed to stipulate to the filing of the First Amended Complaint. (California Rules of Court 3.1202(c).) Indeed, the Parties have agreed to mediate this matter on August 8, 2008 before Mark Rudy. (Aldecoa Decl., ¶¶ 2 -3.)

For the foregoing reasons, Plaintiff respectfully requests that the Court endorse the Parties' Stipulation and [Proposed] Order Regarding Filing of the First Amended Complaint (which is being filed concurrently herewith).

Dated: March 27, 2008

THE DAVIS LAW FIRM
A Professional Law Corporation

By: ______________________
TIMOTHY C. DAVIS
DAMIEN P. LILLIS
ELISA R. ALDECOA
Attorneys for Plaintiff BONNIE SCHMIDT

625 Market Street, 12th Street, 12th Floor, San Floor, San Francisco, CA Francisco, CA 94105 • 94105 • Telephone: (415)

The Davis Law Firm. A Professional Law Corporation

**DECLARATION OF ELISA R. ALDECOA**

I, ELISA R. ALDECOA, declare:

1. I am an attorney duly admitted to practice before all of the courts of the State of California. I am an attorney with The Davis Law Firm, counsel for Plaintiff Bonnie Schmidt ("Schmidt" and/or "Plaintiff"). I have personal knowledge of the matters set forth in this Declaration, and if called to testify, I could and would competently testify to them.

2. During the Parties' meet and confer over discovery, the Plaintiff agreed to file a First Amended Complaint to allege disparate impact. In the interests of moving this matter forward, the Parties agreed to stipulate to the filing of the First Amended Complaint.

3. The Parties have agreed to mediate this matter on August 8, 2008 before Mark Rudy.

4. On March 26, 2008, I notified Teresa Burlison of Morrison & Foerster LLP, counsel for Defendants of my intention to appear Ex Parte on Friday, March 28, 2008 at 8:30 a.m. before Judge Mary Jo Levinger in Department 5 concerning the Court's endorsement of the Parties' Stipulation and [Proposed] Order Regarding the filing of the First Amended Complaint.

5. On this same date, I had a telephone conversation with Ms. Burlison regarding the Ex Parte hearing and she stated that she did not intend to appear. In that same conversation she asked that I forward her a copy of the Ex Parte papers. To that end, I e-mailed Ms. Burlison a copy of Plaintiff's Ex Parte papers today along with the executed Stipulation and [Proposed] Order Regarding Filing of the First Amended Complaint.

6. Attached hereto as Exhibit A is a true and correct copy of my correspondence addressed to the attention of Ms. Burlison and dated March 26, 2008.

I declare under penalty of perjury that the foregoing is true and correct, executed this 27th day of March, 2007 at San Francisco, California.

ELISA R. ALDECOA

625 Market Street, 12th Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415)

The Davis Law Firm. A Professional Law Corporation

**PROOF OF SERVICE**

The undersigned hereby declares:

I am over the age of 18 years and not a party to or interested in the within entitled cause. I am an employee of The Davis Law Firm, APC and my business address is 625 Market Street, 12th Floor, San Francisco, CA 94105. On the date stated below, I served a true copy of:

**PLAINTIFF BONNIE SCHMIDT'S EX PARTE APPLICATION TO HAVE THE COURT ENDORSE THE PARTIES' STIPULATION AND [PROPOSED] ORDER REGARDING FILING OF THE FIRST AMENDED COMPLAINT**

☐ By mail, by placing said document(s) in an envelope addressed as shown below. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the date stated below to the addressee stated below, following ordinary business practices.

☐ By messenger, by placing said document(s) in an envelope addressed as shown below, and dispatching a messenger from my place of business with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving a true copy thereof with the person whose name is shown or the person who was apparently in charge of that person's office or residence.

☐ By Overnight Delivery by placing said document(s) in a sealed Overnight Delivery envelope addressed as shown below and causing such envelope delivered by commercial carrier service for overnight delivery to the addresses shown below.

☒ By personally servicing the documents on opposing counsel, listed bellow, at the ex parte hearing on March 28, 2008 in Department 5.

| | |
|---|---|
| Raymond L. Wheeler<br>Teresa N. Burlison<br>Morrison & Foerster LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br><br>**Attorneys for Defendants** | |

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Francisco, California on March 27, 2008.

Elisa R. Aldecoa





The Davis Law Firm.
A Professional Law Corporation

FILE COPY

ELISA R. ALDECOA
EALDECOA@SFDAVISLAW.COM
DIRECT DIAL: (415) 278-1418
FACSIMILE: (415) 278-1419

March 26, 2008

VIA FACSIMILE

Teresa N. Burlison, Esq.
Morrison & Foerster
755 Page Mill Road
Palo Alto, CA 94304

Re: *Bonnie Schmidt v. Siemens Medical Solutions, Inc., et al.*
**Santa Clara County Superior Court Case No. 107CV091780**

Dear Ms. Burlison:

Please be advised that we will appear Ex Parte on **Friday, March 28, 2008 at 8:30 a.m.** before Judge Mary Jo Levinger in Department 5 seeking an Order to file a First Amended Complaint pursuant to Stipulation of the parties.

As always, should you have any questions regarding the foregoing, please call me.

Very truly yours,

Elisa R. Aldecoa

cc: Raymond L. Wheeler, Esq.

625 Market Street, 12th Floor, San Francisco, CA 94105
Tel. 415.278.1400 Fax. 415.278.1401 www.sfdavislaw.com



The Davis Law Firm
A Professional Law Corporation

625 Market Street, 12th Floor San Francisco, CA 94105
Telephone (415) 278-1400 • Facsimile (415) 278-1401

March 26, 2008

| **To:** | **Phone No.** | **Fax No.** |
|---|---|---|
| Teresa Burlison | (650) 813-5656 | **(650) 494-0792** |
| Morrison & Foerster | | |

| **From:** | **Direct Dial** | **Direct Fax** | **Our Ref. #** |
|---|---|---|---|
| Elisa R. Aldecoa | 415-278-1418 | 415-278-1401 | 3012.001 |

**RE:** *Schmidt v. Siemens Medical Solutions USA, Inc. et al.*

**Total Number Of Pages (Including Cover Page):** **2**

---

**MESSAGE:**

Please see attached.

