THE DAVIS LAW FIRM, APC
TIMOTHY C. DAVIS (SBN 60936)
tdavis@sfdavislaw.com
JEANNE M. FAHEY (SBN 179114)
JFahey@sfdavislaw.com
625 Market Street, 12th Floor
San Francisco, California 94105
Telephone:   (415) 278-1400
Facsimile:    (415) 278-1401

Attorneys for Plaintiff
BONNIE J. SCHMIDT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BONNIE J. SCHMIDT,<br><br>        Plaintiff,<br><br>    v.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; SIEMENS CORPORATION, a New York corporation; SIEMENS AG, a German public stock corporation; BJOERN FISCHER, an individual; HOLGER LIEBEL, an individual; and DOES 1-20,<br><br>        Defendants. | Case No. C08-02950 RS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA UNDER 28 U.S.C. § 1447(C); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[28 U.S.C. § 1404(a)]<br>[Declarations of Marguerite E. Meade Submitted Separately]<br><br>Date:         August 27, 2008<br>Time:         9:30 a.m.<br>Courtroom:  4<br>Judge:        Honorable Richard Seeborg<br>               (or alternate date upon<br>                Reassignment: Declination<br>                To Proceed Before<br>                Magistrate Judge Filed) |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 27, 2008 at 9:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 4 of the above-captioned Court, located at 280 S. First Street, San

Jose, California, Plaintiff Bonnie Schmidt ("Plaintiff") will and hereby does move this Court, pursuant to 28 U.S.C. §§1447(c) for an order remanding this action to the Superior Court of the State of California, County of Santa Clara.

This motion is based on this notice, the accompanying memorandum of points and authorities, the supporting declaration of Marguerite Meade, the complete files and record in this action, and such other matters as the Court may consider at the hearing on the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff filed this action for wrongful termination, discrimination and related causes of action against defendants on August 9, 2007. Two of the defendants, both California residents, were managing agents of the corporate defendants, and were named only in Plaintiff's Retaliation cause of action. These individuals were dismissed after the California Supreme Court issued its opinion in *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158 (2008), which overturned prior precedent and eliminated nonemployer individual liability for retaliation.

Defendants filed a Notice of Removal on June 13, 2008, over 10 months after this action was initially filed, citing diversity as the grounds for this Court's jurisdiction. However, there is no subject matter jurisdiction in this court because Plaintiff was compelled to dismiss these individuals from the case after the California issued the *Jones* opinion, under threat of court action and possibly sanctions. This situation thus falls squarely into the "Voluntary-Involuntary" Rule, and thus requires remand back to state court.

### II.   BACKGROUND

Plaintiff filed this action for Wrongful Termination, Employment Discrimination, Retaliation and Breach of Implied Contract in the Santa Clara County Superior Court on August 9, 2007. (See Complaint, attached as Exhibit 1 to the Declaration of Marguerite E. Meade [hereinafter "Complaint"].) All of Plaintiff's causes of action were based on state law. (Complaint, ¶¶ 38-65.)

Plaintiff named three corporate entities as defendants: Siemens Medical Solutions USA, Inc., a Delaware corporation [hereinafter "Siemans Medical"]; Siemans Corporation, a New York Corporation [hereinafter "Siemans"]; and Siemans AG, a German public stock corporation [hereinafter "Siemans

{00019106}                         2
PLAINTIFF'S MOTION FOR REMAND

1  AG"]. (Complaint, ¶¶ 3-4.) Plaintiff also named two individual defendants in her Retaliation cause of
2  action, Bjoern Fischer and Holger Liebel [hereinafter "the individual defendants"]. (Complaint, ¶¶ 5-6
3  and 54-60.) Both individual defendants were citizens of California. (Complaint, ¶¶ 5-6.) Since
4  Plaintiff's claims were based on state law, and because there was no diversity, removal was not an
5  option.