{00017021} THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

**IF YOU DO NOT RECEIVE ALL PAGES CALL (415) 278-1400.**

* * * Communication Result Report ( Mar. 26. 2008 4:02PM ) * * *

1)
2)

Date/Time: Mar. 26. 2008 4:01PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 2866 | Memory TX Figueroa v Gilroy | 16504940792 | P. 2 | OK | |

Schmidt

Reason for error
E. 1) Hang up or line fail
E. 2) Busy
E. 3) No answer
E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

The Davis Law Firm.
*A Professional Law Corporation*

625 Market Street, 12th Floor San Francisco, CA 94105
Telephone (415) 278-1400 • Facsimile (415) 278-1401

March 26, 2008

| To: | Phone No. | Fax No. |
|---|---|---|
| Teresa Burlison<br>Morrison & Foerster | (650) 813-5656 | (650) 494-0792 |

| From: | Direct Dial | Direct Fax | Our Ref. # |
|---|---|---|---|
| Elisa R. Aldecoa | 415-278-1418 | 415-278-1401 | 3012.001 |

RE: *Schmidt v. Siemens Medical Solutions USA, Inc. et al.*

Total Number Of Pages (Including Cover Page): 2

**MESSAGE:**

Please see attached.

{[D0]7021} THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

IF YOU DO NOT RECEIVE ALL PAGES CALL (415) 278-1400.

THE DAVIS LAW FIRM, APC
TIMOTHY C. DAVIS (SBN 60936)
tdavis@sfdavislaw.com
DAMIEN P. LILLIS (SBN 191258)
dlillis@sfdavislaw.com
ELISA R. ALDECOA (SBN 210516)
ealdecoa@sfdavislaw.com
625 Market Street, 12th Floor
San Francisco, California 94105
Telephone: (415) 278-1400
Facsimile: (415) 278-1401

2008 MAR 28 A 8:44

Attorneys for Plaintiff
BONNIE J. SCHMIDT

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415)

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 107CV091780

**STIPULATION AND [PROPOSED] ORDER REGARDING FILING OF FIRST AMENDED COMPLAINT**

Complaint Filed: August, 9, 2007

Plaintiff Bonnie Schmidt ("Schmidt" and/or "Plaintiff") and Defendants Siemens Medical Solutions USA, Inc., Siemens Corporation, Bjoren Fischer and Holger Liebel (collectively, "Siemens" and/or "Defendants") hereby stipulate and agree by and through their respective attorneys of record, as follows:

WHEREAS, Plaintiff filed this action on August 9, 2007.

WHEREAS, Defendants filed their Answer to Plaintiff's Complaint on October 12, 2007.

WHEREAS, all parties in this action, through their counsel, agree that an amendment to the

Complaint is appropriate and that such amendment would be accomplished by was of this Stipulation and [Proposed] Order. The only revision from the original Complaint is the addition of a new paragraph 52, page 12, lines 3 through 7, which is attached hereto as Exhibit 1.

NOW THEREFORE, the parties agree, by and through their respective counsel of record, that Plaintiff may file a First Amended Complaint, which is attached hereto as Exhibit 1, and that Defendants' Answer to the Original Complaint shall be deemed the Answer to Plaintiff's First Amended Complaint.

**IT IS SO STIPULATED.**

DATED: March 27, 2008

**THE DAVIS LAW FIRM**

By: ______________________
Timothy C. Davis, Esq.
Damien P. Lillis, Esq.
Elisa R. Aldecoa, Esq.
Attorneys for Plaintiff BONNIE SCHMIDT

DATED: March 26, 2008

**MORRISON & FOERSTER LLP**

By: Teresa N. Burlison
Raymond L. Wheeler, Esq.
Teresa N. Burlison, Esq.
Attorneys for Defendants SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS CORPORATION, BJOREN FISCHER and HOLGER LIEBEL

**ORDER**

THE FOREGOING STIPULATION IS APPROVED. Plaintiff Bonnie Schmidt may file the First Amended Complaint referenced above.

**IT IS SO ORDERED.**

Dated: MAR 28 2008

Mary Jo Levinger
______________________
Judge of the Santa Clara Superior Court

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

THE DAVIS LAW FIRM, APC
TIMOTHY C. DAVIS (SBN 60936)
tdavis@sfdavislaw.com
DAMIEN P. LILLIS (SBN 191258)
dlillis@sfdavislaw.com
ELISA R. ALDECOA (SBN 210516)
ealdecoa@sfdavislaw.com
625 Market Street, 12th Floor
San Francisco, California 94105
Telephone: (415) 278-1400
Facsimile: (415) 278-1401

Attorneys for Plaintiff
BONNIE J. SCHMIDT

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| BONNIE J. SCHMIDT,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 107CV091780<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>2. EMPLOYMENT DISCRIMINATION<br>3. RETALIATION<br>4. BREACH OF IMPLIED CONTRACT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Bonnie Schmidt ("Plaintiff") alleges as follows for her First Amended Complaint for Damages:

**JURISDICTION AND VENUE**

1. Venue is proper in this Court because one or more of the Defendants reside in Santa Clara County ("County"), many of the acts complained of occurred in this County, and the obligations

in dispute were incurred and to be performed in this County.

PARTIES

2. Plaintiff Bonnie Schmidt is an individual who resides in the State of California and who was employed by Defendants in their Mountain View office from July 1, 2001 until her wrongful termination on October 31, 2006. Plaintiff is a member of a protected class and was perceived by Defendants to be a member of a protected class. Prior to her employment at Defendants' Mountain View office, Plaintiff had been employed by Defendants since September 1988 at offices in Florida, Connecticut, Santa Clara, California, New Jersey and North Carolina.