6  On February 11, 2008, Plaintiff dismissed corporate defendant Siemans AG. (Request for
7  Dismissal, attached as Exhibit 2 to the Meade Declaration.) There was still no basis for removal to
8  federal court, since the two individual defendants remained in the case. On March 28, 2008 the parties
9  stipulated to the filing of a First Amended Complaint. (See Stipulation and Order and First Amended
10 Complaint attached as Exhibit 3 to the Meade Declaration and the First Amended Complaint, attached
11 as Exhibit 4 to the Meade Declaration.) The only change from the original complaint was the addition
12 of Paragraph 52, to allege disparate impact claim on Plaintiff's Employment Discrimination cause of
13 action. (Meade Declaration at ¶ 5; Stipulation and Order, p. 2 and First Amended Complaint, ¶ 52.)

14 The parties agreed to mediate this matter on September 3, 2008. If the matter does not settle, the
15 parties will attend a Trial Setting Conference scheduled for September 9, 2008. (Meade Declaration ¶ 6
16 and Exhibit 5 thereto.)

17 On March 3, 2008, the California Supreme Court issued its opinion in *Jones v. The Lodge at*
18 *Torrey Pines Partnership*, 42 Cal.4th 1158 (2008). (Exhibit 6 to Meade Declaration.) The *Jones*
19 opinion held that individuals could not be personally held liable for Retaliation under the Fair
20 Employment and Housing Act (FEHA). *Id.* at 1173-74. Prior to *Jones,* California courts and the
21 Ninth Circuit had held that individuals <u>could</u> be personally liable for retaliation under FEHA. *Taylor v.*
22 *City of Los Angeles Dept. of Water & Power,* 144 Cal.App.4th 1216, 1236-37 (2006); *Walrath v.*
23 *Sprinkel*, 99 Cal.App.4th 1237, 1240-42 (2002); *see also Winarto v. Toshiba America Electronics*
24 *Components*, 274 F.3d 1276, 1287-99 (9th Cir. 2001) and cases cited therein.

25 After the *Jones* opinion was issued, Defendants' attorney Teresa Burlison ("Burlison")
26 contacted Plaintiff's counsel and asked that individual defendants Fischer and Liebel be dismissed.
27 Since the case was not yet final, Plaintiff's counsel declined to dismiss the individual defendants.
28 (Meade Declaration at ¶ 9.)

{00019106}                                     3
PLAINTIFF'S MOTION FOR REMAND

Rehearing in *Jones* was denied April 30, 2008. (Meade Declaration at ¶ 10 and Exhibit 6 thereto.) That very afternoon, Burlison again contacted Plaintiff's counsel, forwarded the notice of remittitur and stated:

> "In light of the Court's denial of the petition for rehearing, and in accordance with our previous discussions, I presume we can expect you to dismiss Holger Liebel and Bjoern Fischer from the Siemens lawsuit within the next week. I look forward to seeing the dismissals filed."

(Exhibit 7 to Meade Declaration.)

Defendants continued to press for the dismissal of the individual defendants, even preparing the dismissal paperwork and offering to file it on Plaintiff's behalf. (Meade Declaration, ¶ 11.) When Plaintiff had not filed the dismissals, Burlison again contacted Plaintiff's counsel on May 26, 2008, impliedly threatening to bring the matter to the Superior Court's attention if they were not dismissed:

> "[P]lease let me know if you will be dismissing these individuals by tomorrow. There is no dispute over the propriety of the dismissals under *Jones*. . . . I think we both can agree that it will be silly to have to bring such a straightforward matter to the court's attention, but that unfortunately will be defendants' next step if we continue to face delay on plaintiff's end."

(Meade Declaration at ¶¶ 12-13 and Exhibit 8 thereto.)