3. Defendant Siemens Medical Solutions USA, Inc. is a Delaware corporation with an office in Mountain View, California, and which employs more than five employees. On information and belief, Plaintiff alleges that Siemens Medical Solutions USA, Inc. is owned and controlled by Defendant Siemens Corporation, a New York corporation with more than five employees.

4. Defendant Siemens AG is a German public stock corporation with headquarters in Munich and Berlin, Germany, and which employs more than 460,000 employees worldwide. On information and belief, Plaintiff alleges that Siemens Corporation is owned and controlled by Defendant Siemens AG.

5. Defendant Bjoern Fischer is an individual residing in California, is a citizen of California, and during the relevant time frame was a supervisor and/or managing agent of Defendants.

6. Defendant Holger Liebel, during all times relevant to the complaint, was an individual residing in California, a citizen of California, and a supervisor and/or managing agent of Defendants. The corporate defendants, along with Fischer and Liebel, are referred to jointly as "Siemens" or "Defendants."

7. Plaintiff does not know the true names and capacities, whether individual, partners or corporate, or otherwise, of the Defendants sued as DOES 1 through 20, inclusive, and for that reason said Defendants are sued herein under such fictitious names, and Plaintiff prays leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes and thereupon alleges that DOES 1 through 20 are responsible, individually and collectively, for the injuries to Plaintiff alleged herein.

The Davis Law Firm
A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

8. On information and belief, Plaintiff alleges that, except as otherwise stated herein, at all times herein mentioned, each DOE Defendant participated in the doing of the acts herein alleged to have been done by the named Defendants, and furthermore, the DOE Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of the other Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

9. Plaintiff is informed and believes and thereupon alleges that except as otherwise stated herein, at all times herein mentioned, the acts and omissions of the various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximity causing the injuries and damages as herein alleged.

10. Plaintiff is informed and believes and thereupon alleges that except as otherwise stated herein, at all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. In September 1988 Plaintiff joined Defendants' Siemens Information Systems ("SIS") in Boca Raton, Florida, as Assistant Controller. She was hired by Dieter Diehn, the Chief Financial Officer and Executive Vice President of SIS and reported to Winfred Sirringhaus, the SIS Controller. Plaintiff was responsible for managing the on-going financial activities of SIS including, but not limited to, financial accounting, monthly reporting, payroll, tax matters, accounts receivable and payable, inventory valuation, and audit management. Speaking, understanding and/or reading German were not required for Plaintiff's Assistant Controller position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

12. In January 1990, Plaintiff received an overall performance evaluation of "Above Average" (the second highest designation) for her work as Assistant Controller at SIS. SIS rewarded Plaintiff with a monetary bonus in November 1991 for her outstanding performance.

13. In December 1991, Plaintiff was invited by Dieter Diehn, who was now Rolm Company's EVP and CFO, to join Rolm Company ("Rolm"), a joint venture between IBM and Seimens with offices in Norwalk, Connecticut, with Plaintiff working as a member of the finance team. In June

The Davis Law Firm
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

1992, Plaintiff assumed the responsibilities of Director of Accounting at Rolm, and was responsible for managing the on-going financial activities of Rolm including financial accounting, monthly reporting, payroll, tax matters, accounts receivable and payable, inventory valuation, and audit management. Speaking, understanding and/or reading German were not required for Plaintiff's Director of Accounting position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

14. During 1993 and 1994, Rolm Company changed its name to Siemens Rolm and Plaintiff began reporting to Siemens Rolm's VP and Controller. Also during this same period, Plaintiff received bonuses totaling $25,000 for successfully consolidating the accounting functions at Siemens Rolm with Defendants' existing accounting processes, and for merging Siemens Rolm's manufacturing and sales financial systems.

15. In June 1996, Plaintiff was named the Director of Audit at Siemens Rolm and reported to a German male named "Hans," who was the Vice President of Audit for Siemens Telecommunications Group. In this role Plaintiff was responsible for auditing company processes, internal financial controls, and working with management to improve internal financial controls and processes. Speaking, understanding and/or reading German were not required for Plaintiff's VP of Audit position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

16. At the suggestion of management, Plaintiff applied for and ultimately accepted a position as Vice President and Controller for Siemens Medical Solutions, Inc. ("SMS") in Iselin, New Jersey in June 1998. SMS was allegedly one of the most monetarily successful Siemens companies at the time, and Plaintiff reasonably considered the Vice President title and corresponding salary increase as a significant promotion. In this position Plaintiff was responsible for financial activities within all SMS divisions including internal control compliance, consolidated monthly financial reporting, coordinating annual budgets, foreign currency hedging, and audit management. Speaking, understanding and/or reading German were not required for Plaintiff's VP & Controller position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

17. In February 1999, Plaintiff received an overall performance evaluation of "6" (out of

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

7) for her work as VP and Controller at SMS. Reinhard Benditte, SMS' EVP and CFO, conducted the evaluation.

18. At the suggestion of Gerald Wright, who was the CFO of Siemens Corporation, Plaintiff applied for and ultimately accepted a position as VP and CFO for Siemens Power Transmission and Distribution USA ("SPTD") in Raleigh, North Carolina in August 1999. Plaintiff was responsible for financial activities within SPTD associated with sales and service functions, research and development projects, customer contracts, target agreements with other Siemens divisions, including annual budgeting, financial forecasting and results reporting, risk management, structuring business transactions so as to comply with IRS and German tax requirements, interactions with and reports for the SPTD Board of Directors, and management of financial support activities such as payroll, payables and purchasing. Speaking, understanding and/or reading German were not required for Plaintiff's VP & CFO position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

19. In November 1999, just three months after joining SPTD, Plaintiff's salary was increased by fifteen point five percent (15.5%) to $170,000. (Despite the increase, on information and belief, it appears that Plaintiff's salary was below the midrange salary for comparable VP and Controller positions within Defendants' companies, this despite consistently positive performance evaluations during her 11 years of employment with Defendants.)