Plaintiff's counsel took this e-mail as an implied threat that Defendants would file a motion and possibly seek sanctions. In light of Defendants' threats and in light of the fact that the *Jones* opinion eliminated the previously valid Retaliation claim against defendants Fischer and Liebel, and in light of the fact that forcing Defendant to file such a motion would result in a waste of the parties' and the court's resources, Plaintiff filed Requests for Dismissal on June 3, 2008. (Meade Declaration at ¶ 13 and Exhibit 9 thereto.) These individuals were dismissed from the action. (Exhibit 9 to Meade Declaration.) Though counsel for Plaintiff <u>technically</u> caused these documents to be filed in the Santa Clara Superior Court, Plaintiff did not *<u>voluntarily</u>* dismiss these individuals, but was compelled to do so by *Jones* decision and by Defendants' threats, implied or otherwise. (Meade Declaration at ¶ 14.)

Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441 on June 13, 2008, citing diversity as the grounds for this Court's jurisdiction.

/ / /

### III. ARGUMENT

#### A. Standard of Review

Where the original complaint is not removable, defendant may remove within 30 days after the receipt of an amended pleading, motion or other paper from which it may be first ascertained that the case has *become* removable. 28 U.S.C. § 1446(b). However, a case may <u>not</u> be removed on the basis of diversity jurisdiction later than one year after initial filing of the action. *Id.* Only changes in the case which are made <u>*voluntarily by the plaintiff*</u> may provide grounds for later removal. *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978).

U.S.C. § 1447(c) requires that an improperly removed case be remanded to state court. A Plaintiff's Motion for Remand effectively forces the defendant to prove by a preponderance of evidence whatever is necessary to support the petition – in this case, the existence of diversity and the amount in controversy. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1000 (C.D. Cal. 2002). The party seeking removal also has the burden of showing that all the procedural requirements for removal have been complied with. *Parker v. Brown*, 570 F.Supp. 640, 642-43 (S.D. Ohio 1983).

Removal statutes are construed restrictively, so doubts as to removability are resolved in favor of remanding the case to state court. *Gaus*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

The reason for this presumption against removal jurisdiction is to prevent the waste of judicial resources. If it turns out there is no federal question or diversity jurisdiction, the federal court's judgment would have to be set aside on appeal. The Rutter Group, *Federal Civil Procedure Before Trial*, § 2:607, p. 2D-10 (2008). In contrast, an order to remand under § 1447(c) is not reviewable on appeal, "no matter how plain the legal error in ordering the remand." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 634 (2006).

On granting a motion for remand, a court may order the defendant to pay plaintiff its "just costs and any actual expenses, *including attorney fees*, incurred as a result of the removal." 28 U.S.C. §

{00019106}

5

PLAINTIFF'S MOTION FOR REMAND

1447(c) (emphasis supplied); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).[1] Bad faith is not required for an award of attorney's fees. *Id.* At 138.

### B. This Matter Must be Remanded For Lack of Subject Matter Jurisdiction Because the Dismissal of the Individual Defendants was not "Voluntary."

Defendants claim that removal is proper because the dismissal of the individual defendants caused complete diversity in the case. (Notice of Removal, ¶ 4.) Defendant fails to address the fact that this dismissal was not truly "voluntary" but was compelled by a change in legal standards announced in the *Jones* opinion, and that the request for dismissal was filed by Plaintiff under threat of court action and possibly sanctions. These circumstances do not meet the test of "Voluntariness" as that has been developed by case law.

*Only* a voluntary act by the Plaintiff can bring about removal to federal court. *See Self*, 588 F.2d at 657 (judgment against non-diverse defendant thus eliminating him from the case on retrial did not allow remaining defendant to remove case). This is known as the "Voluntary-Involuntary" rule. *Id.*; *People v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993). The "Voluntary-Involuntary" rule was first developed by the United States Supreme Court in *Whitcomb v. Smithson*, 175 U.S. 635 (1900). There the Court reasoned that a directed verdict in favor of a non-diverse defendant did not provide grounds for removal, stressing that the ruling was "adverse to plaintiff, and without his assent, and the trial court rightly held that it did not operate to make the cause then removable and thereby to enable the other defendants to prevent plaintiff from taking a verdict against them." *Id.* at 638.