20. In November 2000, Plaintiff's salary was increased by 7.5 percent.

21. In July 2001, Plaintiff joined the Ultrasound division of SMS in Mountain View, California, as Vice President of Financial Integration, and reported to Roland Jaksch, Vice President and CFO. She considered her new position a lateral, rather than vertical, move in Defendants' corporate structure, and her salary remained the same as when she was with SPTD. Her duties included integrating Ultrasound's financial processes into SMS and managing the ongoing business activities of financial budgeting, planning, reporting and auditing for Ultrasound's U.S. operations. Speaking, understanding and/or reading German were not required for Plaintiff's VP Integration position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

22. After three months at Ultrasound, Plaintiff's salary was increased by 4.5 percent.

The Davis Law Firm. A Professional Law Corporation. 625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

23. In May 2002, Karl Blaim, a 30-something German male, replaced Roland Jaksch as Ultrasound's CFO.

24. In July 2002, Plaintiff was named the Vice President-Finance and Controller of Ultrasound. She replaced Tom Morris, who Plaintiff believes had been fired by Karl Blaim. Plaintiff's duties were wide-ranging and included monthly accounting and reports, annual budgeting, financial management of numerous departments, audit management, preparing financial statement, merging financial processes between divisions within SMS, and Sarbanes-Oxley compliance. She was also told that she would soon take over worldwide reporting and forecasting responsibilities from Ann Custin, who would be transferring to another SMS division. Plaintiff wanted to assume Ms. Custin's responsibilities because the Ultrasound division was one of the few, if only, Siemens divisions to be headquartered outside of Germany and had direct interaction with Siemens management at the highest levels. Plaintiff believed assuming these responsibilities as VP-Finance and Controller was going to be a key move upward in her career with Defendants. Speaking, understanding and/or reading German were not required for Plaintiff's VP & Controller position, nor was Plaintiff told that she would need to acquire German language skills to be employed by Defendants.

25. In about August 2003, Plaintiff was embarrassed and shocked to learn that the responsibilities held by Ann Custin were not to be given to Plaintiff but were instead going to Holger Liebel, a 30-something male German national, who was to transfer from Germany to the Mountain View office. Plaintiff complained about the situation to Barbara Grote, Ultrasound's Vice President of Human Resources, and Karl Blaim, but was offered no explanation or solution.

26. In July 2004, Plaintiff took short-term disability leave after being diagnosed with breast cancer. Plaintiff informed Liebel and Karl Blaim, among others, of her disability, among others. Plaintiff returned to work part-time in November 2004, and full-time in January 2005.

27. In May 2005, just a few months after returning from disability leave, Plaintiff received written notice from Defendants that her job title was being change to Director-Finance, that her salary was being reduced by nine point one percent (9.1 %), that her car allowance of $1200 per month was being taken away, that her short-term incentive compensation plan opportunity was being reduced to 20% (from 35%), that her long-term incentive compensation plan was being eliminated, and that she

The Davis Law Firm, A Professional Law Corporation • 625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

would receive no future stock option and/or stock appreciation awards. Despite the job title change, her job responsibilities were not changed.

28. When Plaintiff complained to Blaim about the changes to her job title and compensation, he told Plaintiff that the changes to Plaintiff's status were the result of SMS allegedly reevaluating all management positions and their corresponding compensation levels. However, on information and belief, during this process Holger Liebel's title was changed from VP to Senior Director (rather than changed to "Director" like Plaintiff), his salary increased, and his incentive compensation plans remained unchanged and he continued to receive stock option grants and/or stock appreciation rights. In response to Plaintiff's complaints about this, Liebel noted that while he understood the changes had a negative impact on Plaintiff (and Defendants' other American employees), his American title was not as important as his title in the "German system," which apparently was unchanged. In other words, Liebel still had Vice President status in Germany, while Plaintiff no longer did. Plaintiff was stunned, angry and upset by the apparent disparate treatment she received as compared to Liebel, a 30-something German male. Plaintiff was demoralized and suffered anxiety, sleeplessness and embarrassment about her job to this day.

29. In December 2005, Plaintiff received a performance evaluation by Karl Blaim, Ultrasound's Vice President and CFO. Plaintiff was rated a "4" (out of 5) in 3 out of 4 achievement categories, yet strangely received an overall achievement rating of only "3." Plaintiff rated a "3" in 5 capability categories and received an overall capabilities rating of "3." Plaintiff was also credited with being "instrumental in reorganization of Finance organization . . ."

30. Around March 2006, Bjoern Fischer, a male German national, replaced Karl Blaim as Ultrasound's CFO.

31. On May 19, 2006, Fischer orally told Plaintiff that her Director position would be eliminated effective October 31, 2006. Fischer explained that there was a need for managerial change at Ultrasound due to general business conditions and challenges. He suggested that she: (1) take a severance package; (2) apply for a Performance Controller ("PC") position within Ultrasound; or (3) apply for another position within Siemens. Fischer also said that he hoped Plaintiff would continue working until October 31, which Plaintiff interpreted to mean Fischer did not intend to consider her for

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

the PC or any other open position with Siemens.

32. Plaintiff told Fischer that taking a position in an office other than Mountain View was not a viable option because she needed to stay in the area to continue ongoing cancer treatment (the need for which was known by Defendants).

33. Plaintiff was told by Ozlem Bulut, SMS's Human Resource Manager, that Plaintiff would be considered for all open finance-related positions within SMS. At the time, the open finance positions included the PC position, at least two R&D Engineering financial positions, and a Sales finance position. Bulut also told Plaintiff to notify Fischer of her desire to be considered for the PC position, which Plaintiff immediately did. Several weeks later, on June 7, 2006, Plaintiff was interviewed for, she believed, all open finance positions, in accordance with Bulut's promise that Defendants would consider her for all such open positions. Those interviewing Plaintiff included Fischer, Bulut, Liebel (who admitted he was evaluating candidates for all the open positions, including the PC, R&D and Sales positions) and Klaus Hambuchen, the CEO of the SMS Ultrasound Division. During the interview, Liebel told Plaintiff that she could "definitely handle the [PC] job" because Plaintiff had previously carried out at least 75% of the PC job responsibilities.