Any case which fails to satisfy the Voluntary-Involuntary test <u>must</u> be remanded for lack of federal subject-matter jurisdiction. *Strasser v. KLM Royal Dutch Airlines*, 631 F.Supp. 1254, 1257-58 (C.D. Cal. 1986). Here, the dismissals were not voluntary, but were compelled by a change in the law announced by *Jones* and by Defendants implied threats to seek court intervention and possibly sanctions.

///

---

[1] In contrast, the statute does not allow for a fee award to a defendant who successfully opposes a motion to remand. *Circle Industries USA, Inc. v. Par Const. Group, Inc.*, 183 F.2d 105, 109 (2nd Cir. 1999).

Plaintiff could have simply forced Defendants to go to the expense of filing a Motion for Summary Judgment or for Judgment on the Pleadings. She then would have been indisputably entitled to the benefits of the Voluntary-Involuntary rule. *See Self*, 631 F.Supp. at 1256 (dismissal on summary judgment the "paradigm instance of 'involuntary dismissal'"). Plaintiff could have simply failed to oppose such a motion and allow the court to dismiss the individual defendants. Then, she clearly would be entitled to remand. *See Sipl v. United Benefit Life Insurance Co.*, 30 B.R. 40 (C.D. Cal. 1983) (claimants failure to object to dischargeability in bankrupty of their tortuous breach of contract claim was not an "implicit" voluntary dismissal).

However, this would have been a waste of judicial resources and cause unnecessary expense to the parties. In situations like this, requiring parties to prepare and lower court's to entertain useless motions would be a ridiculous waste of resources, especially given the number of pending cases likely affected by *Jones*.

Moreover, refusing to voluntarily dismiss Fischer and Liebel and forcing Defendants to obtain an involuntary dismissal could possibly have exposed Plaintiff to sanctions. California cases have held that sanctions were appropriate where a party did not voluntarily dismiss a defendant who had no liability under the facts and law. *Frank Annino & Sons Construction, Inc.*, 215 Cal.App.3d 353 (1989); *Winick Corp. v. County Sanitation District No. 2 of Los Angeles County*, 185 Cal.App.3d 1170 (1986).[2] Had Plaintiff refused Defendants' demand that they file the dismissal, it was highly likely that they would be accusing her of dilatory and potentially sanctionable conduct in state court.

---

[2] These cases were decided under CCP § 128.5, which was replaced by CCP § 128.7, the language of which closely matches Federal Rule of Civil Procedure, Rule 11. However, § 128.7 arguably placed Plaintiff under threat of sanctions if it did anything that triggered the application of that statute, including advocating any position set forth in her complaint that was no longer supported by law. CCP § 128.7; see also Weil & Brown, *Civil Procedure Before Trial*, § 9:1160 (noting that the statute places a continuing obligation on party and counsel to ensure that claims, defenses and arguments are legally sound). Indeed, some courts interpreting Rule 11 have found sanctionable the failure to voluntarily dismiss a defendant when the claims were later discovered to have no factual or legal support. *See Walter v. Fiorenzo*, 840 F.2d 427 (11th Cir. 1988); *Harris v. Marsh*, 679 F.Supp. 1204, 1386-87 (E.D.N.C. 1987)

{00019106}                                7
PLAINTIFF'S MOTION FOR REMAND

Plaintiff's causing certain documents to be filed with the Santa Clara Superior Court was in no sense a "voluntary" choice to abandon her claims against Fischer and Liebel.  Rather, she was compelled to do so by the *Jones* opinion, and under threat of court action.  Thus, the Voluntary-Involuntary rule applies here.