34. On June 15, 2006, Fischer told Plaintiff that the Ultrasound PC position was going to Stephan Mueller, a 30-something German national male. When Plaintiff complained to Fischer and asked why Mueller was chosen instead of her, Fischer offered only that Mueller had experience in Germany doing PC job duties and that the decision was "nothing personal." Later that day, Bulut told Plaintiff that Liebel, not Fischer, had made the decision to hire Mueller. On information and belief, Plaintiff alleges that the interview process was a sham because, among other things, none of the interviewers took notes, few were qualified to interview her and none posed questions (or any questions at all for that matter) about Plaintiff's abilities. Plaintiff further alleges, on information and belief, that Liebel or others in Defendants' German headquarters made the decision to hire Mueller before Plaintiff was interviewed.

35. Liebel, who knew that Plaintiff had ongoing cancer treatments and recently had taken disability leave due to cancer, did not deny that he hired Mueller instead of Plaintiff, but paternalistically and disingenuously attempted to temper his response to Plaintiff by stating that she

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

should not want the PC position because Ultrasound was going through terrible times and it would not be a good place to work in the future. Liebel stated if anyone knew he was describing Ultrasound in such negative terms, he would be fired.

36. The two R&D Engineering positions were filled by two 30-something men who, by all objective criteria, were far less experienced and able than Plaintiff. Plaintiff believed she had interviewed for the positions because Defendants had told her they were considering her for all open positions, but Plaintiff was shocked to hear Fischer state that he allegedly did not even consider her for the R&D Engineering positions because she had not applied online (which never had been a requirement during Plaintiff's entire career and which no one suggested, instructed or asked her to do). When Plaintiff informed Fischer of Defendants' promise that they were considering Plaintiff for all open financial positions, Fischer feigned ignorance of Defendants' promise. The Sales finance position, like the PC position, was filled by a younger German male.

37. On October 20, 2006, Plaintiff received written notice verifying that her position with Defendants was being eliminated effective October 31, 2006. Plaintiff's last day working for Defendants was October 31, 2006.

**FIRST CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Against The Corporate Defendants)**

38. Plaintiff hereby incorporates paragraphs 1 through 37 as though fully set forth herein.

39. It is the public policy of the State of California to prohibit employees from termination of their employment if such termination violates the Fair Employment and Housing Act ("FEHA"). Termination based on her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer is a violation of FEHA.

40. Plaintiff was discriminated against and harassed by her employer, Defendants, based upon her sex, gender, age, national origin or ancestry and/or medical condition, as alleged above, and her termination from Defendants was based on her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer.

41. It is the public policy of the State of California to prohibit employees from termination of their employment if such termination is motivated by the employee's complaints about an

The Davis Law Firm, A Professional Law Corporation, 625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

employer's unfair labor practices and violations of the Labor Code, as alleged above. Termination based on an employee's protected activity in complaining about an employer's unfair labor practices and violations of the Labor Code is a violation of public policy.

42. Plaintiff is informed and believes she was terminated based on her inquiries, questions and complaints about her demotion from VP to Director, reduction in compensation, the under-40-year-old men (and German men) receiving the available finance-related positions (including but not limited to the vice president and director-level jobs with Defendants, the PC and Sales finance positions and R&D Engineering positions), about not being considered and/or selected for open position with Defendants because of her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer, and because of her complaints about other unlawful conduct of Defendants, as alleged above.

43. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

44. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in a conscious disregard for Plaintiff's rights. Because the acts taken towards Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

**SECOND CAUSE OF ACTION**
**EMPLOYMENT DISCRIMINATION**
**(CAL. GOV. CODE §§ 12940 ET SEQ.)**
**(Against The Corporate Defendants)**

45. Plaintiff hereby incorporates paragraphs 1 through 44 as though fully set forth herein.

46. At all times herein mentioned, California Government Code §§ 12940 et seq., was in full force and effect and was binding upon Defendants. Said sections require Defendants to refrain

The Davis Law Firm
A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

from discriminating against an employee on the basis of sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer, among other things. Within the time provided by law, Plaintiff made complaints to the California Department of Fair Employment and Housing (DFEH), and right-to-sue notices were issued.

47. Throughout her employment with Defendants, Plaintiff has been subjected to continuous discriminatory treatment on the basis of her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer. Plaintiff alleges that similarly-situated males under the age of 40, persons of Germanic nationality and/or cancer-free individual employees were not subjected to the same treatment.

48. Defendants violated California Government Code § 12940 by discriminating against Plaintiff based on her sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer. Specifically, Plaintiff was subjected to disparate treatment by Defendants when Defendants: demoted from VP to Director and had her compensation reduced; replaced Plaintiff in her work responsibilities by less experienced, younger men (German men as well); denied Plaintiff opportunities for employment due to prior medical treatments, cancer, and a record or history of cancer; denied Plaintiff opportunities for employment due to her being a female over the age of 40; terminated Plaintiff from employment, as described above; and retaliated against Plaintiff for complaining about the unlawful conduct Plaintiff experienced.

49. Plaintiff is informed, believes, and thereon alleges that Defendants' actions were entirely or partially based on Plaintiff's sex, gender, age, national origin or ancestry, medical condition, and/or a record or history of cancer.

50. California Government Code § 12940 requires an employer to take all reasonable steps necessary to prevent discrimination from occurring.