### C. **This Policy Reasons Behind the Voluntary-Involuntary Rule Command that the Matter Be Remanded.**

The principle behind the Voluntary-Involuntary rule is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff by allegations of his complaint determines the removability of a case, both when it is commenced and throughout the litigation.  *Self*, 588 F.2d at 659, citing *Great Northern Ry. V. Alexander*, 246 U.S. 276, 281-82; see also *Insinga v. La Bella*, 845 F.2d 249, 253 (11th Cir. 1988).   This rule "operates to nullify the 'danger that a plaintiff might join a non-diverse defendant merely to defeat jurisdiction and then dismiss the suit as to that defendant.'" *Strasser*, 631 F.Supp. at 1256 (citation omitted).[3]

Here, this concern is simply inapplicable.  Prior to the *Jones* opinion, California case law had concluded that individuals could be held liable for retaliation under the Fair Employment and Housing Act ("FEHA") according to the "plain meaning" of the statute.[4] (*See Jones*, *supra,* 42 Cal.4th at 1162.) *Jones* rejected this "plain meaning" reasoning.  Instead, the court engaged in over ten pages of sophisticated statutory interpretation before declaring that individuals could not be held liable for retaliation, overruling prior precedent. (*Id.* at 1162-74.)

It is indisputable that Plaintiff's claims against the individual defendants were proper up through the finality of the *Jones* opinion.  Thus, the policy reason behind the Voluntary-Involuntary rule is completely inapplicable and there is no reason that the court should not defer to Plaintiff's initial choice

---

[3] As a corollary, proof that the Plaintiff fraudulently joined the non-diverse defendant in the first place *will* allow for removal, notwithstanding the fact that that defendant remained in the case or was involuntarily dismissed or . *Cava v. NetVersant-National, Inc.*, 340 F.3d 824, 826 (9th Cir. 2003).  Defendant cannot meet the high burden to show fraudulent joinder, since Plaintiff's claims against the individual defendants were clearly proper before the *Jones* opinion.

[4] Section 12940, subd. (h) made it an unlawful practice for "any employer, labor organization, employment agency, *or person*" to retaliate, whereas in subd. (a), relating to liability for discrimination referred only to "an employer" and did not use the term "person."

{00019106}  8

PLAINTIFF'S MOTION FOR REMAND

of forum, which was proper when made.

Indeed, a strictly literal interpretation of the Voluntary-Involuntary rule – i.e., looking simply to who filed the paperwork dismissing the individual defendants – would fly in the face of both that rule and the policy reasons behind it. It would reward parties who engaged in delay and gamesmanship after the *Jones* opinion and would result in a tremendous waste of judicial resources.

The logical extension of Defendants' claim that these dismissals were "voluntary" is that Plaintiff should have ignored their repeated calls for voluntary dismissal and instead forced Defendant to file a Motion for Judgment on the Pleadings or a Summary Judgment Motion. Had Plaintiff done so, she *clearly* would have been entitled to the benefit of the Voluntary-Involuntary rule. This would have forced the parties to incur additional, unwarranted attorneys fees and costs, and wasted untold court resources. Indeed, finding that the Voluntary-Involuntary rule does not apply here will encourage such tactics not only for the thousands of California litigants affected by *Jones*. It will encourage future litigants to refuse legitimate demands for dismissal where a change in the law or facts have eliminated liability, and instead force the parties and the court to go through meaningless and expensive proceedings. This is not in keeping with the reason for the Voluntary-Involuntary rule. The case should thus be remanded to state court.

## I.   CONCLUSION

Plaintiff involuntarily dismissed the individual defendants after the California Supreme Court eliminated the legal basis for her claim against them, and under threat of court action and possibly sanctions. The Voluntary-Involuntary Rule thus applies. Accordingly, the Court should remand this matter back to the Santa Clara County Superior Court.

Dated: July 11, 2008                                    THE DAVIS LAW FIRM

                                                         By:      /s/
                                                              TIMOTHY C. DAVIS
                                                              JEANNE M. FAHEY
                                                              Attorneys for Plaintiff Bonnie Schmidt