51. Plaintiff is informed and believes that Defendants: (a) had an ineffective policy regarding discrimination; (b) had no effective procedure for addressing or investigating complaints of discrimination; (c) failed to effectively implement any procedure it may have had for investigating complaints of discrimination; (d) did not adequately investigate Plaintiff's complaints; and (e) failed to appropriately train its employees concerning discrimination. Defendants knew or should have known

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

about the discriminating conduct toward Plaintiff, an American woman in her 50's, and were remiss in failing to take immediate and appropriate corrective action. Defendants are also strictly liable for the conduct of its supervisors.

52. Plaintiff is informed and believes that Defendants had a policy, practice or job requirement, which on its face did not mention a discriminatory factor such as sex, gender, age, disability, national origin or ancestry, medical condition, and/or a record or history of cancer but nonetheless had a disparate statistical impact on its employees, including Plaintiff, an American woman in her 50's who had a record or history of prior medical treatments, leaves of absence and cancer.

53. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

54. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in a conscious disregard for Plaintiff's rights. Because the acts taken towards Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

**THIRD CAUSE OF ACTION**
**RETALIATION**
**(CAL. GOV. CODE §§ 12940 ET SEQ.)**
**(Against All Defendants and Does 1-20)**

55. Plaintiff hereby incorporates paragraphs 1 through 53 as though fully set forth herein.

56. At all times herein mentioned, California Government Code §§ 12940 et seq., was in full force and effect and was binding upon Defendants. Said sections require Defendants to refrain from retaliating against an employee for complaining about unlawful discrimination and unlawful labor practices, among other things. Within the time provided by law, Plaintiff made complaints to the California Department of Fair Employment and Housing (DFEH), and right-to-sue notices were issued.

The Davis Law Firm. A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

57. After Plaintiff disclosed that she had previously been treated for cancer and required continuing treatment and had a history and record of cancer, she engaged in protected activity in taking leave to treat cancer and in continuing her treatments and monitoring for cancer, and in complaining about the treatment she experienced as alleged above, including but not limited to her belief that non-German women over the age of 40 were unfairly denied access to promotions and certain job titles, as alleged above. Defendants unlawfully retaliated against Plaintiff in the manner described above.

58. Plaintiff experienced adverse employment actions in the form of Defendants' decisions to reduce Plaintiff's compensation and demote her from VP to Director, terminate Plaintiff's employment without cause, deny her employment opportunities, deny her stock options and other monetary benefits, and cause public humiliation, as alleged above.

59. Plaintiff is informed, believes, and thereon alleges that in addition to the practices enumerated in this cause of action, Defendants have engaged in other retaliatory practices that are not fully known by Plaintiff.

60. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damages in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

61. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in a conscious disregard for Plaintiff's rights. Because the acts taken towards Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

**FOURTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against The Corporate Defendants)**

62. Plaintiff incorporates by reference Paragraphs 1 through 60, inclusive, as though set forth here in full.

The Davis Law Firm
A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

63. Plaintiff and Defendants and DOES 1-20 entered into an employment contract on or about 1988 and during the lengthy term of Plaintiff's employment. The contract was oral, written and implied-in-fact. The basic terms of the agreement provided that Plaintiff's employment would be secure for as long as her performance was satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and fringe benefits.

64. Plaintiff undertook and continued employment and duly performed all of the conditions of the employment agreement to be performed by her until prevented by Defendants from further performance. Plaintiff had, at all times, been ready, willing and able to perform all of the conditions of the agreement to be performed by her.

65. On or about October 20, 2006, Defendants and DOES 1-20 breached the oral, written and implied-in-fact employment agreement by discharging Plaintiff without good cause, in violation of the law as alleged above, and despite her continued satisfactory performance.

66. Plaintiff suffered damages legally caused by the breach of contract in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

a. That Plaintiff recover judgment against Defendants in an amount to be determined at trial as general, special, actual, compensatory and/or nominal damages;

b. That Plaintiff recover judgment against Defendants for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants;

c. That Plaintiff recover judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorneys' fees as provided by the FEHA and Labor Code;

d. That Plaintiff recover prejudgment and post-judgment interest; and

e. That Plaintiff have such other relief as this Court deems just and appropriate.

The Davis Law Firm, A Professional Law Corporation, 625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

Dated: March 25, 2008

THE DAVIS LAW FIRM

By: ______________________
TIMOTHY C. DAVIS
DAMIEN P. LILLIS
ELISA R. ALDECOA
Attorneys for Plaintiff Bonnie Schmidt

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury.

Dated: March 25, 2008

THE DAVIS LAW FIRM

By: ______________________
TIMOTHY C. DAVIS
DAMIEN P. LILLIS
ELISA R. ALDECOA
Attorneys for Plaintiff Bonnie Schmidt

The Davis Law Firm
A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

# PROOF OF SERVICE

The undersigned hereby declares:

I am over the age of 18 years and not a party to or interested in the within entitled cause. I am an employee of The Davis Law Firm, APC and my business address is 625 Market Street, 12th Floor, San Francisco, CA 94105. On the date stated below, I served a true copy of:

**FIRST AMENDED COMPLAINT FOR DAMAGES**

☒ By mail, by placing said document(s) in an envelope addressed as shown below. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the date stated below to the addressee stated below, following ordinary business practices.

☐ By hand delivery, by placing said document(s) in an envelope addressed as shown below, and delivery them to the attorneys addressed on the envelopes at 400 County Center, Redwood City, California.

☐ By facsimile transmission to the individual and facsimile number set forth below. I caused the document(s) to be transmitted by facsimile machine to the addresses listed below at the facsimile number listed below. I am readily familiar with my firm's practice for transmissions by facsimile, to wit, transmissions are sent as soon as possible and are repeated, if necessary, until they are reported as complete and without error. In sending the above described document by facsimile, I followed my firm's ordinary business practices.

☐ By Overnight Delivery by placing said document(s) in a sealed Overnight Delivery envelope addressed as shown below and causing such envelope delivered by commercial carrier service for overnight delivery to the addresses shown below.

Raymond L. Wheeler
Theresa N. Burlison
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304-1018

**Attorneys for Defendants**
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Francisco, California on March 25, 2008.

Cortney A. Creamer

The Davis Law Firm, A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

COPY

(E
2008 JUN
JUDITH CASTILLO

RAYMOND L. WHEELER (BAR NO. 52886)
Email: RWheeler@mofo.com
TERESA N. BURLISON (BAR NO. 230854)
Email: TBurlison@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

LINDA E. SHOSTAK (BAR NO. 64599)
Email: LShostak@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
SIEMENS MEDICAL SOLUTIONS USA, INC.,
SIEMENS CORPORATION, BJOERN FISCHER,
and HOLGER LIEBEL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

BONNIE J. SCHMIDT,

Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,

Defendants.

Case No. 1-07-CV-091780

UNLIMITED JURISDICTION

**JOINT STIPULATION REGARDING TRIAL SETTING CONFERENCE AND ~~[PROPOSED]~~ ORDER**

Date Action Filed: August 9, 2007
Trial Date: None Set

WHEREAS, a case management conference was held on February 21, 2008, during which the Parties stipulated on the record to submit this matter to mediation.

WHEREAS, the Parties filed a Joint Stipulation Selecting Mediation and [Proposed] Order on March 14, 2008, agreeing to mediate on August 8, 2008 with Mark S. Rudy of Rudy, Exelrod & Zieff, LLP serving as mediator. As part of this Joint Stipulation, the Parties requested that the Court not schedule a trial date until after this matter has been mediated.

WHEREAS, the Court set a Trial Setting Conference in this matter on August 19, 2008 in Department 5 at 11:00 a.m.

WHEREAS, Plaintiff has learned that she no longer is available for mediation on August 8, 2008, and thus the Parties have re-scheduled their mediation with Mr. Rudy to September 3, 2008.

WHEREFORE, IT IS STIPULATED AND AGREED by the Parties, through their respective counsel of record:

1. The Parties agree to mediate this matter on September 3, 2008, before Mark S. Rudy.

2. The Parties agree that a trial date should not be set prior to mediation. The Parties therefore jointly request that the Trial Setting Conference currently scheduled for August 19, 2008 be vacated, and that a new Trial Setting Conference be set after the September 3, 2008 mediation, and consistent with the Court's calendar.

Dated: May 21, 2008

RAYMOND L. WHEELER
TERESA N. BURLISON
MORRISON & FOERSTER LLP

By: Teresa N. Burlison
Teresa N. Burlison

Attorneys for Defendants

SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS CORPORATION, BJOERN FISCHER, and HOLGER LIEBEL

# PROOF OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California 94304-1018. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on the date hereof, I served a copy of:

**JOINT STIPULATION REGARDING TRIAL SETTING CONFERENCE AND [PROPOSED] ORDER**

☐ **BY FACSIMILE [Code Civ. Proc sec. 1013(e)]** by sending a true copy from Morrison & Foerster LLP's facsimile transmission telephone number 650.494.0792 to the fax number(s) set forth below, or as stated on the attached service list. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile transmissions, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be transmitted by facsimile on the same date that it (they) is (are) placed at Morrison & Foerster LLP for transmission.

☒ **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☐ **BY OVERNIGHT DELIVERY [Code Civ. Proc sec. 1013(d)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by UPS, at 755 Page Mill Road, Palo Alto, California 94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

☐ **BY PERSONAL SERVICE [Code Civ. Proc sec. 1011]** by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with Morrison & Foerster LLP's practice for the collection and processing of documents for hand delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be taken from Morrison & Foerster LLP's mailroom and hand delivered to the document's addressee (or left with an employee or person in charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom.

☐ **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the email address(s) set forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6.

The Davis Law Firm, APC
Timothy C. Davis, Esq.
Marguerite E. Meade
625 Market Street, 12th Floor
San Francisco, CA 94105
Phone: (415) 278-1400
Fax: (415) 278-1401

_____ Fax
__X__ U.S. Mail
_____ Overnight
_____ Personal

Attorneys for Plaintiff
Bonnie J. Schmidt

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Palo Alto, California, this 21st day of May, 2008.

Kate Trevisan
(typed)

[signature]
(signature)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA 95113-1090

RECEIVED
JUN 05 2008
MORRISON & FOERSTER LLP

TO: Raymond L Wheeler
Morrison & Foerster
755 Page Mill Rd
Palo Alto, CA 94304

RE: B. Schmidt vs Siemens Medical Solutions Usa Inc, et al
Case Nbr: 1-07-CV-091780

**NOTICE OF TRIAL SETTING CONFERENCE**

A Trial Setting Conference has been scheduled for:

Date: 09/09/08 At: 1100AM in: Dept 5

Superior Court, 191 North First Street, San Jose, Ca., 95113

NOTE: EXCEPT UPON FURTHER ORDER OF THE COURT, RESETTING ORDERS WILL HAVE NO EFFECT UPON THE DATES FOR DISCOVERY CUTOFF, PRIOR TO THE ORIGINAL TRIAL DATE.

For further information, call the Calendar Office (408)882-2100.

---

Parties/Attorneys of Record:

CC: Timothy C. Davis , Davis Law Firm APC
625 Market Street, 12th Floor, San Francisco, CA 94105

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL. I declare under penalty of perjury that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the U.S. Mail at San Jose, CA on 6/4/08. KIRI TORRE, Chief Executive Officer/Clerk by Yvonne Halford, Deputy.

CIV-110

ORIGINAL

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): TELEPHONE NO.:

Marguerite E. Meade
MARGUERITE E. MEADE (SBN 136473)
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR
SAN FRANCISCO, CA 94105

ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

Insert name of court and name of judicial district and branch court, if any:
SUPERIOR COURT OF SANTA CLARA

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: SIEMENS CORPORATION, SIEMENS MEDICAL SOLUTIONS USA, INC., ET AL

FOR COURT USE ONLY
UCS
FILED
2008 JUN -3 P 12
S. GANCAYCO

**REQUEST FOR DISMISSAL**

**Personal Injury, Property Damage, or Wrongful Death**
**Motor Vehicle** [X] **Other DISMISS DEFENDANT BJOERN FISCHER ONLY**
**Family Law**
**Eminent Domain**
**Other (specify):**

CASE NUMBER: 1-07-CV-091780

**- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [ ] With prejudice (2) [X] Without prejudice
   b. (1) [ ] Complaint (2) [ ] Petition
   (3) [ ] Cross-complaint filed by (name): on (date):
   (4) [ ] Cross-complaint filed by (name): on (date):
   (5) [ ] Entire action of all parties and all causes of action
   (6) [X] Other (specify):* DISMISS INDIVIDUAL DEFENDANT BJOERN FISCHER ONLY FROM THE ACTION. The case continues against the other Defendants.

Date: May 30, 2008

Marguerite E. Meade
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

(SIGNATURE)
Attorney or party without attorney for: Plaintiff, Bonnie Schmidt
[X] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross - complainant

* If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

(SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross - complainant

** If a cross-complaint-or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent consent if required by Code of Civil Procedure section 581(i) or (j).

(To be completed by clerk)

3. [X] Dismissal entered as requested on (date): JUN 0 3 2008
4. [ ] Dismissal entered on (date): as to only (name):
5. [ ] Dismissal **not entered** as requested for the following reasons (specify):
6. [X] a. Attorney or party without attorney notified on (date): JUN 0 3 2008
   [ ] b. Attorney or party without attorney not notified. Filing party failed to provide
   [ ] a copy to conform [ ] means to return conformed copy

Date: JUN 0 3 2008

Clerk, by S. GANCAYCO, Deputy

Page 1 of 1

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]

**REQUEST FOR DISMISSAL**

Legal Solutions Plus

Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): TELEPHONE NO.:
Marguerite E. Meade (SBN 136473) 415 278-1414
THE DAVIS LAW FIRM, APC
625 MARKET STREET, 12TH FLOOR

SAN FRANCISCO, CA 94105

ATTORNEY FOR (Name): PLAINTIFF BONNIE SCHMIDT

Insert name of court and name of judicial district and branch court, if any:
SUPERIOR COURT OF SANTA CLARA

PLAINTIFF/PETITIONER: BONNIE SCHMIDT

DEFENDANT/RESPONDENT: SIEMENS CORPORATION, SIEMENS MEDICAL SOLUTIONS USA, INC.

FOR COURT USE ONLY

FILED

2008 JUN -3 P 12

S. GANGAYCO

ORIGINAL

## REQUEST FOR DISMISSAL

**Personal Injury, Property Damage, or Wrongful Death**

**Motor Vehicle** [X] **Other DISMISS DEFENDANT HOLGER LIEBEL ONLY**

**Family Law**

**Eminent Domain**

**Other (specify):**

CASE NUMBER: 1-07-CV-091780

**- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -**

1. TO THE CLERK: Please **dismiss** this action as follows:

a. (1) With prejudice (2) [X] Without prejudice

b. (1) Complaint (2) [ ] Petition
(3) Cross-complaint filed by *(name)*: on *(date)*:
(4) Cross-complaint filed by *(name)*: on *(date)*:
(5) Entire action of all parties and all causes of action
(6) X Other *(specify)*:* **DISMISS INDIVIDUAL DEFENDANT HOLGER LIEBEL ONLY FROM THE ACTION. The case continues against the other Defendants.**

Date: May 30, 2008

Marguerite E. Meade (SBN 136473)

(TYPE OR PRINT NAME OF X ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

(SIGNATURE)

Attorney or party without attorney for: Plaintiff, Bonnie Schmidt

[X] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross - complainant

* If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

2. **TO THE CLERK**: Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

(SIGNATURE)

Attorney or party without attorney for:

[ ] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross - complainant

** If a cross-complaint-or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent consent if required by Code of Civil Procedure section 581(i) or (j).

*(To be completed by clerk)*

3. ✓ Dismissal entered as requested on *(date)*: JUN 03 2008
4. Dismissal entered on *(date)*: as to only *(name)*:
5. Dismissal **not entered** as requested for the following reasons *(specify)*:
6. ✓ a. Attorney or party without attorney notified on *(date)*: JUN 03 2008
   b. Attorney or party without attorney not notified. Filing party failed to provide a copy to conform [ ] means to return conformed copy

S. GANGAYCO

Date: JUN 03 2008 Clerk, by ______________________, Deputy

Form Adopted for Mandatory use Judicial Council of California CIV-110 [Rev. January 1, 2007]

**REQUEST FOR DISMISSAL**

Legal Solutions Plus

Code of Civil Procedure, § 581 et seq.; Cal. Rules of Court, rule 3.1390

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

ADR

E-FILING

C08 02950 RS

## I. (a) PLAINTIFFS

Bonnie J. Schmidt

**DEFENDANTS**

Siemens Medical Solutions USA, Inc. et al

(b) County of Residence of First Listed Plaintiff Chester County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Santa Clara, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Timothy C. Davis (SBN 60936); Marguerite E. Meade (SBN 136473)
The Davis Law Firm, APC
625 Market Street, 12th Floor, San Francisco, CA 94105
Tel: (415) 278-1410; Fax: (415) 278-1411

Attorneys (If Known)

Raymond L. Wheeler (SBN 52886); Teresa N. Burlison (SBN 230854)
Morrison & Foerster LLP
755 Page Mill Road, Palo Alto, CA 94304
Tel: (650) 813-5600; Fax: (650) 494-0792

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury—Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities – Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence

Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus – Alien Detainee
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
28 USC §§ 1332 and 1441

Brief description of cause:
Single Plaintiff - wrongful termination action alleging descrimination retaliation and breach of contract.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

**PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".**

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE

SIGNATURE OF ATTORNEY OF RECORD